UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>             Plaintiff,<br><br>     v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>             Defendant. | NO. 2:20-cv-02482-WBS-AC<br><br><br>ORDER CONSOLIDATING CASES |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>             Plaintiff,<br><br>     v.<br><br>KATHLEEN ALLISON in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity of Warden of California Department of | NO. 2:21-cv-00038-WBS-AC |

1

| | |
|---|---|
| 1 | Corrections and Rehabilitation Mule Creek State Prison; and |
| 2 | CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, |
| 3 | |
| 4 | Defendants. |

----oo0oo----

The court entered a pretrial scheduling order in Case No. 2:20-cv-02482 ("CSPA Action"), which was the first-filed case on April 2, 2021. (CSPA Action Docket No. 11.) After holding a scheduling conference in the Amador Action (2:21-cv-00038), on May 24, 2021, the court directed the parties in both Actions to submit a Joint Status Report regarding consolidation. The parties submitted their Joint Status Report on June 7, 2021, and the court held a further hearing on June 14, 2021. (CSPA Action Docket Nos. Nos. 15, 17; Amador Action Docket Nos. 17-18.)

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Once a court finds that the actions "involve a common question of law or fact," Rule 42(a) vests the court with broad discretion to determine whether to consolidate the cases. Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Cal., 877 F.2d 777, 777 (9th Cir. 1989); see also Modesto

Irrigation Dist. v. Gutierrez, Nos. 06-00453, 06-00308, 2007 WL 915228, at *4 (E.D. Cal. Mar. 26, 2007) (reiterating the two steps of a Rule 42(a) inquiry).  In exercising its discretion, the court must balance "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  Paxonet Commc'ns, Inc. v. Transwitch Corp., 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (citation omitted).

All parties agree that these actions clearly involve common questions of law and fact.  See Fed. R. Civ. P. 42(a).  Both CSPA and Amador County have the same claims that defendants violated the Clean Water Act by discharging pollutants into waters of the United States without a permit and in violation of their municipal separate storm sewer system general permit, and even the claims unique to the Amador Action will likely involve many of the same issues of fact and law as the claims common to the two Actions.

Defendants argue that the most efficient way to deal with the potential overlap between the Actions would be for the court to dismiss the CSPA Action or, in the alternative, to stay it in its entirety while the Amador Action proceeds.  (Amador Action Docket No. 7 at 7-8.)  Although defendants argue that the court has the power to dismiss or stay the CSPA action by virtue of its inherent power to control its own docket, defendants cite no authority for the proposition that the court's power to control its docket extends to dismissing a plaintiff's case in its entirety simply because it is factually and legally similar (or even identical) to other pending cases before the court.

Defendants also have not persuaded the court that it

would make any sense to stay the CSPA Action pending resolution of the Amador Action.  Counsel for defendants was unable to explain what effect a verdict in favor of the defendants in the Amador Action would have on the CSPA Action if the court were to stay the CSPA Action pending resolution of the Amador Action. Presumably, such a determination would have no res judicata or collateral effect on CSPA, and its action against defendants would have to be tried, resulting in multiple trials and the potential for inconsistent verdicts.  The court will therefore not dismiss or stay the CSPA Action in its entirety as suggested by defendants.

The court instead finds that the interest of judicial convenience favors consolidation of the actions for all purposes. Liability issues in the two actions are likely to be similar and, for two of the claims, identical.  Consolidation of discovery and motion practice will minimize duplication of effort on the part of the parties, their attorneys, witnesses, and the court. Consolidation of trial will also reduce the chances that the court awards inconsistent remedies, including injunctive relief. See Noel v. City of Oroville, No. 07-00728 WBS KJM, 2008 WL 449728, at *2 (E.D. Cal. Feb. 15, 2008); Burnett v. Rowzee, Nos. 07-641, 07-393, 07-591, 2007 WL 4191991, at *2 (C.D.Cal. Nov. 26, 2007) (considering the "potential burden on the parties[ ][and] witnesses" that consolidating cases will cause) (citation omitted).

Lastly, because ample time still remains to complete discovery and meet other deadlines in this matter, the court finds the applicable dates and deadlines contained in the

4

pretrial scheduling order entered in the CSPA Action (CSPA Action Docket No. 11) to be appropriate and that those dates and deadlines will apply to the consolidated action without any need for amendment.  See Noel, 2008 WL 449728, at *2.

        IT IS THEREFORE ORDERED that defendants' motion to consolidate civil case Nos. 2:20-cv-2482 and 2:21-cv-38 be, and the same hereby is, GRANTED;

        IT IS FURTHER ORDERED that (1) No. 2:20-cv-2482 is designated as the "master file"; (2) the Clerk of the court is directed to copy the complaint and answer in No. 2:21-cv-38 and to place said copies in the "master file"; (3) the Clerk of the court is directed to administratively close No. 2:21-cv-38; and (4) the parties are directed to file all future pleadings and motions only in No. 2:20-cv-2482;

        IT IS FURTHER ORDERED that the dates and deadlines contained in the CSPA Action's pretrial scheduling order (CSPA Action Docket No. 11) shall apply to the consolidated action going forward.

Dated:  June 15, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE