1  JENNIFER HARTMAN KING (SBN 211313)
   ALANNA LUNGREN (SBN 269668)
2  D. KEVIN SHIPP (SBN 245947)
   J. R. PARKER (SBN 320526)
3  ANDREYA WOO NAZAL (SBN 327651)
   HARTMAN KING PC
4  520 Capitol Mall, Suite 750
   Sacramento, CA  95814
5  Telephone:  (916) 379-7530
   Facsimile:  (916) 379-7535
6  JHartmanKing@HartmanKingLaw.com
   ALungren@HartmanKingLaw.com
7  KShipp@HartmanKingLaw.com
   JRParker@HartmanKingLaw.com          Exempt From Filing Fees Pursuant
8  AWooNazal@HartmanKingLaw.com         To Government Code Section 6103

9

10  Attorneys for Defendant KATHLEEN ALLISON, in her
    official capacity as Secretary of the California
11  Department of Corrections and Rehabilitation;
    PARTRICK COVELLO, in his official capacity of Warden of
12  California Department of Corrections and Rehabilitation Mule Creek
    State Prison; and CALIFORNIA
13  DEPARTMENT OF CORRECTIONS
    AND REHABILITATION

14

15               UNITED STATES DISTRICT COURT

16               EASTERN DISTRICT OF CALIFORNIA

17  | CALIFORNIA SPORTFISHING | Case No. 2:20-CV-02482-WBS-AC |
    | PROTECTION ALLIANCE, | [consolidated with 2:21-CV-00038-WBS-AC] |
18  | | |
    | Plaintiff, | |
19  | | **STIPULATION FOR INSPECTION OF** |
    | v. | **PROPERTY** |
20  | | |
    | KATHLEEN ALLISON, | |
21  | | |
    | Defendant. | |
22  | ————————————————— | |
    | | (Federal Water Pollution Control Act, 33 |
23  | COUNTY OF AMADOR, *a public agency of* | U.S.C. §§ 1251 to 1387) |
    | *the State of California*, | |
24  | | Final Pretrial Conf.: February 13, 2023 |
    | Plaintiff, | Trial Setting Conf.: April 18, 2023 |
25  | v. | |
    | | |
26  | KATHLEEN ALLISON, et al., | |
    | | |
27  | Defendants. | |

28

00050027.1

STIPULATION FOR INSPECTION OF PROPERTY

**Secretary Allison's Language**: **WHEREAS**, Plaintiff California Sportfishing Protection Alliance ("CSPA") and the County of Amador ("County") (collectively "Plaintiffs") have requested, pursuant to Federal Rules of Civil Procedure, Rule 34, two different types of inspections of Mule Creek State Prison located at 4001 CA-104, in Ione, California ("Property") – dry weather and wet weather;

**Plaintiffs' Language: WHEREAS**, Plaintiff California Sportfishing Protection Alliance ("CSPA") and the County of Amador ("County") (collectively "Plaintiffs") have requested, pursuant to Federal Rules of Civil Procedure, Rule 34, four inspections of Mule Creek State Prison located at 4001 CA-104, in Ione, California ("Property") – one dry weather inspection and three wet weather inspections;

**WHEREAS**, Defendant Kathleen Allison, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation ("Secretary Allison") wishes to resolve disputes regarding the requested inspections on behalf of herself and of the California Department of Corrections and Rehabilitation ("CDCR") and Warden Patrick Covello, in his official capacity ("Warden Covello");

**WHEREAS**, CSPA served a First Request for Inspection of Land and Property dated March 29, 2021 ("First Request for Inspection"), seeking entry to the Property on May 10, 2021, at 11:00 a.m. "to inspect, photograph, digitally scan, photocopy, test, record video, and/or sample," which CSPA refers to as a "dry weather inspection";

**WHEREAS**, on June 21, 2021, five days after these actions were consolidated, the County stated in an email to defense counsel that "[the County] joins CSPA's inspection request and would like to inspect your clients' property as requested by CSPA.";

**WHEREAS**, Secretary Allison provided responses and objections in Defendant's Response to Plaintiff's First Request for Inspection of Land and Property dated May 3, 2021, in which she informed CSPA that she was unable to permit an inspection of any portion of the Property on the requested date and time and notified CSPA of information that would be needed before the inspection could proceed;

**WHEREAS**, CSPA and the County served a document entitled "California Sportfishing

00050027.1                                         1

STIPULATION FOR INSPECTION OF PROPERTY

Protection Alliance and County of Amador's Joint Second Request for Inspection of Land and Property Pursuant to Federal Rule of Civil Procedure 34" dated September 27, 2021 ("Plaintiffs' Second Request for Inspection"), seeking what is referred to by CSPA as "wet weather inspections," which requested that unspecified "Defendants" permit entry into the Property "during three rain events starting October 29, 2021, through the close of discovery in this action, to inspect, photograph, test, record video, or sample";

**WHEREAS**, Secretary Allison, Warden Covello, and CDCR, each served objections to Plaintiffs' Request for Inspection on November 1, 2021;

**WHEREAS**, CSPA has no claims against CDCR or Warden Covello, and the County has filed a motion requesting to dismiss its claims against CDCR;

**WHEREAS**, Secretary Allison, CSPA, and the County (collectively "Parties") agree that for the purposes of this Stipulation, a "Significant Rain Event" means a rain event of sufficient size to cause, when the slide gates at the locations identified as MCSP5 and MCSP6 at the Property are open, stormwater to flow through those gates at the time of the inspection;

**WHEREAS**, after exchanging correspondence, the Parties participated in meet and confer calls on October 8, 2021, and November 18, 2021, to discuss issues raised related to the requested inspections;

**WHEREAS**, this Stipulation applies to any and all physical inspections of the Property related to the above-captioned actions, which are carried out by CSPA and/or the County under the requests for inspection described above;

**WHEREAS**, Plaintiffs have agreed to coordinate and not to duplicate their efforts in the actions;

**NOW THEREFORE** the Parties, by and through counsel, hereby agree as follows:

### I.    Geographic Areas of the Property Subject to Inspection

The representatives of Plaintiffs may only enter the geographic areas designated in Exhibit A.

00050027.1                                            2

STIPULATION FOR INSPECTION OF PROPERTY

**II.     Secretary Allison's Language: Application** / **Plaintiffs' Language: Application and Number of Inspections Permitted**

**Secretary Allison's Language:** The terms and conditions of this Stipulation shall apply to all inspections of the Property performed by the Plaintiffs in the above-entitled action.

**Plaintiffs' Language:** Plaintiffs may collectively carry out a total of up to four (4) inspections of the Property under this Stipulation: a "dry weather" and up to three "wet weather" inspections.  Plaintiffs do not waive their right to seek further inspections from Secretary Allison if necessary, and Secretary Allison does not waive her right to oppose such requests.

**III.     Dates, Start Time, and Time Limit for Inspections**

**Secretary Allison's Language:** A dry weather inspection will be carried out on a mutually agreeable date and time, and a wet weather inspection will be scheduled pursuant to the notice provisions of this Stipulation, as provided below. Plaintiffs previously informed Secretary Allison that they anticipated an inspection will take approximately five (5) hours. An inspection will be completed within one business day between the hours of 9:00 a.m. and 5:00 p.m.

To accommodate Plaintiffs' request for an inspection during a Significant Rain Event, Secretary Allison agrees that Plaintiffs may propose an inspection date by providing written notice to Secretary Allison at least ten (10) calendar days before the proposed inspection date. At least thirty-six (36) hours before Plaintiffs' proposed inspection date, the Parties will confer to determine whether the inspection will go forward. As part of that conference, the Parties will discuss whether a Significant Rain Event is likely to occur on the proposed date, any logistical issues, whether Warden Covello has a basis to deny access in whole or part, and any other necessary issues. The Parties will make their best efforts to complete the inspection on the earliest mutually agreeable date.

**Plaintiffs' Language: [By way of correction to the above, Plaintiffs have informed Secretary Allison that the inspections of 866-acre Property will take between five and eight hours, not just five hours.] [Secretary Allison's Response:** Secretary Allison believes, and informed Plaintiffs, that the appropriate time and place for Plaintiffs' argument set out in brackets is the hearing set by the Court. Plaintiffs' constantly shifting positions on their requested

inspections, including a very significant last minute change to the estimated time for completing the inspection, has made it impossible for the parties to reach an agreement.]

The parties have agreed to carry out the dry inspection on a mutually agreeable date and time, and to carry out the wet inspections subject to the notice provisions of this stipulation, as provided below. Each inspection will be completed within one business day between the hours of 9:00 a.m. and 5:00 p.m.

*Dry Inspection.*  The dry inspection will be carried out on February __, 2022. [Plaintiffs requested this date at the January 18th meet and confer and have not received any response as of this filing] [**Secretary Allison's Response**: Plaintiffs' statement is false and misleading. Counsel for Secretary Allison stated we would speak to Secretary Allison about possible dates and asked that Plaintiffs' counsel do the same with their clients.]

Plaintiffs have elected to start that inspection at 9:00 a.m.

*Wet Inspections.*  To accommodate Plaintiffs' request for an inspection during a Significant Rain Event, Secretary Allison agrees that Plaintiffs may inspect the Property by providing preliminary written notice to Secretary Allison at least seven (7) calendar days before the noticed inspection date, and a confirming notice at least thirty-six (36) hours before the noticed inspection's start time, clarifying whether Plaintiffs wish to proceed with the inspection.

Warden Covello, in the Warden's sole discretion, will have the right to deny access if circumstances would make an inspection unduly burdensome and pose significant interference with operations at Mule Creek State Prison, if the inspection would create a safety, security, or privacy risk, or if the Warden is unable to clear for entry any representative of Plaintiffs who requested access.

**IV.    Route for Inspection**

**Secretary Allison's Language:** Given the large area subject to the inspections, and the related staffing, security, safety, inmate location, and privacy issues, Plaintiffs will advise Secretary Allison at least ten (10) business days before the inspection of their proposed route for the inspection.

**Plaintiffs' Language:** Given the large area subject to the inspections, and the related

STIPULATION FOR INSPECTION OF PROPERTY

staffing, security, safety, inmate location, and privacy issues, Plaintiffs will advise Secretary Allison at least seven (7) days before the inspection of their route for the inspection.  For the Dry Inspection, Plaintiffs have agreed to advise Secretary Allison of their route for the inspection by January 21, 2022.

The proposed route will be subject to the approval of the Warden at least three (3) business days before Plaintiffs' inspection, and this approval will not be unreasonably withheld. The route may be altered during the inspection if approved by designated representatives of the Warden[Plaintiffs' Language:], who shall be present for the inspections.  The route will be within the area designated in Exhibit A.  All Parties understand that the proposed route is provided to expedite, and so that the Parties can be prepared for, the inspection, not to limit the areas Plaintiffs may inspect, so long as it is within the area designated on Exhibit A.

### V.   Number of Persons Allowed

**Secretary Allison's Language:** The inspections will be performed by no more than a total of four (4) individuals representing both Plaintiffs (one attorney and one consultant representing each Plaintiff).

**Plaintiffs' Language:** The inspections will be performed by no more than a total of four (4) individuals representing both Plaintiffs (one attorney and one consultant representing each Plaintiff).  Secretary Allison shall be represented by no more than a total of eight (8) individuals at each inspection.

### VI.   Equipment and Materials Allowed

**Secretary Allison's Language:** Plaintiffs will only be permitted to bring the following equipment onto the Property: 1) up to three (3) cameras capable of taking pictures and recording video; 2) up to two ice chests containing only ice (and other equipment listed herein); 3) latex gloves; 4) plastic bags; 5) one notebook and two pens per person; 6) one plastic trowel; 7) a thermometer; 8) and a supply of sampling containers and labels.

All equipment and materials will be subject to inspection by CDCR staff prior to, during, and after completion of the inspection. This inspection will not limit the five (5) hours Plaintiffs previously stated they anticipate they need to complete an inspection. Plaintiffs will ensure that all

STIPULATION FOR INSPECTION OF PROPERTY

1    materials and equipment are kept secure and in their possession at all times. All equipment and

2    materials must be taken from the Property by Plaintiffs when the inspection ends.

3         **Plaintiffs' Language: [By way of correction to the above, Plaintiffs have informed**

4    **Secretary Allison that the inspections of 866-acre Property will take between five and eight**

5    **hours, not just five hours.]** **[Secretary Allison's Response:** Secretary Allison believes, and

6    informed Plaintiffs, that the appropriate time and place for Plaintiffs' argument set out in brackets

7    is the hearing set by the Court. Plaintiffs' constantly shifting positions on their requested

8    inspections, including a very significant last minute change to the estimated time for completing

9    the inspection, has made it impossible for the parties to reach an agreement.]

10        Plaintiffs will only be permitted to bring the equipment necessary for the inspection onto

11   the Property, including but not limited to: 1) up to three (3) cameras capable of taking pictures and

12   recording video; 2) up to two ice chests containing only ice (and other equipment listed herein);

13   3) latex gloves; 4) plastic bags; 5) one notebook and two pens per person; 6) one plastic trowel; 7)

14   a thermometer; 8) a supply of sampling containers and labels; 9) up to three (3) flashlights; and

15   10) any other supplies or equipment necessary to conduct sampling, or photographic

16   documentation at the Property.

17        All equipment and materials (with the exception of privileged information) will be subject

18   to inspection by CDCR staff prior to, during, and after completion of the inspection. Any such

19   inspections shall not "count against" Plaintiffs' allotted eight hours for completing each of the

20   inspections.  Plaintiffs will ensure that all materials and equipment are kept secure and in their

21   possession at all times. All equipment and materials must be taken from the Property by Plaintiffs

22   when the inspection ends.

23        If Plaintiffs determine that any additional equipment is necessary for an inspection of the

24   Property, Plaintiffs shall identify that equipment in a written notice provided to Secretary Allison

25   at least 10 calendar days before the inspection, and Secretary Allison shall approve or deny

26   Plaintiffs' ability to bring any such equipment to the inspection at least 36 hours before the

27   inspection.

28        Plaintiffs will not be allowed to bring any type of telephone or other contraband onto the

00050027.1                                      6

STIPULATION FOR INSPECTION OF PROPERTY

1    Property. Plaintiffs may leave their phones in their locked vehicles during the inspections.

2    **VII.    Actions Permitted by Plaintiffs**

3    Except as otherwise provided herein, Plaintiffs are only permitted to inspect outdoor areas.

4    Plaintiffs may only enter a building if directed by CDCR staff, as needed to comply with safety

5    and security requirements. Plaintiffs must be escorted by CDCR staff and representatives at all

6    times. Plaintiffs may not interact with inmates or any other staff in any way unless authorized by

7    designated CDCR staff.

8    Except as otherwise provided below, Plaintiffs may only perform the following actions in

9    the outdoor areas designated in Exhibit A:

10    **a.    Visual Inspections**

11    **Secretary Allison's Language:** Plaintiffs' representatives may visually inspect above

12    grounds areas, below ground areas from above ground, and accessible equipment. They may not

13    physically manipulate any item they encounter, including, but not limited to, equipment, supplies,

14    infrastructure, covers, and landscaping.

15    **Plaintiffs' Language:** Plaintiffs' representatives may visually inspect above ground areas,

16    below ground areas from above ground, and accessible equipment, in any areas designated in

17    **Exhibit A**.

18    **b.    Sampling of Water**

19    Plaintiffs may perform non-destructive sampling of water (the act of removing water for

20    sampling shall not, in itself, be deemed destructive) in any areas to which they are allowed access

21    (areas designated in Exhibit A).  Plaintiffs may request that any manholes or other subsurface

22    areas, such as electrical vaults and slide gates, they identify within the area designated in Exhibit

23    A be unlocked and removed by CDCR staff to allow for the collection of water samples and photo

24    documentation. The request will be allowed so long as it does not create a security or safety risk.

25    Secretary Allison's representatives will be provided with split samples by Plaintiffs'

26    representatives.  So that Secretary Allison's representatives can be sufficiently prepared to receive,

27    handle, and process the split samples, at least ten (10) calendar days before each inspection,

28    Plaintiffs will provide Secretary Allison with

00050027.1                                                    7

**Secretary Allison's Language:** the following information: the estimated number of samples they will collect; a description of the containers Secretary Allison's representatives will need for the split samples; their sampling procedures; and the analytes they will test the samples for.

**Plaintiffs' Language:** the estimated number of samples they anticipate collecting and the analytes they anticipate testing the samples for.

Secretary Allison agrees to test all split samples for the anticipated analytes provided by Plaintiffs.  Any time required by the Secretary to receive, handle, or process the split samples (beyond the time required for Plaintiffs' representatives to do the same) shall not "count against" Plaintiffs' allotted eight (8) hours to conduct each inspection.

### c.   Sampling of Soil or Sediment

Plaintiffs may collect samples of soil, debris or sediment with a plastic trowel in any areas to which they are allowed access (areas designated in Exhibit A).  In collecting the sample(s), Plaintiffs must immediately repair any damage to the satisfaction of the Warden.

So that Secretary Allison's representatives can be sufficiently prepared to receive, handle, and process the split samples, at least ten (10) calendar days before each inspection, Plaintiffs will provide Secretary Allison with

**Secretary Allison's Language:** the following information: the estimated number of samples they will collect; a description of the containers that Secretary Allison's representatives will need for the split samples, their sampling procedures, and the analytes they will test the samples for.

**Plaintiffs' Language:** the estimated number of samples they anticipate collecting and the analytes they anticipate testing the samples for.

Secretary Allison agrees to test all split samples for the anticipated analytes provided by Plaintiffs.  Any time required by the Secretary to receive, handle, or process the split samples (beyond the time required for Plaintiffs' representatives to do the same) shall not "count against" Plaintiffs' allotted eight (8) hours to conduct each inspection.

### d.  Photographs and Video

00050027.1                                              8

STIPULATION FOR INSPECTION OF PROPERTY

1    Plaintiffs may take photographs and video recording to the extent the Warden or the

2    Warden's representative pre-determines that safety, security, and privacy will not be

3    compromised. *See e.g.,* 15 CCR § 3261.7(g).

4    **Plaintiffs' Language:** The Warden shall be responsible for making such determinations

5    within five (5) days of receiving Plaintiffs' proposed inspection route under Section IV herein.

6    Plaintiffs may alternatively request that the Warden cause CDCR staff to take photographs

7    and/or record video for them.

8    Plaintiffs are prohibited from taking any photographs or video that include any CDCR staff,

9    representatives, or agents. They are further prohibited from taking any photographs or video of

10    any inmates or security devices.  CDCR staff will assist Plaintiffs' representatives with identifying

11    inmates and security devices.

12    **VIII.    Inspection of Industrial Areas**

13    Any inspection of areas subject to the State Water Board's Order 2014-0051-DWQ,

14    General Permit for Storm Water Discharges Associated with Industrial Activities ("Industrial

15    General Permit") and No Exposure Certification, and not otherwise relevant to CSPA's claims,

16    may only be carried out by the County.

17    **Secretary Allison's Language:** This inspection must be conducted on the same date as

18    the inspection of other areas of the Property. This part of the inspection will be carried out during

19    the inspection of other areas of the Property and will be limited to one attorney and one consultant

20    for the County (the County may elect to utilize CSPA's consultant in lieu of the County's

21    consultant for this part of the inspection).

22    **Plaintiffs' Language:** This inspection must be conducted on the same date as the

23    inspection of other areas of the Property, but will not "count against" CSPA's time allowed for the

24    inspection.  This part of the inspection will be carried out during the inspection of other areas of

25    the Property, and will be limited to a one attorney and one consultant for the County, except to the

26    extent that the County wishes to take samples, in which case CSPA's consultant shall accompany

27    them for purposes of taking any samples.

28    The representatives of the County may enter indoor areas of the Property covered by the

00050027.1                                      9

1 Industrial General Permit and No Exposure Certification. No photographs or samples may be taken

2 by the County's representatives indoors. *See e.g.,* 15 CCR § 3261.7(g).

3     The inspection of the areas subject to the Industrial General Permit and No Exposure

4 Certification will otherwise be carried out in the same way as the other portions of the Property.

5 **IX.    Privileged and Confidential Information**

6     Plaintiffs agree they are not seeking, and will not collect, any privileged or confidential

7 information. This includes information protected from discovery by the attorney-client privilege,

8 deliberative process privilege, legislative privilege, state secrets privilege, government and law

9 enforcement privilege, work product doctrine, right to privacy, and processes not generally

10 available to the public. If Plaintiffs become aware they have collected any privileged or

11 confidential information, they will immediately delete and/or destroy all copies of that information

12 and will immediately notify Secretary Allison of the issue (unless she notified Plaintiffs of the

13 issue).

14 **X.    Use of Information Collected**

15     Plaintiffs agree that all information (including, but not limited to data, photographs, and

16 video) obtained during any inspection of the Property will be used solely in connection with the

17 pending actions and will not be disclosed or distributed to any person other than Plaintiffs'

18 management, their counsel, and their consultants (who are not authorized to further disclose or

19 distribute the information and will be instructed accordingly), and if necessary, the Court.

20 **Secretary Allison's Language:** Before any such information is provided to the Court, it

21 will be submitted to the Warden who, in the Warden's sole discretion, will determine within fifteen

22 (15) business days if it constitutes a safety, security, or privacy risk. If the Warden timely

23 determines and notifies Plaintiffs that any such information does constitute a safety, security, or

24 privacy risk, then Plaintiffs will only submit such information to the Court if it is under seal. If one

25 or both Plaintiffs wish to object to the Warden's determination, they must, with fifteen (15)

26 business days of the Warden's determination, notify Secretary Allison and provide all authority

27 and arguments supporting their objection. The Parties will then meet and confer in good faith

28 within fifteen (15) business days of such notification in an effort to resolve the issue.

**Plaintiffs' Language:** Before any such information is provided to the Court, it will be submitted to the Warden who, in the Warden's sole discretion, will determine within five (5) business days if it constitutes a safety, security, or privacy risk. If the Warden timely determines and notifies Plaintiffs that any such information does constitute a safety, security, or privacy risk, then Plaintiffs will only submit such information to the Court if it is under seal until the Parties have promptly met and conferred to resolve the issue. If one or both Plaintiffs wish to object to the Warden's determination, they must, with fifteen (15) business days of the Warden's determination, notify Secretary Allison and provide all authority and arguments supporting their objection. The Parties agree to meet and confer in good faith within three (3) business days of such notification in an effort to resolve the issue.

### XI.  Damage Caused by Plaintiffs

Unless otherwise stated herein, Plaintiffs will repair at their sole expense all damage they cause to the satisfaction of the Warden within five (5) calendar days or the earliest feasible time.

### XII.  Indemnification and Hold Harmless

Plaintiffs and Plaintiffs' representatives, attorneys, agents, and consultants who participate in the inspection ("Indemnifying Parties") will defend, indemnify and hold harmless CDCR, Secretary Allison, the Warden, their employees, agents, and representatives ("Indemnified Parties") from and against any and all claims, causes of action, suits, demands, losses, judgments, damages, fines, penalties, liabilities, costs and expenses, including attorneys' and consultants' fees and costs ("Claims") incurred by the Indemnified Parties ("Plaintiffs' Indemnity") regarding the Indemnifying Parties' negligence or willful misconduct.

**Secretary Allison's Language:** The Plaintiffs' Indemnity shall survive the termination of this Stipulation and the resolution of the above-captioned actions.

**Plaintiffs' Language:** The Plaintiffs' Indemnity shall survive the termination of this Stipulation and terminate upon the resolution of the above-captioned actions.

### XIII.  Compliance with all Safety, Security, and Privacy Requirements

Plaintiffs will comply at all times with all applicable safety, security, and privacy requirements. This includes the timely completion of CDCR Form 181, attached hereto as Exhibit

00050027.1

11

STIPULATION FOR INSPECTION OF PROPERTY

1   B, and passing a security screening carried out by CDCR staff. Plaintiffs will be solely responsible

2   for ensuring they are fully aware and fully comply with all requirements.

3   **XIV.     Compliance with COVID-19 Specific Protocols**

4          Plaintiffs' and Defendants' representatives will comply with all COVID-19 related

5   advisories and requirements at all times. This includes federal, state, and local advisories and

6   requirements, and advisories and requirements of CDCR and Mule Creek State Prison specific to

7   the Property. The Parties understand that these advisories and requirements are subject to change,

8   and they should confirm the operable advisories and requirements before attempting to schedule

9   and carry out an inspection.

10          **Plaintiffs' Language:** All applicable federal, state, and local advisories and requirements,

11   and advisories and requirements of CDCR and Mule Creek State Prison specific to the Property,

12   shall be shared with Plaintiffs' counsel seven (7) days ahead of any inspection. All individuals

13   taking part in the inspections (including Defendants' representatives) shall be required to, among

14   other things, wear a KN95 or K95 face mask while on the Property, practice social distancing; and

15   will be required to provide CDCR staff and the representatives of the opposing party or parties

16   with proof of full COVID vaccination within the last year or provide a negative COVID test taken

17   within the preceding 24 hours. No negative test will be required where proof of full COVID

18   vaccination within the last year is provided.

19   **XV.     Failure to Comply with this Stipulation**

20          If any representative of any Party violates the terms of this Stipulation during an inspection

21   in a way that creates a safety, security, or privacy concern, the inspection may be terminated by

22   the Warden or his representatives, or Plaintiffs' representatives. If the inspection is terminated,

23   Plaintiffs' representatives will be required to immediately leave the Property.

24          **Plaintiffs' Language:** Any Party refusing to proceed with an inspection or terminating an

25   inspection without good cause shall be subject to sanctions as determined by the Court in later

26   proceedings.

27   **XVI.     Plaintiffs' Fees and Costs**

28          By entering into this Stipulation, Secretary Allison does not agree or acknowledge that any

00050027.1                                    12

1  attorneys' fees or costs incurred by Plaintiffs related to the actions they filed are reasonable,
2  necessary, or appropriate.

3  **XVII.    Severability**

4  If any term, provision, or condition contained in this Stipulation (or the application of such
5  term, provision, or condition) shall, to any extent, be invalid or unenforceable, the remainder of
6  this Stipulation shall be valid and enforceable to the fullest extent permitted by law.

7  **XVIII.    Entire Agreement**.

8  This Stipulation constitutes the entire agreement between the Parties with respect to its
9  subject matter and supersedes all prior agreements and understandings.

10  **XIX.    Effective Date.**

11  This Stipulation shall be effective as of the date when all Parties have executed this
12  Stipulation as evidenced by the signatures of the Parties or their representatives.

13  **XX.    Authority/Execution/Copies**:

14  Each of the Parties hereto represent that they are the proper party to this Stipulation and
15  have the authority to execute this Stipulation. This Stipulation may be executed in one or more
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

00050027.1                                    13

STIPULATION FOR INSPECTION OF PROPERTY

counterparts and by electronic means with the same effect as if the Parties had all signed the same

document. An original or electronic signature transmitted by email shall be deemed to be original

for purposes of this Stipulation.


Dated: January 19, 2022                    Respectfully submitted,

                                           HARTMAN KING PC


                                           By: _____
                                               JENNIFER HARTMAN KING
                                               ALANNA LUNGREN
                                               D. KEVIN SHIPP
                                               J. R. PARKER
                                               ANDREYA WOO NAZAL
                                           Attorneys for Defendant
                                           KATHLEEN ALLISON in her capacity as
                                           Secretary of THE CALIFORNIA DEPARTMENT
                                           OF CORRECTIONS AND REHABILITATION;
                                           PARTRICK COVELLO in his official capacity of
                                           Warden of California Department of Corrections;
                                           and CALIFORNIA DEPARTMENT OF
                                           CORRECTIONS
                                           AND REHABILITATION


Dated:  January 19, 2022                   LAW OFFICES OF ANDREW L. PACKARD


                                           By: _____
                                               ANDREW L. PACKARD
                                               WILLIAM N. CARLON
                                           Attorneys for Plaintiff CALIFORNIA
                                           SPORTFISHING PROTECTION ALLIANCE


Dated: January 19, 2022                    BEST BEST & KRIEGER LLP


                                           By: _____
                                               GENE TANAKA
                                               SHAWN D. HAGERTY
                                               REBECCA ANDREWS
                                           Attorneys for Plaintiff
                                           COUNTY OF AMADOR, a public agency of the
                                           State of California

# Exhibit A

