UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-02482 WBS AC<br><br><br>ORDER RE: MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | |

----oo0oo----

This matter is before the court on the motion of plaintiff County of Amador ("Amador") for leave to file a First Amended Complaint. (See Mot. (Docket No. 24).) Because the

1

1    amendment would have the effect of dismissing all claims against
2    the California Department of Corrections and Rehabilitation
3    ("CDCR") as well as Amador's breach of contract claim in its
4    entirety, the parties argue whether the dismissal should be
5    pursuant to Federal Rule of Civil Procedure 15(a) or Federal Rule
6    of Civil Procedure 41(a).  The court finds good cause to grant
7    the motion under either standard.

8         Amador has requested that dismissal be without
9    prejudice to reasserting its breach of contract claim against
10   CDCR in state court.  (See Mot. at 7, 9-10; Reply at 8 (Docket
11   No. 31).)  As defendants have identified no legal prejudice they
12   would suffer if CDCR is dismissed -- agreeing that dismissal is
13   proper -- the court will grant Amador's motion to dismiss CDCR as
14   a defendant.  The court also finds good cause allow Amador to
15   amend its complaint so as to dismiss its breach of contract
16   claim.  Defendants argue that Amador has unduly delayed the
17   requested dismissal by continuing to propound discovery on CDCR
18   after defendants asserted Eleventh Amendment immunity on CDCR's
19   behalf, such that good cause is lacking.  (See Opp. at 2-6
20   (Docket No. 30).)  However, with the information before it, the
21   court cannot conclude that Amador's conduct evinces undue delay
22   or bad faith.

23        Defendants ask that the court give defendants Allison
24   and Covello 30 days to respond to Amador's amended complaint.  As
25   Amador has not objected to this request, and because the
26   additional time would not appear to prejudice Amador, the court
27   will grant this request. Defendants' request that the court
28   exercise its inherent power to impose monetary sanctions on

1  Amador for its alleged bad faith conduct in this litigation will
2  be denied, however.  To the extent defendants seek sanctions
3  related to representations Amador has made to the court during
4  the course of this litigation, they must do so via separate
5  motion.  See Fed. R. Civ. P. 11(c)(2).  And to the extent that
6  defendants seek sanctions related to Amador's conduct during the
7  course of discovery, such a request would be properly before the
8  magistrate judge assigned to this case, rather than the
9  undersigned.
10         Finally, defendants' request that the court
11 preemptively strike portions of the prayer for relief from
12 Amador's yet-unfiled amended complaint is premature.  Such
13 requests are properly made, if at all, via motion under Federal
14 Rule of Civil Procedure 12 once Amador's First Amended Complaint
15 has been filed.  See, e.g., Whittlestone, Inc. v. Handi-Craft
16 Co., 618 F.3d 970, 974 (9th Cir. 2010).
17         IT IS THEREFORE ORDERED that Amador's motion to amend
18 the complaint to dismiss CDCR as a defendant in this case and
19 dismiss its breach of contract claim be, and the same hereby is,
20 GRANTED.[1]
21         IT IS FURTHER ORDERED that defendants' requests for
22 monetary sanctions and to strike portions of the amended
23 complaint's prayer for relief be, and the same hereby are,
24 DENIED.
25         Defendants shall have 30 days from the date they are

---

[1] The court's grant of leave to amend to dismiss CDCR and the breach of contract claim are without prejudice to Amador filing its breach of contract claim against CDCR in state court.

served with Amador's amended complaint to respond thereto.

        IT IS SO ORDERED.

Dated: January 25, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4