1  GENE TANAKA, Bar No. 101423
   gene.tanaka@bbklaw.com
2  SHAWN D. HAGERTY, Bar No. 182435
   shawn.hagerty@bbklaw.com
3  REBECCA ANDREWS, Bar No. 272967
   rebecca.andrews@bbklaw.com
4  BEST BEST & KRIEGER LLP
   2001 N. Main Street, Suite 390
5  Walnut Creek, CA  94596
   Tel: (925) 977-3300
6
   Attorneys for Plaintiff
7  COUNTY OF AMADOR
   [Additional Counsel on p. 2]
8
                  UNITED STATES DISTRICT COURT
9
                 EASTERN DISTRICT OF CALIFORNIA
10
              ROBERT T. MATSUI FEDERAL COURTHOUSE
11

12  CALIFORNIA SPORTFISHING           Case No. 2:20-cv-02482-WBS-AC
    PROTECTION ALLIANCE,
13                                     PLAINTIFFS COUNTY OF AMADOR'S
              Plaintiff,               AND CALIFORNIA SPORTFISHING
14                                     PROTECTION ALLIANCE'S
         v.                            SEPARATE STATEMENT OF
15                                     UNDISPUTED FACTS IN SUPPORT
    KATHLEEN ALLISON, in her           OF PLAINTIFFS' MOTION FOR
16  official capacity as Secretary    SUMMARY ADJUDICATION
    of the California Department of
17  Corrections and Rehabilitation,

18            Defendants.
    ─────────────────────────────      No. 2:21-cv-0038-WBS-AC
19  COUNTY OF AMADOR, a public
    agency of the State of            Date: Aug. 22, 2022
20  California,                       Time: 1:30 p.m.
                                      Court: 5
21            Plaintiff,

22       v.                           Action Filed: Jan. 7, 2021
                                      Trial Date: April 18, 2023
23  KATHLEEN ALLISON in her
    official capacity as Secretary    [Filed with:
24  of the California Department of   1. Not. & P.& A;
    Corrections and Rehabilitation;  2. Decls. of Ashby, Opalenik,
25  PATRICK COVELLO in his official      Andrews, Carlon, Emerick,
    capacity of Warden of              Taylor, Evatt, and
26  California Department of            McHenry;
    Corrections and Rehabilitation   4. Appendix of Exs.;
27  Mule Creek State Prison,          5. [Proposed] Order]

28            Defendants.

BEST BEST & KRIEGER LLP

ANDREW L. PACKARD (Bar No. 168690)
andrew@packardlawoffices.com
WILLIAM N. CARLON (Bar No. 305739)
wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060

JASON FLANDERS (Bar No. 238007)
jrf@atalawgroup.com
ERICA MAHARG (Bar No. 279396)
eam@atalafwgroup.com
AQUA TERRA AERIS LAW GROUP
490 43rd Street, Suite 108
Oakland, CA 94609
Tel. (916) 202-3018

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION
ALLIANCE

BEST BEST & KRIEGER LLP

83653.00001\40131485.1

2:20-CV-02482-WBS-AC
Pls.' SUF ISO MSA

− 2 −

SEPARATE STATEMENT OF UNDISPUTED FACTS

    Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260(a), Plaintiffs County of Amador ("Amador") and California Sportfishing Protection Alliance ("CSPA") submit their Statement of Undisputed Facts in support of their Motion for Summary Adjudication, together with references to supporting material facts and cites to supporting evidence.

ISSUE NO. 1: Amador has standing.

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.   Amador hired an engineering firm to investigate contamination from Mule Creek State Prison ("MCSP"). Declaration of Michelle Opalenik, filed concurrently ("Opalenik Decl."), ¶ 3; Carlton Engineering Inc. report, dated Dec. 6, 2006, ex. 1. | |
| 2.   Amador established the Amador Safe Drinking Water Program to connect drinking water wells within 1 mile of | |

BEST BEST & KRIEGER LLP

BEST BEST & KRIEGER LLP

| | |
|---|---|
| MCSP that have nitrate levels in excess of the maximum contaminant level to the community water system. Opalenik Decl., ¶ 4; Amador Board of Supervisors' Reso. No. 07-163, adopted Aug. 7, 2007, ex. 2. | |
| 3.   Amador provided a grant of an amount not to exceed $18,830 to a property owner to fund construction of a connection to the community water system under the Program. Opalenik Decl., ¶ 5; Construction Contract, dated Sept. 6, 2007, ex. 3. | |
| 4.   Amador continues to devote staff time to monitor releases from MCSP. Opalenik Decl., ¶ 6; memorandum for Community Development Director to Board of Supervisors, dated Jan 21, 2020, ex. 4. | |

5.    Defendants failed to describe additional BMPs that it would implement to prevent or reduce any pollutants, and failed to submit an implementation schedule for those BMPs as required by the Small M4 Permit. Declaration of Karen Ashby, filed concurrently ("Ashby Decl."), ¶ 6.M; Central Valley Regional Water Quality Control Board ("Regional Board") comment letter, dated Feb. 11, 2022, ex. 17.

ISSUE NO. 2: CSPA has standing.

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 6.    CSPA's members use and enjoy the waters downstream from Mule Creek State Prison for recreational, aesthetic, and commercial purposes. Declaration of Richard | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| McHenry, filed concurrently ("McHenry Decl."), ¶¶ 13-14; Declaration of Edmund Taylor, filed concurrently ("Taylor Decl."), ¶¶ 2-10; Declaration of Katherine Evatt, filed concurrently ("Evatt Decl."), ¶¶ 4-15. | |
| 7.   CSPA's members are concerned about the harmful effect of Defendants' polluted discharges on the waters downstream of Mule Creek State Prison. McHenry Decl., ¶¶ 16-17; Taylor Decl., ¶¶ 12-19; Evatt Decl., ¶¶ 16-19. | |
| 8.   CSPA's members' use and enjoyment of the waters downstream of Mule Creek State Prison has been lessened by Defendants' polluted discharges. McHenry Decl., ¶ 15-16; Taylor Decl., ¶¶ 12-19; Evatt Decl., ¶¶ 16-19. | |
| 9.   CSPA's mission is directly related to protecting the quality of California's | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| waters. McHenry Decl., ¶¶ 5-12. | |
| 10.  Defendants failed to describe additional BMPs that it would implement to prevent or reduce any pollutants and failed to submit an implementation schedule for those BMPs as required by the Small M4 Permit. Ashby Decl., ¶ 6.M; Central Valley Regional Water Quality Control Board ("Regional Board") comment letter, dated Feb. 11, 2022, ex. 17. | |

ISSUE NO. 3: Mule Creek is a Water of the United States.

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 11.  Mule Creek is a tributary with a significant nexus to the Mokelumne River, a traditionally navigable water. Declaration of Rebecca Andrews, filed concurrently ("Andrews Decl."), ¶ 5; Draft | |

| | |
|---|---|
| Environmental Impact Report for the Mule Creek Infill Complex expansion project, dated June 2013 ("MCIC DEIR"), v. 3, ex. 19, p. 811. | |
| 12.  State Board and Regional Board consider Mule Creek a water of the United States. Ashby Decl., ¶¶ 6.C, 6.J; Regional Board 13383 Order, dated Dec. 16, 2020, find. 2, ex. 7, p. 81; State Board Small MS4 Permit, adopted Feb. 5, 2013, find. 14, ex. 13, p. 336. | |
| 13.  Defendants have acknowledged that Mule Creek is a water of the United States because of its riparian habitat and seasonal flows. Andrews Decl., ¶¶ 5, 6; MCIC DEIR v. 3, ex. 19, p. 811; 401 Certification cover letter, dated June 10, 2019, ex. 20, p. 814. | |

BEST BEST & KRIEGER LLP

14.   The beneficial uses of Mule Creek are described in the Basin Plan to include, among other things, municipal and domestic supply, agricultural supply, recreation, and wildlife habitat. Ashby Decl., ¶ 6.E; Regional Board Water Quality Control Plan for the Sacramento River Basin and the San Joaquin River Basin, rev'd May 2018 ("Basin Plan") tbl. 2-1, ln. 59, ex. 9, p. 137.

ISSUE NO. 4: Defendants violated the Small MS Permit Discharge Provision B.1.

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 15.   Provision B.1 of the Small MS4 Permit provides, "Discharges of waste from the MS4 that are prohibited by Statewide Water Quality Control Plans or applicable Regional Water Quality Control | |

| | |
|---|---|
| Plans (Basin Plans) are prohibited." Ashby Decl., ¶ 6.J; Small MS4 Permit, ex. 13, p. 346. | |
| 16. Defendants have past violations of the Small MS4 Permit's *E. coli* discharge prohibition on forty-one days. Ashby Decl., ¶¶ 10, 11, tbls. 2, 3. | |
| 17. Defendants have ongoing violations of the Small MS4 Permit's *E. coli* discharge prohibition on nine days. Ashby Decl., ¶ 17, tbl. 8. | |
| 18. Defendants have past violations the Small MS4 Permit's metal discharge prohibition on twenty-five days. Ashby Decl., ¶ 14, tbl. 5. | |
| 19. Defendants have ongoing violations of the Small MS4 Permit's metal discharge prohibition on seventy-seven days. Ashby Decl., ¶ 20, tbl. | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| 10. | |
| 20.  *E. coli* and metals discharged from the Facility are waste. Ashby Decl., ¶¶ 6.J, 6.A, 6.N, 24.B, 24.D; Small MS4 Permit attach. I, ex. 13, p. 614; Stormwater Report, ex. 5, p. 64; Declaration of Robert Emerick, filed concurrently ("Emerick Decl."), ¶¶ 18-20; Plaintiffs' Lab Samples, ex.18. | |

ISSUE NO. 5: Defendants violated the Small MS Permit Discharge Provision B.2.

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 21.  Provision B.2 of the Small MS4 Permit provides, "Discharges of storm water from the MS4 to waters of the U.S. in a manner causing or threatening to cause a condition of pollution or nuisance as defined in Water Code § 13050 are prohibited." | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| Ashby Decl., ¶ 6; Small MS4 Permit, ex. 13, p. 346. | |
| 22.   Defendants have past violations of the Small MS4 Permit's *E. coli* discharge prohibition on 49 days. Ashby Decl., ¶ 10, tbl. 2. | |
| 23.   Defendants have ongoing violations of the Small MS4 Permit's *E. coli* discharge prohibition on nine days. Ashby Decl., ¶ 17, tbl. 8. | |
| 24.   Defendants have past violations of the Small MS4 Permit's metal discharge prohibition on twenty-five days. Ashby Decl., ¶ 14, tbl. 5. | |
| 25.   Defendants have ongoing violations of the Small MS4 Permit's metal discharge prohibition on seventy-seven days. Ashby Decl., ¶ 20, tbl. 10. | |
| 26.   *E. coli* and metals discharged from the Facility are waste. Ashby Decl., ¶¶ | |

83653.00001\40131485.1

2:20-CV-02482-WBS-AC
Pls.' SUF ISO MSA

BEST BEST & KRIEGER LLP

6.J, 6.A, 6.N, 24.B, 24.D;
Small MS4 Permit attach. I,
ex. 13, p. 614; Stormwater
Report, ex. 5, p. 64; Emerick
Decl., ¶¶ 18-20; Plaintiffs'
Lab Samples, ex.18.

ISSUE NO. 6: Defendants violated the Small MS Permit Discharge
Provision B.3.

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 27.  Discharge Prohibition B.3 requires that "[d]ischarges through the MS4 of material other than storm water shall be effectively prohibited, except as allowed under this Provision or as otherwise authorized by a separate NPDES permit." Ashby Decl., ¶ 6.J; Small MS4 Permit, ex. 13, p. 346. | |
| 28.  There are hundreds of defects in both the MS4 and the sanitary sewer that allow | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| for indirect connections between the two systems. Declaration of William Carlon, filed concurrently ("Carlon Decl."), ¶¶ 3-4; Regional Board Review of Revised Storm Water System Investigation Findings Report, Dec. 7, 2020, ex. 21, pp. 870, 872-74, 884-88; EPA Inspection Report, Jan. 28, 2021, ex. 22, p. 901. | |
| 29.  Both the Regional Board and EPA have determined that wastewater is entering the MS4 as a result of the defects in the MS4 and sanitary sewer systems. Carlon Decl., ¶¶ 3-4; Regional Board Review of Revised Storm Water System Investigation Findings Report, Dec. 7, 2020, ex. 21, p. 870, 872-74, 884-88; EPA Inspection Report, Jan. 28, 2021, ex. 22, p. 901. | |
| 30.  Defendants' regularly discharge irrigation water from its MS4. Regional Board | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| Water Code Section 13383 Order, Dec. 22, 2020, ex. 7, p. 82. | |
| 31. Irrigation runoff is due to defects in the irrigation system. Carlon Decl., ¶ 5; Comments to the Non-Storm Water Discharge Elimination Plan, April 11, 2022, ex. 23, p. 941. | |
| 32. During Plaintiffs' dry-weather inspection in March 2022, the MS4 had water within the system, and the sampling results of that water included high concentrations of bacteria, as well as pharmaceuticals. Emerick Decl., ¶¶ 4, 13-20; March 9, 2022 Sampling Data, ex. 18, p. 741 (fecal coliform was between 79-1600 MPN/100 mL; total coliform greater than 1600 MPN/100 mL in each sample, and *E. coli* was present in all samples), and p. 759-767 (sampling showed | |

BEST BEST & KRIEGER LLP

Best Best & Krieger LLP

| | |
|---|---|
| the presence of pharmaceuticals). | |
| 33.   Non-storm water has been entering and discharging from the MS4 since at least January 2018 when the Regional Board inspected the Facility. Carlon Decl., ¶ 6; Regional Board Water Code Section 13267 Order, Feb. 14, 2008, ex. 24, p. 949. | |
| 34.   Defendants have not corrected the problem, and non-storm water continues to discharge through the MS4. EPA Inspection Report, Jan. 28, 2021, ex. 22, p. 901; Ashby Decl., ¶¶ 24-25. | |

ISSUE NO. 7: Defendants violated the Small MS4 Permit Receiving Water Limitation Provision D.

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 35.   Provision D of the Small MS4 Permit provides, in | |

| | |
|---|---|
| relevant part, that "Discharges shall not cause or contribute to an exceedance of water quality standards contained in a Statewide Water Quality Control Plan, the California Toxics Rule (CTR), or in the applicable Regional Water Board Basin Plan." Ashby Decl., ¶ 6.J; Small MS4 Permit, ex. 13, p. 348. | |
| 36.   Defendants have past violations of Mule Creek's *E. coli* receiving water limitation on nineteen days. Ashby Decl., ¶ 12, tbl. 4. | |
| 37.   Defendants have ongoing violations of Mule Creek's *E. coli* receiving water limitation on five days. Ashby Decl., ¶ 19, tbl. 9. | |
| 38.   Defendants have past violations of Mule Creek's metals receiving water limitation on fourteen days. Ashby Decl., ¶ 15, tbl. 6. | |
| 39.   Defendants have ongoing | |

BEST BEST & KRIEGER LLP

| | |
|---|---|
| violations of Mule Creek's metals receiving water limitation on twenty-nine days. Ashby Decl., ¶ 21, tbl. 11. | |
| 40.   Defendants failed to describe additional BMPs that will be implemented to prevent or reduce any pollutants; and failed to submit an implementation schedule for those BMPs as required by the Small MS4 Permit. Ashby Decl., ¶ 6.M; Feb. 11, 2022 letter from Regional Board to Defendant Covello, ex. 719, p. 719. | |

| UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 41.   Industrial General Permit Provision XVIIB.1 requires that Industrial Materials and Activities are protected by a Storm-Resistant Shelter to prevent all exposure to rain, snow, snowmelt, and/or runoff. Ashby Decl., ¶ 6.K; Industrial | |

BEST BEST & KRIEGER LLP

General Permit, ex. 15, p. 685.

42.   Loading and unloading activities are taking place in an area that has no side coverings exposing materials within the loading dock is subject to wind dispersion. Ashby Decl., ¶¶ 26.B, 6.L; ¶ Regional Board NEC Inspection Report, dated Feb. 11, 2021 ("NEC Inspection Report"), fig. 2 (aerial photograph showing loading docks), ex. 16, p. 706.

43.   Pallets are stored outside the industrial buildings in areas exposed to rain. Ashby Decl., ¶ 26.A.

44.   Industrial General Permit Provisions XVII.B.1 and XVIIB.3 require that waste materials be stored in a Storm-Resistant Shelter to prevent all exposure to rain, snow, snowmelt, and/or runoff. Ashby Decl., ¶ 6.K; Industrial

BEST BEST & KRIEGER LLP

| General Permit, ex. 15, p. 685. | |
|---|---|
| 45.  Hazmat igloo containing food grade mineral oil for equipment lubrication is leaking. Ashby Decl., ¶ 25.B; ¶ 6.L; NEC Inspection Report, fig. 3, legend note 2, ex. 15, p. 707 ("Hazmat 'igloos' containing food grade mineral oil for equipment lubrication"). | |
| 46.  Industrial General Permit Provisions XVII.E.1 requires that if one or more drainage areas require NOI [Notice of Intent General Permit] coverage, dischargers shall register for NOI coverage for the entire facility. Ashby Decl., ¶ 6.K; Industrial General Permit, ex. 15, p. 687. | |
| 47.  The loading docks drain to a Facility outfall. Ashby Decl., ¶ 6.L; NEC Inspection | |

83653.00001\40131485.1

2:20-CV-02482-WBS-AC
Pls.' SUF ISO MSA

BEST BEST & KRIEGER LLP

Report, 7, fig. 3, ex. 15, p. 707 (blue arrows point to drain inlets outside loading docks).

Dated: June 28, 2022                    BEST BEST & KRIEGER LLP

                                        By: /s/ Gene Tanaka
                                            GENE TANAKA
                                            SHAWN D. HAGERTY
                                            REBECCA ANDREWS
                                            Attorneys for Plaintiff
                                            COUNTY OF AMADOR

Dated: June 28, 2022                    LAW OFFICES OF ANDREW L. PACKARD

                                        By: /s/ Andrew L. Packard
                                            ANDREW L. PACKARD
                                            WILLIAM N. CARLON
                                            Attorneys for Plaintiff
                                            CALIFORNIA SPORTFISHING
                                            PROTECTION ALLIANCE