JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:  (916) 379-7530
Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
JRParker@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Attorneys for Defendants KATHLEEN ALLISON,
in her official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

Exempt From Filing Fees Pursuant
To Government Code Section 6103

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant.<br><br>COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | Case No. 2:20-CV-02482-WBS-AC<br>[consolidated with 2:21-CV-00038-WBS-AC]<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR ORDER MODIFYING BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Judge: Hon. William B. Shubb<br>Ctrm. 5<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Final Pretrial Conf.: February 13, 2023<br>Trial Setting Conf.: April 18, 2023 |

00053217.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison ("Defendants") hereby move *ex parte* for a modification to the briefing schedule of Plaintiffs' CALIFORNIA SPORTFISHING PROTECTION ALLIANCE and COUNTY OF AMADOR ("Plaintiffs") Motion for Summary Adjudication ("MSA" or "Plaintiffs' MSA"). Defendants do not seek oral argument on this application unless requested by the Court.

This application is made pursuant to Federal Rule Civil Procedure 6(b) and Eastern District Local Rule 144(c). This Court has the authority to extend the time within which Defendants must respond to Plaintiffs' MSA. Eastern District Local Rule 144(c) specifically provides that the Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. This application is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer Hartman King, the [Proposed] Order, the Court's file in this action, and any oral argument presented by Defendants at the Court's request.

Dated: July 1, 2022                                  Respectfully submitted,

                                                      HARTMAN KING PC

                                                      By: _____
                                                      JENNIFER HARTMAN KING
                                                      ALANNA LUNGREN
                                                      J.R. PARKER
                                                      ANDREYA WOO NAZAL
                                                      Attorneys for Defendants
                                                      KATHLEEN ALLISON in her capacity as
                                                      Secretary of THE CALIFORNIA DEPARTMENT
                                                      OF CORRECTIONS AND REHABILITATION;
                                                      and PATRICK COVELLO, in his official capacity
                                                      as Warden of California Department of Corrections
                                                      and Rehabilitation Mule Creek State Prison

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek modification to the briefing schedule of Plaintiffs' Motion for Summary Adjudication ("MSA") that is set for hearing on August 22, 2022. Plaintiffs served their MSA shortly before the close of business on June 28, 2022. Based on the MSA's service date, currently, Defendants' Opposition to the MSA is due July 12, 2022. Plaintiffs' Reply is due July 22, 2022.

Defendants seek to extend the deadline by which to file their Opposition from July 12, 2022, to and including **August 1, 2022**. Plaintiffs' Reply brief would then be due **August 11, 2022**. The requested modified briefing schedule affords the Plaintiffs and the Court the same amount of time they would have had if Plaintiffs served their MSA on July 18, 2022, a service date that complies with the noticed motion requirements under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 6(c) and Eastern District Local Rule 230(b) for a hearing on August 22, 2022.

## B. FACTUAL BACKGROUND

Defendants' requested modification of the deadline by which to file their Opposition to Plaintiffs' MSA is necessary for numerous reasons, including: (1) the lengthy nature of Plaintiffs' MSA and the significant volume of materials served concurrently with the MSA; (2) the complex nature of this case; (3) the timing of the MSA filing—just prior to an extended national holiday weekend—which atypically and prejudicially truncates Defendants' response time; (4) the pre-planned absence of a senior firm attorney, who is currently out of state on vacation; (5) the unexpected illnesses and absences of multiple other firm attorneys—including the Lead Attorney on this matter—has negatively impacted defense counsel's collective capacity; (6) it is not possible for Defendants to prepare all the required supporting materials in advance of the current deadline due to circumstances beyond their control; (7) Defendants sought but were unable to obtain from Plaintiffs a stipulation to Defendants' requested extension of the deadline to file their Opposition to Plaintiffs' MSA; (8) Defendants' request to modify the

briefing schedule of Plaintiffs' MSA cannot be noticed on the Court's motion calendar pursuant to Local Rule 230; and (9) numerous other competing client commitments.

The parties are in the throes of expert discovery, with expert reports due on August 1, 2022. Further, Plaintiffs noticed the deposition of Secretary Allison's Federal Rule of Civil Procedure 30(b)(6) designee for August 11, 16, and 19, 2022. When the parties met and conferred regarding these deposition dates, Plaintiffs did not disclose to Defendants their plan to file a significant dispositive motion while Defendants would be preparing multiple witnesses for deposition and preparing their expert disclosures and reports. Plaintiffs also did not offer the professional courtesy to Defendants' counsel of conferring before selecting the August 22, 2022, hearing date and serving the MSA, thereby generating the current problematic briefing schedule. Had Plaintiffs offered this professional courtesy, the parties could have coordinated on mutually agreeable briefing deadlines for Plaintiffs' MSA, avoiding Defendants' need to seek modification of the briefing schedule via the instant *ex parte* application.

On June 30, 2022, Defendants informed Plaintiffs that Defendants needed an extension to the deadline to file their Opposition to Plaintiffs' MSA to and including August 1, 2022. In requesting Plaintiffs to stipulate to this requested extension, Defendants shared numerous bases supporting good cause for their needed extension, including the following: (1) the lengthy nature of Plaintiffs' MSA and the significant volume of materials served concurrently with the MSA; (2) the complex nature of this case; (3) the timing of the MSA filing—just prior to a national holiday weekend—which atypically and prejudicially truncates Defendants' response time; (4) the pre-planned absence of a senior firm attorney, who is currently out of state on vacation; (5) the unexpected illnesses and absences of multiple other firm attorneys—including the Lead Attorney on this matter—which has negatively impacted defense counsel's collective capacity; and (6) numerous other competing client commitments. (Hartman King Decl. at ¶10).

Based upon the reasons expressed above, Defendants requested Plaintiffs stipulate to an extension of Defendants' deadline to file the Opposition Brief to Plaintiffs' MSA, up to and including August 1, 2022. (Hartman King Decl. at ¶10). Defendants also informed Plaintiffs that, if Plaintiffs would not agree to the requested stipulation, Defendants would have no

alternative but to seek *ex parte* relief from the Court, which they would seek via this application. (Hartman King Decl. at ¶10). Although Plaintiffs' unilateral decisions played a significant role in creating the scheduling issues necessitating this *ex parte* application, Plaintiffs refused to stipulate to Defendants' request to extend the Opposition deadline to August 1. Instead, Plaintiffs offered only to extend Defendants' Opposition deadline to July 22—ten days less than requested—and demanded to shift that time to Plaintiffs, thereby doubling the amount of time otherwise allowed to file their Reply. (Hartman King Decl. at ¶11). In the face of all the good cause bases for Defendants expressed need to extend the opposition deadline to August 1, Plaintiffs provided no rationale for declining to stipulate to the Defendants' proposed August 1 deadline to file their Opposition and presented no good cause for Plaintiffs' demand to double the amount of time otherwise allowed to file their Reply (Hartman King Decl. at ¶11). Defendants inquired, but Plaintiffs did not indicate, whether or not Plaintiffs would oppose Defendants' *ex parte* application. (Hartman King Decl. at ¶11).

## II. LEGAL ARGUMENT

### A. The Court Has Power To Extend The Briefing Schedule For Plaintiffs' MSA

Under the Federal Rules of Civil Procedure, "…[w]hen an act may or must be done within a specified time…" a court may, for good cause, with or without a motion or notice, extend the time within which a party must do said act—provided the court acts, or the request is made, before the original time to act, or its extension, expires. (Fed. R. Civ. P. 6(b)(1); *Yellowcake, Inc. v. Dashgo, Inc*. (E.D. Cal. 2022) 2022 U.S. Dist. LEXIS 49173, at *4-5). Furthermore, Eastern District Local Rule 144 states:

> The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted.

(L.R. 144(c)). "Indeed, requests for extension of time made before the deadline has passed normally should be and usually are granted absent of bad faith [*sic*] or prejudice to the adverse

party." (Fed. R. Civ. P. 6(b)(1); *Franklin v. United States* (E.D. Cal. 2013) 2013 U.S. Dist. LEXIS 27863, at *3). Situations where an important deadline would pass prior to a motion being heard on a regularly-scheduled notice meet the requirements of Local Rule 144(c). (See, e.g., *Espinoza v. Cal. Highway Patrol* (E.D. Cal. 2017) 2017 U.S. Dist. LEXIS 212780, *3-4 (motion shortening time granted where motion to extend discovery deadlines would be heard on January 18, 2018, but deadline to file dispositive motions was January 12, 2018; *Wilson v. Conair Corp.* (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 9806, *2-4 (court shortened time to hear motion to amend complaint where the statute of limitations would run on the claim prior to the regularly-scheduled hearing date). Thus, this Court has the power to extend the briefing schedule for Plaintiffs' MSA.

**B.    Good Cause Supports Defendants' Request To Extend The Deadline To File Their Opposition To Plaintiffs' MSA**

In this case, modification to the briefing schedule of Plaintiffs' MSA is necessary for numerous reasons, each of which is more fully articulated below. Defendants seek this modification in good faith, and a granted extension for Defendants to file their Opposition by August 1 will not prejudice Plaintiffs.

First, the modification is necessary due to both the lengthy nature of Plaintiffs' MSA and the significant volume of materials served concurrently with the MSA. On June 28, 2022—at approximately 4:34 p.m.—Plaintiffs filed and served their MSA and supporting documents. (Hartman King Decl. at ¶3). These materials included (1) a 38-page brief; (2) eight declarations; (3) the allegation of 47 separate undisputed facts; and (4) nine hundred sixty-three (963) pages of exhibits. (Hartman King Decl. at ¶3). The hearing is scheduled for August 22, 2022, and the moving papers were served 55 days prior to the hearing date. (Hartman King Decl. at ¶3). Plaintiffs chose the August 22 hearing date without conferring with Defendants, and then filed the MSA setting a briefing schedule, also without conferring with Defendants. The parties are currently in the throes of preparing for depositions scheduled for August and preparing expert reports that will be disclosed on August 1. This, combined with the additional reasons

00053217.1                                    5

**DEFENDANTS' EX PARTE APPLICATION FOR ORDER MODIFYING BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**

necessitating modification expressed herein, and the depth and breadth of material which Defendants' must review and respond to, provide good cause for the requested modification.

Second, the modification is necessary due to the complex nature of this case. Plaintiffs bring this consolidated citizen suit enforcement action under Section 505 of the Clean Water Act, 33 U.S.C. section 1365, alleging numerous violations of the Clean Water Act at Mule Creek State Prison—an 866-acre prison complex housing approximately 4,000 inmates and employing 1,400 staff, located in Ione, California. Defendants own and operate Mule Creek State Prison. Mule Creek bisects the prison complex. In addition to the complexities which are typical of Clean Water Act citizen suit enforcement actions, generally, this case carries with it myriad additional layers of complexity due to its unique setting, facts, and Plaintiffs' claims. Combined with the additional reasons necessitating modification expressed herein, the complex nature of this case provides good cause for the requested modification. (Hartman King Decl. at ¶ 2).

Third, the modification is necessary due to the timing of the MSA filing—just prior to an extended national holiday weekend. (Hartman King Decl. at ¶4). As stated above, Plaintiffs' MSA was filed and served on June 28, 2022—at approximately 4:34 p.m.—three business days prior to an extended national holiday weekend (i.e., American Independence Day). (Hartman King Decl. at ¶4). All of our attorneys who are not otherwise out of the office due to planned vacations or sickness—discussed further below—made plans to remain out of the office in observance of the Fourth of July, long before Plaintiffs filed and served the MSA. (Hartman King Decl. at ¶4). Whether intentional or benign, the timing of Plaintiffs' filing and service of the MSA on the cusp of an important holiday weekend—during which most either observe Independence Day with family and friends or take long-planned summer vacations—atypically and prejudicially truncates the time Defendants have to respond to the MSA.[2] Combined with the

---

[2] Notably, on Friday, July 1, 2022, at approximately 3:46 p.m., and following Defendants' request based on good cause that Plaintiffs stipulate to extend Defendants' deadline to file the Opposition to the MSA, Plaintiffs served a Joint Notice of Deposition and Deposition Subpoenas on five Central Valley Regional Water Quality Control Board employees. Plaintiffs noticed five depositions for July 27, July 28, July 29, August 1 and August 2, 2022, after receiving notice that, for good cause, counsel for Defendants needed additional time to respond to the MSA. Plaintiffs' landslide litigation tactics are unfairly prejudicial, and Plaintiffs' refusal to stipulate to Defendants' reasonable requested extension of time is inconsistent with the California Attorney Guidelines of Civility and Professionalism, established by the State Bar of California.

00053217.1                                          6

additional reasons necessitating modification expressed herein, the timing of the MSA filing provides good cause for the requested modification.

Fourth, the modification is necessary due to the pre-planned absence of a senior firm attorney, who is currently out-of-state on vacation. (Hartman King Decl. at ¶5). As mentioned within reason three, above, many attorneys and non-attorneys alike plan to take summer vacations with friends and family throughout the summer months. One of our firm's senior attorneys, who has played and continues to play an important role in this litigation, is currently out-of-state, and he is not scheduled to return until one day prior to the current due date of Defendants' Opposition to the MSA. (Hartman King Decl. at ¶5). Due to both his out-of-state status and his pre-planned vacation schedule, his ability to assist with said opposition prior to his return is extremely limited. (Hartman King Decl. at ¶5). Combined with the additional reasons necessitating modification expressed herein, the absence of this senior firm attorney provides good cause for the requested modification.

Fifth, the modification is necessary due to the unexpected illnesses and absences of multiple firm attorneys—including the firm's Lead Attorney on this matter. Throughout the past several weeks, a number of our attorneys have been unexpectedly absent for extended periods of time, due to illness, including the Lead Attorney on this matter. (Hartman King Decl. at ¶6). Additionally, due to these illnesses, a number of our attorneys have yet to fully return. (Hartman King Decl. at ¶6). These unexpected illnesses and absences have negatively impacted the firm's collective capacity. (Hartman King Decl. at ¶6). Combined with the additional reasons necessitating modification expressed herein, the unexpected illnesses and absences of these team members provide good cause for the requested modification.

Sixth, it is not possible for Defendants to prepare all the required supporting materials in advance of the current deadline due to circumstances beyond their control. For example, Defendants' expert needs to perform a site visit in advance of preparing a declaration in support of Defendants' Opposition and cannot do so in time to meet the current Opposition deadline due

to the intervening holiday, the expert's pre-planned travel, and the length of time necessary to clear the expert's admission into the secured prison facility. (Hartman King Decl. at ¶7).

Seventh, the modification is necessary because Defendants were unable to obtain from Plaintiffs a stipulation to Defendants' requested extension of the deadline to file their Opposition to Plaintiffs' MSA. (Hartman King Decl. at ¶10). On June 30, 2022, Defendants informed Plaintiffs that Defendants needed an extension to the deadline to file their Opposition to Plaintiffs' MSA up to and including August 1, 2022. In requesting Plaintiffs to stipulate to this requested extension, Defendants shared numerous good faith bases for their needed extension. Although Plaintiffs' unilateral decisions played a significant role in creating the scheduling issues necessitating this *ex parte* application, Plaintiffs refused to stipulate to Defendants' request to extend the opposition deadline to August 1. Combined with the additional reasons necessitating modification expressed herein, this provides good cause for the requested modification.

Eighth, the modification is necessary due to numerous other competing client commitments. (Hartman King Decl. at ¶8). Combined with the additional reasons necessitating modification expressed herein, this provides good cause for the requested modification.

C. **Defendants' Request To Modify The Briefing Schedule Of Plaintiffs' MSA Cannot Be Noticed On The Court's Motion Calendar Pursuant To Local Rule 230**

Pursuant to Eastern District Local Rule 230, motions must be heard on 35 days' notice. Given this Court's availability of hearing dates, the earliest this motion could be heard on regular notice is August 8, 2022, at 1:30 p.m. (Hartman King Decl. at ¶9). If it were to be heard in accordance with Local Rule 230, Defendants' motion would need to be filed on July 1, 2022, and Plaintiffs' Opposition Brief would be due on July 15, 2022, three days after the current due deadline for Defendants' Opposition to Plaintiffs' MSA. (Hartman King Decl. at ¶9).

D. **Defendant's Request To Modify the Briefing Schedule Will Not Prejudice Plaintiffs**

Defendants' requested modified briefing schedule would allow Defendants to file their Opposition by August 1, and for Plaintiffs to file their Reply by August 11, 2022. Under the

00053217.1                                                              8

**DEFENDANTS' EX PARTE APPLICATION FOR ORDER MODIFYING BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**

standard noticed motion period of 35 days, with a hearing date of August 22, Defendants' Opposition deadline would have been August 1, 2022, and Plaintiffs' Reply deadline would have been August 11, 2022, that is, the same dates as Defendants are requesting in this *ex parte* application. Thus, Plaintiffs suffer no prejudice under Defendants' requested modified briefing schedule, as Plaintiffs unilaterally selected the hearing date of August 22, and the briefing deadlines calculated under the applicable procedural rules, had Plaintiffs filed the MSA with the standard 35-days' notice period, would have provided deadlines of August 1 and August 11 for the Opposition and Reply briefs. In other words, Plaintiffs would not be impacted materially by the new briefing schedule, as they will have the same amount of time to file their Reply as they do now (i.e., 10 days from the date the Opposition is filed), consistent with standard briefing timeline requirements.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant this *ex parte* application to modify the briefing schedule extending Defendants' deadline to file their Opposition to and including August 1, 2022.

Dated: July 1, 2022

Respectfully submitted,

HARTMAN KING PC

By: _____
JENNIFER HARTMAN KING
ALANNA LUNGREN
J.R. PARKER
ANDREYA WOO NAZAL
Attorneys for Defendants
KATHLEEN ALLISON in her capacity as Secretary of THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison