JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
WILLIAM D. MARSH (SBN 200082)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:  (916) 379-7530; Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
WMarsh@HartmanKingLaw.com
JRParker@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Exempt From Filing Fees Pursuant
To Government Code Section 6103

Attorneys for Defendants KATHLEEN ALLISON,
in her official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant.<br><br>COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | Case No. 2:20-CV-02482-WBS-AC [consolidated with 2:21-CV-00038-WBS-AC]<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: August 22, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. William B. Shubb<br>Ctrm. 5<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Final Pretrial Conf.: February 13, 2023<br>Trial Setting Conf.: April 18, 2023 |

00053923.1

Defendants Kathleen Allison, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation, and Patrick Covello, in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison ("Defendants") hereby submit the following objections to evidence filed by Plaintiffs California Sportfishing Protection Alliance ("CSPA") and the County of Amador (collectively, "Plaintiffs") in support of their Motion for Summary Adjudication (ECF 45).

Defendants request that the Court strike the inadmissible and otherwise improper portions of evidence as specifically set forth below.

## Plaintiffs' Exhibit 1

| Exhibit 1: Carlton Engineering Inc.'s Report, dated December 6, 2006 | Defendants' Objections |
|---|---|
| Entirety of Plaintiffs' Exhibit 1. | Defendants object to Plaintiffs' Exhibit 1 in its entirety, as the entire Exhibit constitutes improper opinion testimony under Federal Rules of Evidence 701, 702, 703 and 704, based on the scientific, technical, and specialized nature of the details provided within it.<br><br>As expert disclosures are set to occur on the same day Defendants' Opposition to Plaintiffs' Motion for Summary Adjudication is due, Defendants have had no opportunity to subject the contentions, statements, and analyses provided in this Exhibit to scrutiny via the expert discovery process, including expert depositions. Accordingly, it would be unjust for the Court to allow the admittance of this Exhibit in support of Plaintiffs' Motion for Summary Adjudication. |

## Plaintiffs' Exhibit 2

| Exhibit 2: County of Amador Board of Supervisors Resolution No. 07-163, passed and adopted on August 7, 2007 | Defendants' Objections |
|---|---|
| Entirety of Plaintiffs' Exhibit 2. | **1.     Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Resolution, Plaintiffs seek to admit the same via the declaration of Michelle Opalenik—in an attempt to circumvent the rule against hearsay and place before the Court facts contained within the Resolution that are currently disputed in this litigation, for the truth of the matters asserted. |

00053923.1                                      1

| Exhibit 2: County of Amador Board of Supervisors Resolution No. 07-163, passed and adopted on August 7, 2007 | Defendants' Objections |
|---|---|
| | It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)). Accordingly, Defendants object to the consideration of any statements or assertions recited within this Resolution for the truth of the matters asserted. |

## Plaintiffs' Exhibit 4

| Exhibit 4: Memorandum from the Amador Community Development Director to the Board of Supervisors, dated January 21, 2021 | Defendants' Objections |
|---|---|
| Entirety of Plaintiffs' Exhibit 4. | **1.    Hearsay (FRE 801).** Instead of requesting judicial notice of this Memorandum, Plaintiffs seek to admit the same via the declaration of Michelle Opalenik—in an attempt to circumvent the rule against hearsay and place before the Court facts contained within the Memorandum that are currently disputed in this litigation, for the truth of the matters asserted. It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of |

00053923.1

2

| Exhibit 4: Memorandum from the Amador Community Development Director to the Board of Supervisors, dated January 21, 2021 | Defendants' Objections |
|---|---|
| | judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this Memorandum for the truth of the matters asserted. |

## Plaintiffs' Exhibit 21

| Exhibit 21: Review of Revised Storm Water System Investigation Findings Report, California Department of Corrections and Rehabilitation, Mule Creek State Prison, Amador County, dated December 7, 2020 | Defendants' Objections |
|---|---|
| Entirety of Plaintiffs' Exhibit 21. | **1.      Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Report, Plaintiffs seek to admit the same via the declaration of William Carlon—in an attempt to circumvent the rule against hearsay and place before the Court facts contained within the Memorandum that are currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this Report for the truth of the matters asserted. |

00053923.1                                                   3

**Plaintiffs' Exhibit 22**

| Exhibit 22: EPA Inspection Report for Mule Creek State Prison, dated November 19, 2020 | Defendants' Objections |
|---|---|
| Entirety of Plaintiffs' Exhibit 22. | **1.    Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Report, Plaintiffs seek to admit the same via the declaration of William Carlon—in an attempt to circumvent the rule against hearsay and place before the Court facts contained within the Memorandum that are currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this Report for the truth of the matters asserted. |

**Declaration of Robert Emerick (ECF 45-2)**

| Emerick Declaration | Defendants' Objections |
|---|---|
| 7.    There are stormwater collection inlets and piping within the prison facility that lead to a perimeter stormwater collection network. The perimeter stormwater collection network receives stormwater from within the prison complex and from the roadway drainage that surrounds the prison facility. The perimeter stormwater network is not continuous. Various segments of the perimeter stormwater network combine into central concrete collection basins. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the stormwater collection network design, layout, reception and output, and continuity details discussed.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper |

00053923.1 4

| Emerick Declaration | Defendants' Objections |
|---|---|
| | opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 8.      The concrete collection basins contain (A) pumps to facilitate discharge of collected stormwater into the sewerage piping network for subsequent discharge and treatment at the wastewater treatment facility, and (B) slide gates that, when opened, allow for discharge into a dirt lined drainage ditch that ultimately flows into Mule Creek. | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the purpose and functionality of the concrete collection basins referenced.<br><br>2.      **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v.* |

00053923.1                                    5

| Emerick Declaration | Defendants' Objections |
|---|---|
| | *Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 9.     The stormwater discharge limitations require all flow to be routed to the sewerage system except during rainfall events of a particular size, whereby the slide gates can be opened and a stormwater discharge made to Mule Creek. There are three stormwater discharge outfalls from Mule Creek State Prison into Mule Creek. | 1.     **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the stormwater discharge limitations and discharge outfalls.<br><br>2.     **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the findings and analysis described here.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 11.     The most direct method to determine whether discharged stormwater contains a wastewater component would be to sample a stormwater discharge while occurring for contaminants that are present in wastewater but not expected to be present in stormwater. | 1.     **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement. |

00053923.1

6

| Emerick Declaration | Defendants' Objections |
|---|---|
| | 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within this statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 12.    Unfortunately, owing to the security aspects associated with operating a prison facility, it was not possible to plan visits to the facility during stormwater discharge events. Therefore, two site visits were conducted on days when stormwater discharges were not expected to be occurring. The intent with these site visits was (1) to gain a better understanding as to how the prison stormwater collection and discharge system is designed and operated; (2) to observe whether water is present within the stormwater network during dry periods when stormwater is not expected to be present; and, (3) to sample any water present within the stormwater collection network for contaminants of wastewater origin. If wastewater contaminants were observed within the stormwater collection network, it is reasonable to assume that they would also be present during discharge events. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer |

00053923.1

7

| Emerick Declaration | Defendants' Objections |
|---|---|
|  | a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 14.    Although water was sampled and analyzed for a wide variety of contaminants (e.g., total suspended solids, salts, nitrogen species, etc.), the most critical contaminants sampled were for bacterial contamination (e.g., total coliform, fecal coliform, E. coli) and pharmaceuticals/personal care products. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 15.    The basis for sampling for bacterial contamination is because those parameters are directly regulated by the stormwater discharge permit and directly impact beneficial uses of Mule Creek. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his |

00053923.1

8

| Emerick Declaration | Defendants' Objections |
|---|---|
| | having personal knowledge regarding the basis for bacterial contamination sampling, bacterial contamination sampling parameters, the regulation of bacterial contamination sampling, stormwater discharge permit requirements, or the impacts to and beneficial uses of Mule Creek.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 15.    Elevated concentrations of bacterial contaminants can lead to adverse health impacts associated with recreation in and around Mule Creek. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding either the impact of elevated concentrations of bacterial contaminants upon human health or the existence  or nonexistence of bacterial contaminants in or around Mule Creek.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on |

00053923.1                                                9

| Emerick Declaration | Defendants' Objections |
|---|---|
| | the scientific, technical, and specialized nature of the contention within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 15.   However, although sewage contamination can cause elevated concentrations of bacterial contaminants, I am aware that the prison has attributed these elevated concentrations to natural sources that might be present. Examples include deposition by ruminants and/or aerial deposition by birds. | **1.   Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>**2.   Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the underlying subject matter at raised within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury |

00053923.1

10

| Emerick Declaration | Defendants' Objections |
|---|---|
| | in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). <br><br> 3. **Hearsay (FRE 801).** <br><br> Emerick's statements regarding sources to which prison officials have attributed elevated concentrations of bacterial contaminants constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| 15. To distinguish between human sources and natural sources, we sampled for pharmaceuticals and personal care products. These types of contaminants are human-manufactured and cannot and do not occur naturally. The only mechanism that could lead to their presence in stormwater are discharges into the stormwater collection network from human sources or cross-contamination between the sewerage and stormwater collection systems. | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement. <br><br> 2. **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |

00053923.1

11

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Emerick Declaration | Defendants' Objections |
|---|---|
| 16.    On March 9, 2022, I directly observed water in the stormwater collection system up to the final collection basin, which is shown in Figure 2. Figure 4 shows that the dirt-lined ditch leading to Mule Creek contained ponded water, with water present on the concrete apron and within the pipes connected to the final collection basin. Figure 5 shows ponded water throughout an extensive section of the discharge ditch, though I did not observe the water actually flowing into Mule Creek. I personally walked the surrounding fields in an effort to find sprinklers or other irrigation devices that could explain ponded water in the outfall ditch. No such irrigation devices were observed, but I did observe water in the piping network leading to the ditch. It was evident that there had been a recent discharge, though the discharge was no longer occurring at the time of the site visit. | 1.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 17.    A summary of results from the bacterial analyses together with the pharmaceutical/personal care product testing are reported in Table 1, attached as Plaintiffs' Appendix, Exhibit 18, and Figure 6 depicts where each sample was collected. | 1.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the findings and analysis described here.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to |

00053923.1                                                12

| Emerick Declaration | Defendants' Objections |
|---|---|
|  | substitute the expert's judgment for the jury's."")). |
|  | **2.**      **Hearsay (FRE 801).** |
|  | To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
|  | **3.**      **Best evidence rule (FRE 1001-1008).** |
|  | To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, the underlying materials themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 18.      Samples were collected and analyzed at two of the outfalls (i.e., the dirt lined ditches located after the concrete collection basins that ultimately flow into Mule Creek). Total coliform, fecal coliform, and E. coli (i.e., indicators of bacterial contamination) were observed at both outfall locations at concentrations that are consistent with being contaminated with domestic sewage. | **1.**      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement. <br><br> **2.**      **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 |

00053923.1

13

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Emerick Declaration | Defendants' Objections |
|---|---|
| | U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 19.   Both   outfalls   contained pharmaceuticals. Specifically, both outfalls were observed to contain trace amounts of caffeine (i.e., a central nervous system stimulant found in coffee), carbamazepine (i.e., an anticonvulsant used to treat seizures, nerve   pain,   and   bipolar   disorder), dehydronifedipine (i.e., a drug metabolite), sulfamethoxazole   (i.e.,   an   antibiotic), thiabendazole   (i.e.,   an   antifungal   and antiparasitic agent), and 1,7-dimethylxanthine (i.e., a metabolite of caffeine). | 1.   **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.   **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 20.   Outfall 1D1A10 also contained the antibiotic flumequine and outfall 2D1A10 also contained the analgesic acetaminophen and the antibiotic sulfadiazine. | 1.   **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement. |

00053923.1

14

| Emerick Declaration | Defendants' Objections |
|---|---|
|  | 2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Emerick were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| Figures 1 through 6 and Table 1. | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Emerick relies upon the photographs and data depicted within these figures and within this table without establishing the proper evidentiary foundation to opine upon the same.<br><br>2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Emerick was not disclosed as an expert. As a result, all statements and opinions made in reliance upon these materials constitute improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within these materials.<br><br>Even if Emerick were designated as an expert, all statements and opinions made in reliance upon these materials constitute improper expert opinion, as they are phrased in terms of |

00053923.1

15

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SUMMARY ADJUDICATION**

| Emerick Declaration | Defendants' Objections |
|---|---|
| | inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). <br><br> 3.    **Hearsay (FRE 801).** <br><br> To the extent the facts and figures contained within these materials were obtained from other documents, reports, orders, or sources, these materials constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. <br><br> 4.    **Best evidence rule (FRE 1001-1008).** <br><br> To the extent Emerick recites facts and figures contained within these materials which have been obtained from other documents, reports, orders, or sources, the underlying materials themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |

**Declaration of Richard McHenry (ECF 45-3)**

| McHenry Declaration | Defendants' Objections |
|---|---|
| 1.    CSPA has approximately 2,000 members who use the Sacramento-San Joaquin Delta (the "Delta") and its upstream waters, including the Mokelumne and Cosumnes Rivers, Dry Creek, and Mule Creek, for recreational, scientific, educational | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602)**. <br><br> McHenry's declaration does not establish the source of his personal knowledge or how he otherwise knows that any of CSPA's other |

00053923.1

16

| McHenry Declaration | Defendants' Objections |
|---|---|
| and conservation purposes, including fishing, boating, kayaking, sailing, wildlife observation, photography, hiking, and aesthetic enjoyment on a continuing and ongoing basis. | members actually use Mule Creek or any of the other waterways identified here.<br><br>2.    **Hearsay (FRE 801)**.<br><br>McHenry's testimony about the activities of anonymous out-of-court CSPA members is offered for the truth of the matter asserted. The testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br>3.    **Improper opinion testimony (FRE 701, 702, 703, and 704)**.<br><br>McHenry's declaration does not establish how this opinion about the conduct of 2,000 CSPA members is based on any personal knowledge or observation. McHenry was not disclosed as an expert witness and his declaration does not otherwise demonstrate a need or application of any specialized knowledge. |
| 13.    Both the Deer Creek and El Dorado Hills wastewater treatment plant discharges are tributary to the Cosumnes River. | 1.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>McKenry was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of determining what is and is not a "tributary," in the context of the Clean Water Act. |
| 15    Mule Creek prison did not have NPDES permits during my tenure at the waterboards. It was regulated by the land disposal units. Since they were local facilities to the County, I participated in water board staff discussions regarding wastewater issues and problems at Mule Creek over the years. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>McKenry's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the NPDES permit status of Mule Creek prison during his tenure with the waterboard, or the regulatory framework which governed Mule Creek during the same time period.<br><br>2.    **Hearsay (FRE 801).**<br><br>McKenry's statements regarding "water board staff discussions," throughout numerous years, related to Mule Creek |

00053923.1                                     17

| McHenry Declaration | Defendants' Objections |
|---|---|
| | constitute inadmissible out-of-court statements offered for the truth of the matter asserted. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. |
| 16. Working with CSPA over the years, I have received complaints from neighbors and have read numerous newspaper articles regarding problematic wastewater discharges to surface waters from the Mule Creek Prison. I have also discussed enforcement and regulatory issues regarding the prison's discharges to surface waters with Regional Board staff. | **1. Lacks foundation; lacks personal knowledge (FRE 602).**<br><br>McHenry lacks personal knowledge regarding the veracity of any complaints or newspaper articles that may have alleged "problematic wastewater discharges to surface waters from the Mule Creek Prison."<br><br>**2. Hearsay (FRE 801).**<br><br>McHenry's recitation of supposed out-of-court complaints from anonymous "neighbors," statements printed within newspaper articles about discharges from MCSP, and discussions regarding the prison's discharges to surface waters with Regional Board staff are offered for the truth of the matters asserted. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. |
| 17. I believe that eliminating the prison's polluted discharged to Mule Creek would reduce my concerns about the harms caused by these discharges to the natural environment and would increase my enjoyment of the scenic of values of Ione and downstream watersheds I am concerned that if the prison's unlawful discharges of sewage to Mule Creek are not meaningfully addressed, water quality and habitat in, and the beneficial uses of, the Mokelumne and Cosumnes Rivers will be significantly degraded. | 1. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>McKenry was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the findings and analysis described here.<br><br>Even if McKenry were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); see also *United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to |

00053923.1                                    18

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| McHenry Declaration | Defendants' Objections |
|---|---|
| | tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |

## Declaration of Karen Ashby (ECF 45-4)

| Ashby Declaration | Defendants' Objections |
|---|---|
| 7(A).    According to the Stormwater Report, as well as the August 2020 Order, December 2020 Order, and November 2021 Order: The point labeled "MCSP3" depicts the Facility's primary outfall location, which drains approximately 64.2 acres of the Facility through a culvert under an exterior perimeter road to an earthen channel that flows into Mule Creek. It is estimated that three quarters of the drainage area flows to the primary outfall. See Stormwater Report Section 1.4.1, MSCP0003982. Discharges from MCSP3 first pass through a Facility outfall labeled "MCSP6." | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. <br><br> 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). <br><br> 3.    **Hearsay (FRE 801).** <br><br> Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. <br><br> 4.    **Best evidence rule (FRE 1001-1008).** <br><br> The referenced reports and orders provide the best evidence of the findings, conclusions, |

00053923.1

19

| Ashby Declaration | Defendants' Objections |
|---|---|
| | and statements made within said materials. |
| 7(B). According to the Stormwater Report, as well as the August 2020 Order, December 2020 Order, and November 2021 Order: The point labeled "MCSP2" depicts the Facility's secondary outfall location, which drains approximately 21.3 acres of the Facility through an earthen channel that flows into Mule Creek. It is estimated that one quarter of the drainage area flows to the secondary outfall. See Stormwater Report Section 1.4.2, MCSP0003984. Discharges from MCSP2 first pass through a Facility outfall labeled "MCSP5." | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. <br><br> 2. **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). <br><br> 3. **Hearsay (FRE 801).** <br><br> Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. <br><br> 4. **Best evidence rule (FRE 1001-1008).** <br><br> The referenced reports and orders provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 7(C). According to the Stormwater Report, as well as the August 2020 Order, December 2020 Order, and November 2021 Order: The point labeled as "MCSP4/Downstream" depicts a location within Mule Creek at a southern edge and downstream of the Facility. In various | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. |

00053923.1      20

| Ashby Declaration | Defendants' Objections |
|---|---|
| documents reviewed, "MCSP4/Downstream" was also labeled "Location 3." | **2.   Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the referenced report.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria (i.e., reference to and reliance upon a detailed scientific and technical report, without having been deposed regarding the same). (Advisory Committee Note, Fed. R. Evid. 704).<br><br>**3.   Hearsay (FRE 801).**<br><br>Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>**4.   Best evidence rule (FRE 1001-1008).**<br><br>The referenced reports and orders provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 8(A).    Based on this document review: Mule Creek is a stream that is tributary to Dry Creek with in-stream sampling occurring at a point labeled "MCSP4/Downstream" (in addition to others). | **1.   Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.   Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on |

00053923.1

21

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704).<br><br>3. **Hearsay (FRE 801).**<br><br>Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4. **Best evidence rule (FRE 1001-1008).**<br><br>The referenced document or documents provide the best evidence of the findings, conclusions, and statements made within said materials.<br><br>5. **Ambiguous / Vague (FRE 403, 611).**<br><br>On its face, this statement is based upon the declarant's review of a "document." However, it is impossible to determine from the statement which document or documents were reviewed. Thus, the statement is vague, indefinite, and ambiguous. |
| 8(B).   Based on this document review: Section 2.1 of the Basin Plan provides that the "beneficial uses of any specifically identified water body generally apply to its tributary streams." | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a |

00053923.1                                          22

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.      **Hearsay (FRE 801).**<br><br>Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.      **Best evidence rule (FRE 1001-1008).**<br><br>The referenced Basin Plan provide the best evidence of the findings, conclusions, and statements made within said materials.<br><br>5.      **Ambiguous / Vague (FRE 403, 611).**<br><br>On its face, this statement is based upon the declarant's review of a "document." However, it is impossible to determine from the statement which document or documents were reviewed. Thus, the statement is vague, indefinite, and ambiguous. |
| 8(C).    Table    2-1,    of    the    Basin    Plan | 1.      **Lacks foundation; lacks personal** |

00053923.1                                          23

| Ashby Declaration | Defendants' Objections |
|---|---|
| designates the following beneficial uses for the waters of the Sacramento-San Joaquin Delta and its tributaries, including Mule Creek: municipal and domestic supply (MUN); agricultural supply (AGR); water contact recreation (REC-1); non-contact water recreation (REC-2); warm freshwater habitat (WARM); cold freshwater habitat (COLD); migration for aquatic organisms (MIGR); spawning, reproduction, and/or early development (SPWN); and wildlife habitat (WILD). | **knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced Basin Plan provide the best evidence of the findings, conclusions, and |

00053923.1                                                24

| Ashby Declaration | Defendants' Objections |
|---|---|
| | statements made within said materials. |
| | **5.    Ambiguous / Vague (FRE 403, 611).** |
| | On its face, this statement is based upon the declarant's review of a "document." However, it is impossible to determine from the statement which document or documents were reviewed. Thus, the statement is vague, indefinite, and ambiguous. |
| 8(C).    Section 4.1.8 of the Basin Plan provides, in part, that "[a]ll water quality objectives are developed to protect the MUN beneficial use unless otherwise stated." | **1.    Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.    Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>**3.    Hearsay (FRE 801).**<br><br>Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not |

00053923.1                                              25

| Ashby Declaration | Defendants' Objections |
|---|---|
| | qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| | 4.    **Best evidence rule (FRE 1001-1008).** |
| | The referenced Basin Plan provide the best evidence of the findings, conclusions, and statements made within said materials. |
| | 5.    **Ambiguous / Vague (FRE 403, 611).** |
| | On its face, this statement is based upon the declarant's review of a "document." However, it is impossible to determine from the statement which document or documents were reviewed. Thus, the statement is vague, indefinite, and ambiguous. |
| 8(C).    Section 4.2.1.1.8 of the Basin Plan provides, in part, that "except under specifically defined exceptions, all surface and ground waters of the state are to be protected as existing or potential sources of municipal and domestic supply." | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. <br><br> 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury |

00053923.1                                              26

| Ashby Declaration | Defendants' Objections |
|---|---|
| | what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| | 3. **Hearsay (FRE 801).** |
| | Ashby's recitation of conclusions drawn and findings made within the materials referenced within this statement constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| | 4. **Best evidence rule (FRE 1001-1008).** |
| | The referenced Basin Plan provide the best evidence of the findings, conclusions, and statements made within said materials. |
| | 5. **Ambiguous / Vague (FRE 403, 611).** |
| | On its face, this statement is based upon the declarant's review of a "document." However, it is impossible to determine from the statement which document or documents were reviewed. Thus, the statement is vague, indefinite, and ambiguous. |
| 9. Effective February 4, 2019, the Bacteria Objectives applicable to all inland surface waterbodies (including Mule Creek) are measured by the E. coli geometric mean (GM" or geomean") and the statistical threshold value ("STV"). Geomean results are based on a six-week rolling average of at least five samples within that six-week period, calculated weekly. If the geomean in any six week period is greater than the geomean magnitude (100 cfu/100 mL for E. coli), then the sample violates the geomean WQS. STV results are based on a single sample, with no more than 10% of the samples exceeding in a calendar month. Any sample greater than the STV threshold violates the STV WQO unless that sample constitutes 10% or less of all STV samples during the calendar month. | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. 2. **Improper opinion testimony (FRE 701, 702, 703 and 704).** Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. Even if Ashby were designated as an expert, which she is not, this statement constitutes |

| Ashby Declaration | Defendants' Objections |
|---|---|
| | improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 9.    The Bacteria Objectives for the GM and STV are set forth in the following Table 1, which I have circled for clarity: [Table Omitted]. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement, or information provided within the referenced Table 1.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |

00053923.1

28

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | 3. **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| 9.     To avoid double-counting STV and geomean exceedance for the same day, the total number of exceedances were counted as the number of STV exceedances plus the number of additional exceedances of the geomean that had not already triggered an exceedance of the STV. | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 10.     As shown in attached Table 2, Defendants' laboratory analytical results reported discharges from the Facility to Mule | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** |

00053923.1

29

| Ashby Declaration | Defendants' Objections |
|---|---|
| Creek in excess of the STV WQO for E. coli in 18 samples from MCSP2 and 22 samples from MCSP3 between February 4, 2019 and January 6, 2021. These results show that 95% of samples taken from MCSP2 (18/19 samples) and 85% of samples taken from MCSP3 (22/26 samples) exceeded the STV WQO for E. coli during this period. | Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3. **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| 11. As shown in attached Table 3, Defendants' laboratory analytical results demonstrate discharges from the Facility to Mule Creek exceed the geomean WQO for E. coli on 11 occasions from discharge points MCSP2 and MCSP3 between the dates of February 4, 2019 and January 6, 2021 (when | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. |

00053923.1

30

| Ashby Declaration | Defendants' Objections |
|---|---|
| enough samples were collected within the 6-week period). However, all but one of the sample dates already exceed the STV, and therefore, were not counted as exceedances under this analysis. On that one sample date (3/26/2020), the two results reported at MCSP3 did not exceed the STV, but the calculated geomean exceeded 100 MPN/100mL. This result was counted as one additional E. coli discharge violation at MCSP3 due to the geomean. | 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced official report containing the referenced analytical results provides the best evidence of the findings, conclusions, and statements made within said report. |
| 12.    As shown in attached Table 4, 47 samples collected during 35 days (out of a total of 68 samples in 45 days) from the | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| receiving water at MCSP4/Downstream analyzed between February 4, 2019 and January 6, 2021 (69%) exceeded the STV or geomean WQO for E. coli. On 19 of these 35 days of exceedances in Mule Creek, the Facility discharged E. coli (exceeding the WQOs) at MCSP2 and MCSP3 on the same date as the exceedance in the receiving water (54%). | Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3. **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| 13(A).   Section 4.2.1.1.8 of the Basin Plan provides that "except under specifically defined exceptions, all surface and ground waters of the state are to be protected as existing or potential sources of municipal and domestic supply." Section 3.1.3 includes the following numeric water quality objectives | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. |

00053923.1

32

| Ashby Declaration | Defendants' Objections |
|---|---|
| for chemical constituents, including but not limited to aluminum, iron, and manganese, which require waters for use as domestic or municipal supply (MUN) to meet the maximum contaminant limits (MCLs) specified in Title 22 of the California Code of Regulations ("CCR"). Section 64449, Table 64449-A of Title 22 of the CCR establishes the following limits for domestic or municipal supply: [Table Omitted]. | 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>Ashby's recitation of statements contained within the Basin Plan and California Code of Regulations constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced documents provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 13(B).    Sections 4.1.8 and 4.2.1.1.15 of the Basin Plan includes the California Toxics Rule (CTR) at 40 C.F.R.§ 131.38 as criteria for constituents, including but not limited to copper, lead, and zinc for surface waters with | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her |

00053923.1

33

| Ashby Declaration | Defendants' Objections |
|---|---|
| a "municipal" beneficial use designation as follows: [Table Omitted]. | having personal knowledge regarding the assertions made within this statement.<br><br>**2. Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>**3. Hearsay (FRE 801).**<br><br>Ashby's recitation of statements contained within the Basin Plan and Code of Federal Regulations constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>**4. Best evidence rule (FRE 1001-1008).**<br><br>The referenced documents provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 14.   As shown in attached Table 5, the laboratory analytical reports of samples Defendants took from MCSP2 and MCSP3 | **1.   Lacks foundation; lacks personal knowledge; speculation (FRE 602).** |

00053923.1

34

| Ashby Declaration | Defendants' Objections |
|---|---|
| between the dates of February 4, 2019 and January 6, 2021 demonstrate that discharges from the Facility's outfalls at MCSP2 and/or MCSP3 exceeded the WQOs for various metals on 25 occasions. | Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.      Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>**3.      Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>**4.      Best evidence rule (FRE 1001-1008).**<br><br>The referenced laboratory analytical reports provide the best evidence of the findings, conclusions, and statements made within said materials. |

00053923.1                                               35

| Ashby Declaration | Defendants' Objections |
|---|---|
| 15. As shown in attached Table 6, laboratory analytical reports of samples Defendants took from MCSP2, MCSP3, and MCSP4/Downstream between the dates of February 4, 2019 and January 6, 2021 demonstrate fourteen samples of the receiving water at MCSP4/Downstream analyzed during this time period exceeded WQOs for aluminum, iron, lead, and zinc on the same days on which the Facility discharged these same metals from discharge points MCSP2 and MCSP3. | 1.  **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.  **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.  **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.  **Best evidence rule (FRE 1001-1008).**<br><br>The referenced laboratory analytical reports |

00053923.1                                          36

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 16(A).   As set forth in attached Table 7, Defendants' Quarterly Monitoring Reports indicate the Facility discharged more than 30 million gallons to Mule Creek during 12 discharge events occurring over more than 60 days between January 2021 and March 2022. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |

00053923.1

37

| Ashby Declaration | Defendants' Objections |
|---|---|
| | 4.      **Best evidence rule (FRE 1001-1008).**<br><br>The referenced reports provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 16(B).    In August 2020, the Regional Water Board issued a Water Code Section 13383 Order to the Facility to monitor discharges to surface water. The August 2020 Order required, among other things, the Facility to monitor MCSP2 (Outfall-1) and MCSP3 (Outfall-2) as well as MCSP4 for a number of parameters including E.coli (in CFU/100 ml) and metals. | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.      **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.      **Hearsay (FRE 801).**<br><br>To the extent the requirements discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from |

00053923.1

38

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
|  | **4.      Best evidence rule (FRE 1001-1008).**<br><br>The referenced Order provides the best evidence of the findings, conclusions, and statements made within said materials. |
| 16(C).    In December 2020, the Regional Water Board issued a revised 13383 Order to clarify that monitoring was to be conducted when there is any discharge from the Facility's MS4. The December 2020 Order modified the monitoring locations, which required, among other things, the Facility to monitor MCSP5 (Outfall-1) and MCSP6 (Outfall-2) as well as MCSP4 for a number of parameters including E.coli (in CFU/100 ml) and metals. | **1.      Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.      Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>**3.      Hearsay (FRE 801).**<br><br>Ashby's recitation of statements contained within the referenced Order constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. |

00053923.1

39

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| | Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| | **4.      Best evidence rule (FRE 1001-1008).** |
| | The referenced Order provides the best evidence of the findings, conclusions, and statements made within said materials. |
| 16(D).    In November 2021, the Regional Water Board issued another 13383 Order to monitor discharges to surface water. The November 2021 Order required, among other things, the Facility to monitor MCSP5 (Outfall-1), MCSP6 (Outfall-2), MCSP2 (Outfall-3), and MCSP3 (Outfall-4) as well as MCSP4 for a number of parameters including E.coli (in CFU/100 ml) and metals. Although the August 2020 Order and November 2021 Order required Defendants to monitor discharges from MCSP2 and MCSP3, Defendants' laboratory analytical results do not contain data for samples taken from these locations after issuance of the November 2021 Order. | **1.      Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. <br><br> **2.      Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). <br><br> **3.      Hearsay (FRE 801).** <br><br> Ashby's recitation of statements contained within the referenced Order and analytical results constitute inadmissible hearsay. Furthermore, the testimony does not qualify |

00053923.1

40

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| | for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).** The referenced Order and analytical results provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 16(D).    Each of the 13383 Orders provides that "[s]amples . . . taken as required herein shall be representative of the volume and nature of the monitored discharge." | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>Ashby's recitation of statements contained within the referenced Orders constitute |

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.  **Best evidence rule (FRE 1001-1008).**<br><br>The referenced Orders provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 17.  As shown in attached Table 8, the laboratory analytical results reported discharges from the Facility to Mule Creek in excess of the STV WQO for E. coli in four (4) samples from MCSP5 and five (5) samples from MCSP6 between January 7, 2021 and March 28, 2022. Defendants' 13383 Orders required E. coli to be reported as a numeric value; however E. coli was only reported as "Present" by the laboratory in an additional five samples collected from each of these locations, thus no numeric result was provided. These results show that E. coli was present in 100% of samples taken at MCSP5 and MCSP6 (10/10) and that least 40% of samples taken from MCSP5 (4/10) and 50% of samples taken from MCSP6 (5/10) exceeded the STV WQO for E. coli during this period. | 1.  **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.  **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.  **Hearsay (FRE 801).**<br><br>To the extent the analytical test results |

00053923.1

42

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced analytical results and orders provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 18.    Ongoing violations of the geomean limit could not be calculated because there were fewer than five samples within each six-week period. There is discretion regarding the number of E. coli results to be included within each 6-week period, however, five samples of E. coli is justified because it results in a more robust geomean. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |

00053923.1                                           43

| Ashby Declaration | Defendants' Objections |
|---|---|
| 19.     As shown in attached Table 9, five (5) samples collected from the receiving water at MCSP4/Downstream analyzed between January 7, 2021 and March 28, 2022 exceeded the STV WQO for E. coli. On all five days of exceedances in Mule Creek, the Facility discharged E. coli at MCSP5 and MCSP6 on the same date as the exceedance in the receiving water (100%). In addition, E. coli was reported as "Present" in receiving water during an additional six days, and "Present" in Facility discharge during five of those six days (E. coli was not sampled in Facility discharge during the sixth day). | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**  Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.  2.      **Improper opinion testimony (FRE 701, 702, 703 and 704).**  Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.  Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).  3.      **Hearsay (FRE 801).**  To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.  4.      **Best evidence rule (FRE 1001-1008).**  The referenced analytical results themselves |

00053923.1                                                44

| Ashby Declaration | Defendants' Objections |
|---|---|
| | provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 20.    As shown in attached Table 10, the laboratory analytical reports of samples Defendants took from MCSP5 and MCSP6 between the dates of January 7, 2021 and March 28, 2022 demonstrate that discharges from the Facility's outfalls at MCSP5 and MCSP6 exceeded WQOs for various metals on seventy-seven occasions. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| | 4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced analytical results themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 21.    As shown in attached Table 11, laboratory analytical reports of samples Defendants took from MCSP5, MCSP6, and MCSP4/Downstream between the dates of January 7, 2021 and March 28, 2022 demonstrate that receiving water at MCSP4/Downstream analyzed during this time period exceeded WQS for various metals twenty-nine times on the same days that the Facility discharged these same metals from discharge points MCSP5 and MCSP6. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. |

00053923.1                                              46

| Ashby Declaration | Defendants' Objections |
|---|---|
| | Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>**4.** **Best evidence rule (FRE 1001-1008).**<br><br>The referenced analytical results themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 23. The closest [rain gauge] is Sutter Hill CDF (~10 miles), which indicated that the last measurable rain was recorded on March 1, 2022. | **1.** **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.** **Hearsay (FRE 801).**<br><br>Ashby's recitation of facts within this statement are based upon information and analysis contained within documents which constitute inadmissible hearsay for which there is no exception or exclusion. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>**3.** **Best evidence rule (FRE 1001-1008).**<br><br>The referenced rain gauge indications themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 24(B). At the drop inlet downstream (D/S) GT-4…I observed water actively flowing through subsurface pipelines, apparently from within the Facility, under the lethal fence, and into the catch basin located at GT-4. | **1.** **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement—specifically, as to the origination of water flow on the instance in question. |
| 24(B). I reviewed the analytical laboratory results of Plaintiffs' Lab Samples which confirmed the presence of E. coli, total and fecal coliform, and pharmaceutical products. | **1.** **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the |

00053923.1

47

| Ashby Declaration | Defendants' Objections |
|---|---|
| | evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. |
| | 2. **Improper opinion testimony (FRE 701, 702, 703 and 704).** |
| | Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| | Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| | 3. **Hearsay (FRE 801).** |
| | Ashby's recitation of facts contained within the referenced laboratory results constitutes inadmissible hearsay for which there is no exception or exclusion. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| | 4. **Best evidence rule (FRE 1001-1008).** |
| | The referenced analytical results themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 24(D).    At the junction vault D/S GT-3…, I observed water present within the junction vault and subsurface corrugated pipelines that | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** |

00053923.1                                          48

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| carry flows through the Facility's storm drain system from the direction of GT-4 to the junction vault (IMG-2758). The County's field technician took a sample of the water within the junction vault. I reviewed Plaintiffs' Lab Samples results which confirmed the presence of E. coli, total and fecal coliform, and pharmaceutical products. | Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement—specifically, regarding facility storm flow.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, these statements constitute improper expert opinion, as they are phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (Chavez v. Won (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing Crow Tribe of Indians v. Racicot (9th Cir. 1996) 87 F.3d 1039, 1045; see also United States v. Duncan (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>Ashby's recitation of facts within these statements are based upon information and analysis contained within field technician lab sample results which constitute inadmissible hearsay for which there is no exception or exclusion. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced analytical results themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |

00053923.1

49

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| 24(E).    As set forth in the Stormwater Report, flows leave the junction vault at GT-3, flow through a culvert under a perimeter road, and outfall to an earthen channel. The outfall to the earthen channel is labeled MCSP6 on Figure 6. Flows from the earthen channel enter Mule Creek at the location labeled MCSP3…I inspected the outfall at MCSP6 and found standing water in the earthen channel at the point of outfall. I also observed evidence of a recent flows through the storm drain system outfall at MCSP 6 to the earthen channel. | 1.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (Chavez v. Won (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing Crow Tribe of Indians v. Racicot (9th Cir. 1996) 87 F.3d 1039, 1045); see also United States v. Duncan (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>2.    **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from the referenced Stormwater Report, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>3.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced Stormwater Report itself provides the best evidence of the findings, conclusions, and statements made within said materials. |
| 24(F).    At the point labeled MCSP3, I observed water inside the pipelines that outfall to Mule Creek (IMG-2778). | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the |

00053923.1

50

| Ashby Declaration | Defendants' Objections |
|---|---|
| | evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement—specifically, regarding outfall. |
| 25.    In summary, I observed evidence of flows within and discharges from the Facility's storm drain system occurring in dry weather. Flows appeared to originate within the Facility's lethal fence, through the portion of the system that collects and conveys flows from the central AB corridor, through the subsurface drainage system along the perimeter road, through the junction vault at MCSP6, through the earthen channel, and out of MCSP3 to Mule Creek. There was also evidence of recent dry weather discharges from MCSP5 to the earthen channel that flows to Mule Creek. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| 26(A).    As shown in Figure 11 and NEC Report Figure 3 and IMGs-2885 and 2884, trash and debris were present in the uncovered loading dock IMG-2884 which serves the industrial sewing facility. Wood pallets were also stored outside of the sewing loading dock in an area exposed to precipitation. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).** |

00053923.1                                                    51

| Ashby Declaration | Defendants' Objections |
|---|---|
| | Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.     **Hearsay (FRE 801).**<br><br>To the extent the analytical test results discussed within this statement were obtained from other documents, reports, orders, or sources, this statement constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |
| 26(B).    According to the NEC Report, page 7, figure 3, legend note 3, the chemicals stored in this area include "Hazmat 'igloos' containing food grade mineral oil for equipment lubrication." | 1.     **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br><br>2.     **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a |

| Ashby Declaration | Defendants' Objections |
|---|---|
| | result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.      **Hearsay (FRE 801).**<br><br>Ashby's recitation of facts within this statement is based upon information and analysis contained within the referenced NEC Report constitutes inadmissible hearsay for which no foundation for any exception or exclusion has been provided.<br><br>4.      **Best evidence rule (FRE 1001-1008).**<br><br>The referenced document or documents provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 27.      In summary, the information obtained from the inspection indicates that there are industrial materials that are used and/or stored in areas that have exposure to storm water. In addition, there were industrial areas that were not maintained in a manner that would result in no exposure. | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Ashby's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.      **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Ashby was not disclosed as an expert. As a |

| Ashby Declaration | Defendants' Objections |
|---|---|
|  | result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). |
| • Tables 1 through 11. <br><br> • Figures 1 through 12. <br><br> • Images 2820, 2797, 2773, 2771, 2767, 2758, 2738, 2741, 2745, 2778, 2827, 2853, 2861, 2865, 2885, 2884, 2877, and 2876. <br><br> • NEC Report Figure 3 (Industrial Meat Processing Location), and NEC Report Figure 3 (Industrial Sewing Area). | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** <br><br> Ashby relies upon the photographs and data depicted within these tables, figures, images, and reports without establishing the proper evidentiary foundation to opine upon the same. <br><br> 2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).** <br><br> Ashby was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. <br><br> Even if Ashby were designated as an expert, all statements and opinions made in reliance upon these materials constitute improper expert opinion, as they are phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (*Chavez v. Won* (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at \*10 (citing *Crow* |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Ashby Declaration | Defendants' Objections |
|---|---|
| | *Tribe of Indians v. Racicot* (9th Cir. 1996) 87 F.3d 1039, 1045); *see also United States v. Duncan* (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")).<br><br>3.    **Hearsay (FRE 801).**<br><br>Ashby's recitation of facts and figures contained within these materials constitute inadmissible hearsay. Furthermore, to the extent any exceptions or exclusions from the rule against hearsay apply, no foundation has been provided to establish the same.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>To the extent Ashby recites facts and figures contained within these materials which have been obtained from other documents, reports, orders, or sources, the underlying materials themselves provide the best evidence of the findings, conclusions, and statements made within said materials. |

### Declaration of Rebecca Andrews (ECF 45-5)

| Andrews Declaration | Defendants' Objections |
|---|---|
| 3(A).    The Stormwater Report indicates that SHN prepared the Stormwater Report on behalf of California Department of Corrections and Rehabilitation ("CDCR") for the Mule Creek State Prison ("MCSP" or "Facility") to address Central Valley Regional Water Control Board ("Regional Board") concerns. | 1.    **Hearsay (FRE 801).**<br><br>Andrews' recitation of written statements contained within the referenced Stormwater Report constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>2.    **Best evidence rule (FRE 1001-1008).**<br><br>The Stormwater Report provides the best evidence of the purpose for, and the findings, conclusions, and statements made within, said report. |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| | |
|---|---|
| 3(B).   The Weekly Monitoring Reports indicate they are from SHN Engineers & Geologists and provide the monitoring data required by the Regional Board in accordance with a "Water Code Section 13267 Order . . . issued for the Mule Creek State Prison." | 1.   **Hearsay (FRE 801).**<br><br>Andrews' recitation of written statements contained within the Weekly Monitoring Reports constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>2.   **Best evidence rule (FRE 1001-1008).**<br><br>The Weekly Monitoring Reports provides the best evidence of the purpose for, and the findings, conclusions, and statements made within, said reports. |
| 5.   The DEIR indicates it was prepared for CDCR for its 2016 expansion of the prison complex known as the Mule Creek Infill Complex ("MCIC"). | 1.   **Hearsay (FRE 801).**<br><br>Andrews' recitation of written statements contained within the DEIR constitutes inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>2.   **Best evidence rule (FRE 1001-1008).**<br><br>The DEIR provides the best evidence of the purpose for, and the findings, conclusions, and statements made within, said report. |

### Declaration of Michelle Opalenik (ECF 45-6)

| **Opalenik Declaration** | **Defendants' Objections** |
|---|---|
| 3.   In the fall of 2006, Amador hired Carlton Engineering Inc. ("Carlton Engineering") to sample and analyze water quality in Mule Creek and water wells near MCSP, review records concerning water quality near MCSP, and prepare a report of its findings. | 1.   **Lacks foundation; lacks personal knowledge; speculation (FRE 602)**.<br><br>Opalenik's declaration does not establish any evidentiary foundation to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.   **Best evidence rule (FRE 1001-1008)**.<br><br>The contract for services between Amador |

00053923.1                                        56

| Opalenik Declaration | Defendants' Objections |
|---|---|
| | County and Carlton Engineering provides the best evidence of any relationship between the County and the engineering firm, as well as the nature of said relationship. |
| 3.      According to its Report, the Mule Creek samples contained indicators of sewage, and some of the groundwater samples from nearby drinking water wells showed nitrates in excess of the maximum contaminant level ("MCL"). | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602)**.<br><br>Opalenik's declaration does not establish any evidentiary foundation to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.      **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Opalenik was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Opalenik were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704).<br><br>3.      **Hearsay (FRE 801).**<br><br>Opalenik's recitation of written statements made within the referenced report constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.      **Best evidence rule (FRE 1001-1008).**<br><br>The referenced report provides the best evidence of the findings, conclusions, and statements made within said report. |
| 3.      Carlton Engineering concluded that MCSP was impacting water quality in Mule Creek, and there was the potential that a significant percentage of the groundwater in | 1.      **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Opalenik's declaration does not establish any |

00053923.1

57

| Opalenik Declaration | Defendants' Objections |
|---|---|
| the area of MCSP originated from MCSP's practice of spraying effluent on the land to dispose of it. | evidentiary foundation to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.     **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Opalenik was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Opalenik were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704).<br><br>3.     **Hearsay (FRE 801).**<br><br>Opalenik's recitation of conclusions drawn and findings made by Carlton Engineering constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established.<br><br>4.     **Best evidence rule (FRE 1001-1008).**<br><br>The referenced report provides the best evidence of the findings, conclusions, and statements made within said report. |
| 4.     To address concerns about contamination of drinking water near MCSP, in 2007, the County Board of Supervisors established the Amador Safe Drinking Water Program ("Program") to provide loans or grant funds to property owners near MCSP, whose drinking water wells have nitrate levels in excess of the MCL, to connect to the community water system. The Board of Supervisors adopted Resolution No. 07-163 to create the Program. | 1.     **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Opalenik's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>2.     **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Opalenik was not disclosed as an expert. As a |

00053923.1                                                58

| Opalenik Declaration | Defendants' Objections |
|---|---|
| | result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Opalenik were designated as an expert, which she is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704).<br><br>**3.    Best evidence rule (FRE 1001-1008).**<br><br>The referenced Board of Supervisors Resolution provides the best evidence of the intent and purpose of the Amador Safe Drinking Water Program. |
| 5.    Pursuant to the Program, Amador gave a grant to Rocklin Costa to pay for the cost of connecting his residence to the public water system. Mr. Costa's contract with the contractor was for time and materials with a not to exceed limit of $18,830.00. | **1.    Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Opalenik's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.    Hearsay (FRE 801).**<br><br>Opalenik's recitation of contract specifics, including contract purpose and material terms, constitute inadmissible hearsay. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay.<br><br>**3.    Best evidence rule (FRE 1001-1008).**<br>The referenced contract provides the best evidence of the contract purpose and specifics. |
| 6.    Amador staff has continued to keep the Board of Supervisors updated on MCSP's releases. | **1.    Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Opalenik's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**3.    Hearsay (FRE 801).** |

00053923.1                                    59

| Opalenik Declaration | Defendants' Objections |
|---|---|
|  | This statement is based upon inadmissible out-of-court statements offered for the truth of the matter asserted. Furthermore, the testimony does not qualify for any exception or exclusion from the rule against hearsay. Even if the testimony did qualify for an exception or exclusion from the rule against hearsay, no foundation for any such exception or exclusion has been properly established. |

**Declaration of Edmund Taylor (ECF 45-7)**

| Taylor Declaration | Defendants' Objections |
|---|---|
| 9.    I am aware that Mule Creek is situated directly upstream of, and is a tributary to, Dry Creek. | **1.    Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of determining what is and is not a "tributary," in the context of the Clean Water Act. |
| 13.    I have read the November 1, 2019 report entitled "Revised Stormwater Collection System Investigation Report of Findings" prepared by SHN on behalf of the prison. This report describes hundreds of defects found in the prison's storm water collection system and sanitary sewer system. The report also describes that both systems are aging, and are located in close proximity to each other. I am also aware that the Regional Board has collected samples from the prison's storm water system that the Regional Board characterized as "grey water, sewage, or a mixture" based on the pollutants they found in those samples. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Taylor did not prepare the SHN report or Regional Board samples. Thus, his declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>3.    **Hearsay (FRE 801).**<br><br>Taylor's recitation of conclusions drawn and findings made within the SHN Report and Regional Board Samples constitute inadmissible hearsay. Furthermore, to the extend any exception or exclusion from the |

00053923.1                                          60

| Taylor Declaration | Defendants' Objections |
|---|---|
| | rule against hearsay apply, no foundation for any such exclusion or exception has been established.<br><br>4.    **Best evidence rule (FRE 1001-1008).**<br><br>The referenced SNH report and Regional Board samples provide the best evidence of the findings, conclusions, and statements made within said materials. |
| 14.    It is my understanding that untreated and inadequately treated sewage from sanitary sewer systems can contain numerous pollutants. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Taylor's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| 15.    I understand that Mule Creek State Prison discharges storm water and non-storm water into Mule Creek, and that these discharges contain very high levels of pollutants, including bacteria, metals, and pharmaceuticals. I am concerned that those pollutants come into contact with the crops that I grow on the ranch. I am also concerned that those pollutants are ingested by the livestock that I raise. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Taylor's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| 16.    I am concerned that Mule Creek State Prison's discharges of pollutants into Mule Creek reduce the quality of the hay and livestock that I grow and sell. Using polluted water to irrigate is antithetical to regenerative farming practices and threatens my ability to farm in a way that benefits me and the land. I | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Taylor's declaration does not establish the evidentiary foundation required to support his having personal regarding his assertion that MCSP discharges "polluted water" or any |

00053923.1                                                     61

| Taylor Declaration | Defendants' Objections |
|---|---|
| am also concerned that the property value of the ranch could be diminished because the ranch's primary source of irrigation is routinely polluted by discharges from Mule Creek State Prison; without a clean source of water with which to irrigate, the ranch cannot properly realize its highest economic value. | plausible basis for believing that any pollutants discharged by MCSP will come into contact with his hay or livestock.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| 17.    I am also concerned that Mule Creek State Prison's continuing discharges of pollutants into Mule Creek will require expensive filtration technology, such as settlement tanks, particulate filters and ionization treatment to make the water safe for regenerative ranching purposes. | 1.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Taylor's declaration does not establish the evidentiary foundation required to support his having personal knowledge regarding the assertions made within this statement.<br><br>2.    **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| 18.    Mule Creek State Prison's discharges of pollutants into Mule Creek also negatively impacts how I recreate on the ranch. I regularly hunt duck, dove, and quail on the ranch. I am concerned that the animals that I hunt are ingesting the chemicals and pollutants discharged from Mule Creek State Prison, because they also rely on the waters downstream of the prison's discharges. As I have become aware of the various pollutants that have been, and are being, discharged into Mule Creek, including the bacteria and chemicals discharged by Mule Creek State Prison, I have begun to reduce my consumption of the game animals that I hunt on the property. | **1. Improper opinion testimony (FRE 701, 702, 703, and 704).**<br><br>Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>Even if Taylor were designated as an expert, which he is not, this statement constitutes improper expert opinion, as it is phrased in terms of inadequately explored legal criteria. (Advisory Committee Note, Fed. R. Evid. 704). Furthermore, "[a]n expert may not offer a legal conclusion or testimony on "issues of law." (Chavez v. Won (E.D. Cal. 2020) 2020 U.S. Dist. LEXIS 235736, at *10 (citing Crow Tribe of Indians v. Racicot (9th Cir. 1996) 87 F.3d 1039, 1045); see also United |

00053923.1

62

| Taylor Declaration | Defendants' Objections |
|---|---|
| | States v. Duncan (2d Cir.1994) 42 F.3d 97, 101 ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")). **2. Lacks foundation; lacks personal knowledge (FRE 602).** Taylor does not establish any evidentiary foundation or personal knowledge to support his assertion that MCSP discharges "various pollutants" or any plausible basis for believing that any pollutants discharged by MCSP will be consumed in detectible quantities by any animals in the area of Mule Creek. |
| 19.    Mule Creek State Prison's pollutant discharges to Mule Creek make their way into Dry Creek, and I am concerned that the pollutants harm the birds, fish, and mammals that I like to watch, for which I have a deep love and respect, and with which I have a profound emotional attachment. The pollution caused by Mule Creek State Prison prevents me from fully enjoying the aesthetic and recreational activities that I regularly engage in on my property. | 1.    **Improper opinion testimony (FRE 701, 702, 703, and 704)**. Taylor was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. 2.    **Lacks foundation; lacks personal knowledge; speculation (FRE 602).** Taylor does not establish any evidentiary foundation or personal knowledge to support his assertion that MCSP's "pollutant discharges to Mule Creek make their way into Dry Creek" or any plausible basis for believing that pollutants discharged from MCSP will be detected in Dry Creek or harm any birds, fish, or mammals that he enjoys. |

**Declaration of Katharine Evatt (ECF 45-8)**

| Evatt Declaration | Defendants' Objections |
|---|---|
| 5.    Mule Creek and Dry Creek are important tributaries to the Mokelumne River | 1.    **Improper opinion testimony (FRE 701, 702, 703 and 704).** |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Evatt Declaration | Defendants' Objections |
|---|---|
| because they provide water to its critical habitat for fall-run Chinook salmon and steelhead trout. | Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of determining what is and is not a "tributary," in the context of the Clean Water Act. |
| 7. In 2002, I was involved in an effort to prevent a mining project from going forward along Dry Creek north of Highway 104 between Collings and Irish Hill roads, next to Mule Creek State Prison. The Amador County Planning Commission approved a use permit, environmental determination, and reclamation plan for the Q-Ranch Mine to extract sand, gravel, and silt from 1930s-era gold-mining dredger tailings, Dry Creek, and surrounding bottom land. On behalf of Foothill Conservancy, I helped appeal the permit, putting the decision on hold while additional studies could be completed. Among the species threatened by this mining project were the valley elderberry longhorn beetle, Ione manzanita, California tiger salamander, and vernal pool invertebrates. The impacts from the mining project would have likely adversely affected downstream steelhead and Chinook salmon. | 1. **Relevancy (FRE 401, 402)**<br><br>Evatt's prior involvement in efforts to prevent mining operations in the area in question—as well as the project permitting and entitlement efforts associated with the same—have no logical relevance or probative value to the instant litigation. As such, these statements are wholly irrelevant.<br><br>2. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Evatt's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>3. **Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement. |
| 8. Under an agreement with the Central Valley Regional Water Quality Control Board, the fines were directed to Foothill Conservancy to implement a local project with water quality benefits. | 1. **Best evidence rule (FRE 1001-1008).**<br><br>The referenced agreement provides the best evidence of the findings, conclusions, and statements made within said materials. |
| 10. Downstream of Camanche Reservoir, cold water is critical to the survival of the river's salmon and steelhead population. | 1. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Evatt's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement. |

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**

| Evatt Declaration | Defendants' Objections |
|---|---|
| | **2.   Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>**3.   Relevancy (FRE 401, 402)**<br><br>This statement has no logical relevance or probative value to the instant litigation. As such, it is wholly irrelevant. |
| 11.   These projects threatened to have lasting, negative impacts to the local water supply, water quality, aesthetics, noise levels, traffic, air quality, and public health. | **1.   Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Evatt's declaration does not establish the evidentiary foundation required to support her having personal knowledge regarding the assertions made within this statement.<br><br>**2.   Improper opinion testimony (FRE 701, 702, 703 and 704).**<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>**3.   Relevancy (FRE 401, 402)**<br><br>This statement has no logical relevance or probative value to the instant litigation. As such, it is wholly irrelevant. |
| 16.   I am aware that Mule Creek State Prison discharges to Mule Creek. I am aware also that the prison's discharges regularly violate water quality standards, and I believe that the prison continues to discharge pollutants to Mule Creek. I understand that the prison's discharges degrade the water quality of Mule Creek, Dry Creek, and the Mokelumne River by discharging pollutants, including bacteria, metals, and pharmaceuticals. | **1.   Improper opinion testimony (FRE 701, 702, 703, and 704).**<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>**2.   Lacks foundation; lacks personal knowledge; speculation; assumes facts not in evidence (FRE 602).** |

00053923.1

65

| Evatt Declaration | Defendants' Objections |
|---|---|
| | Evatt does not establish any evidentiary foundation or personal knowledge to support her assertions that "the prison's discharges regularly violate water quality standards;" that "the prison continues to discharge pollutants to Mule Creek;" or that "the prison's discharges degrade the water quality of Mule Creek, Dry Creek, and the Mokelumne River." |
| 17. As explained above, I have worked for more than 30 years to protect the water quality and habitat of the Mokelumne River watershed. Mule Creek State Prison's polluted discharges negatively affect the water quality of the watershed and undermine the work I have done and continue to do. | 1. **Improper opinion testimony (FRE 701, 702, 703, and 704**).<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>2. **Lacks foundation; lacks personal knowledge; speculation; assumes facts not in evidence (FRE 602).**<br><br>Evatt does not establish any evidentiary foundation, personal knowledge, or any plausible basis for believing that MCSP's discharges "negatively affect the water quality of the [Mokelumne] watershed." |
| 18. I am concerned that the pollutants that the prison discharges into Mule Creek make their way into the Mokelumne River by way of Dry Creek, and harm the fall-run Chinook salmon and steelhead populations I have worked hard to protect. Therefore, again, the discharges negatively impact my efforts to restore these fish populations. | 1. **Improper opinion testimony (FRE 701, 702, 703. and 704**).<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>2. **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Evatt does not establish any evidentiary foundation, personal knowledge, or any plausible basis for believing that MCSP discharges pollutants which could plausibly "make their way into the Mokelumne River by way of Dry Creek, and harm the fall-run Chinook salmon and steelhead populations." |
| 19. I am also concerned that when these pollutants enter the Mokelumne River | 1. **Improper opinion testimony (FRE 701, 702, 703, and 704**). |

00053923.1
66

| Evatt Declaration | Defendants' Objections |
|---|---|
| watershed and ecosystem, they harm the numbers of the birds, fish, and mammals that I regularly enjoy and have worked to protect for more than 30 years. The knowledge and existence of Mule Creek State Prison's polluted discharges prevents me from fully enjoying my recreational, aesthetic, and volunteer activities in the Mokelumne River watershed. | Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the details provided within the statement.<br><br>2.  **Lacks foundation; lacks personal knowledge; speculation (FRE 602).**<br><br>Evatt does not establish any evidentiary foundation, personal knowledge, or any plausible basis for believing that MCSP discharges pollutants which could plausibly "enter the Mokelumne River watershed and ecosystem" or "harm the numbers of the birds, fish, and mammals" there. |
| 21.    Moreover, remedying Mule Creek State Prison's violations would ensure that the Prison is not degrading the water quality and habitat of the Mokelumne River watershed, which I have worked and continue to work to protect. | 1.  **Improper opinion testimony (FRE 702 and 703)**.<br><br>Evatt was not disclosed as an expert. As a result, this statement constitutes improper opinion testimony by a lay witness, based on the scientific, technical, and specialized nature of the findings and analysis described here.<br><br>2.  **Lacks foundation; lacks personal knowledge; speculation; assumes facts not in evidence (FRE 602).**<br><br>Evatt does not establish any evidentiary foundation, personal knowledge, or any plausible basis for believing that MCSP has discharged any pollution that has, or is capable of, "degrading the water quality and habitat of the Mokelumne River watershed." |

**Declaration of William Carlon (ECF 45-9)**

| Carlon Declaration | Defendants' Objections |
|---|---|
| 3.    "A true and correct copy of a Review of Revised Storm Water System Investigation Findings Report, California Department of Corrections and Rehabilitations, Mule Creek State Prison, Amador County, […] is attached to the Appendix of Exhibits in Support of Plaintiffs' Motion for Summary Adjudication | 1.    **Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Report, Plaintiffs seek to admit the same via declaration—in an attempt to circumvent the rule against hearsay and place before the court facts contained within the report that are |

00053923.1                                                    67

| Carlon Declaration | Defendants' Objections |
|---|---|
| […] The report is an act of the State Board, a state agency. This document was produced by Defendants…in response to a discovery request propounded by Plaintiffs in this litigation." | currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this report for the truth of the matters asserted. |
| 4.    "A true and correct copy of an inspection report prepared by…the U.S. Environmental Protection Agency, […] is attached to Plaintiffs' Appendix as Exhibit 22 ("EPA Inspection Report"). The EPA Inspection Report is an official action of a federal government agency. The document was produced by Defendants in response to a discovery request propounded by Plaintiffs in this litigation." | **1.    Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Report, Plaintiffs seek to admit the same via declaration—in an attempt to circumvent the rule against hearsay and place before the court facts contained within the report that are currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 |

00053923.1

68

| Carlon Declaration | Defendants' Objections |
|---|---|
| | U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this report for the truth of the matters asserted. |
| 5.    "A true and correct copy of Comments to the Non-Storm Water Discharge Elimination Plan; California Department of Corrections and Rehabilitation, Mule Creek State Prison, EDID#5S03M2000307, Amador County, […] is attached to Plaintiffs' Appendix as Exhibit 23 ("Discharge Elimination Plan Comment"). The Discharge Elimination Plan Comment is an act of the Regional Board, a state agency. I received this document from the Regional Board, as a result of a request under the California Public Records Act. CSPA produced this document to Defendants during the course of discovery…" | **1.    Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this document, Plaintiffs seek to admit the same via declaration—in an attempt to circumvent the rule against hearsay and place before the court facts contained within the document that are currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this document for the truth of the matters asserted. |
| 6.    "A true and correct copy of Water Code Section 13267 Order (Order) for Technical and Monitoring Reports and Notice of Violation for Illegal Discharge to Surface Water and Non-Compliance with the | **1.    Hearsay (FRE 801).**<br><br>Instead of requesting judicial notice of this Order, Plaintiffs seek to admit the same via declaration—in an attempt to circumvent the |

00053923.1                                         69

| Carlon Declaration | Defendants' Objections |
|---|---|
| Construction Storm Water Permit, California Department of Corrections-Mule Creek State Prison, Amador County, dated February 14, 2018, is attached to Plaintiffs' Appendix as Exhibit 24 ("13267 Order"). The 13267 Order was issued by the Regional Board and is, thus, an official act of a state agency. I received this document from the Regional Board, as a result of a request under the California Public Records Act. CSPA produced this document to Defendants during the course of discovery…" | rule against hearsay and place before the court facts contained within the Order that are currently disputed in this litigation, for the truth of the matters asserted.<br><br>It is well established that while a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. (Fed. R. Evid. 201(b); Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 688-89 (explaining that judicial notice may be taken as to the existence of a public record, but not for the truth of the facts recited therein); Stevenson v. Holland (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 182508, *24-25; Toma & Petros, DDS, Inc. v. The Hartford (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 125412, *6; and Schechter v. Smith (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 164561, at *19 (explaining that "one of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule" (quoted source omitted)).<br><br>Accordingly, Defendants object to the consideration of any statements or assertions recited within this Order for the truth of the matters asserted. |

Dated: August 1, 2022

Respectfully submitted,

HARTMAN KING PC


By: _____ /s/ Alanna Lungren _____
    JENNIFER HARTMAN KING
    ALANNA LUNGREN
    WILLIAM D. MARSH
    J. R. PARKER
    ANDREYA WOO NAZAL
Attorneys for Defendant
KATHLEEN ALLISON in her capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison

00053923.1

70

**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION**