JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
WILLIAM D. MARSH (SBN 200082)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:  (916) 379-7530
Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
WMarsh@HartmanKingLaw.com
JRParker@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Exempt From Filing Fees Pursuant
To Government Code Section 6103

Attorneys for Defendants KATHLEEN ALLISON,
in her official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant.<br><br>COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | Case No. 2:20-CV-02482-WBS-AC [consolidated with 2:21-CV-00038-WBS-AC]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: August 22, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. William B. Shubb<br>Ctrm. 5<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Final Pretrial Conf.: February 13, 2023<br>Trial Setting Conf.: April 18, 2023 |

00053899.1

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Defendants KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison ("Defendants"), hereby respectfully request, pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below, that the Court take judicial notice of the followings exhibits in connection with Defendants' Opposition ("Defendants' Opposition") to Plaintiffs' CALIFORNIA SPORTFISHING PROTECTION ALLIANCE and the COUNTY OF AMADOR (collectively, "Plaintiffs") Motion for Summary Adjudication ("MSA"):

- Exhibit C – State Water Resources Control Board Resolution No. 2022-0006, Adopt the Clean Water Act Section 303(d) List of Impaired Waters for the 2020-2022 California Integrate Report, dated January 19, 2022;

- Exhibit D – Central Valley Region, Regional Board 5, Final California 2020 Integrated Report, 303(d) List/305(b) Report, Dry Creek;

- Exhibit E – Central Valley Region, Regional Board 5, Final California 2020 Integrated Report, 303(d)List/305(b) Report, Lower Mokelumne River;

- Exhibit I – State Water Resources Control Board National Pollutant Discharge Elimination System ("NPDES") General Permit for Storm Water Discharges Associated with Industrial Activities Appendix 2, NPDES No. CAS000001, adopted April 1, 2014;

- Exhibit K – State Water Resources Control Board Fact Sheet for NPDES General Permit and Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, Order No. 2013-0001-DWQ, as Amended by Order 2017-XXXX-DWQ;

- Exhibit T – State Water Resources Control Board Designation of Mule Creek State Prison as Small MS4 Permittee under the Small MS4 General Permit, State Water Resources Control Board Order WQ 2019-0009-EXEC Amending Water Quality Order 2013-0001-DWQ, NPDES No. CAS00004, dated April 24, 2019;

00053899.1                                   1

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

- Exhibit U – State Water Resources Control Board Receipts of No Exposure Certification (NEC) Under the Industrial General Permit, first processed May 22, 2018
    o Receipt of NEC Under the Industrial General Permit, dated July 27, 2018
    o Receipt of NEC Under the Industrial General Permit, dated July 5, 2019
    o Receipt of NEC Under the Industrial General Permit, dated July 3, 2020
    o Receipt of NEC Under the Industrial General Permit, dated September 23, 2021;
- Exhibit Q – Central Valley Regional Water Quality Control Board NEC Inspection Report, dated February 11, 2021; and
- Exhibit L – Central Valley Regional Water Quality Control Board Recission of the 14 February 2018 13267 Order, dated June 14, 2021.

True and correct copies of the above-mentioned exhibits are attached to Defendants' Appendix of Exhibits in Support of Opposition to Plaintiffs' Motion for Summary Adjudication, filed concurrently herewith.

A Court "must" take notice if a party requests it and supplies the Court with the requisite information. Fed. R. Evid. 201(c). Additionally, only relevant facts may be judicially noticed. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." (quotations omitted)).

"It is appropriate to take judicial notice of . . . information, [that] was made publicly available by government entities . . . , and neither party disputes the authenticity . . . or the accuracy of the information . . . ." *Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99* (9th Cir. 2010) (taking judicial notice of a list of vendors displayed on school districts' websites). Judicial notice

00053899.1

2

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

may be taken of "the existence and authenticity of the public and quasi-public document[s]"; however, "to the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice." *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp.2d 1224, 1234 (E.D.Cal. 2003); *see also Kent v. Daimlerchrysler Corp.*, 200 F. Supp.2d 1208, 1219 (N.D.Cal. 2002); *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp.2d 1236, 1242-43 (S.D.Cal. 2000). Courts may also take judicial notice of a matter of public record. *Moore v. Navarro*, 2004 U.S. Dist. LEXIS 6039, *5 (N.D. Cal. Mar. 31, 2004); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (granting motion for judicial notice of a 1959 Order entered by the Federal Power Commission).

**1. Exhibit C – State Water Resources Control Board Resolution No. 2022-0006, Adopt the Clean Water Act Section 303(d) List of Impaired Waters for the 2020-2022 California Integrate Report, dated January 19, 2022 ("Resolution No. 2022-0006")**

The State Water Resources Control Board Resolution No. 2022-0006 is relevant because in Plaintiffs' Motion for Summary Adjudication ("MSA"), Plaintiffs allege Defendants violated Provision D of the Small MS4 permit. MSA at 35:7-18. Resolution No. 2022-0006 aims "to establish a standardized approach for developing California's section 303(d) list in order to achieve the overall goal of achieving water quality standards and maintaining beneficial uses in all of California's surface waters." Resolution No. 2022-0006 is central to Defendants' defense that Plaintiffs have not established discharges from Mule Creek State Prison are violating discharge prohibitions or receiving water limitations because there is no evidence the receiving waters are actually impaired.

The authenticity of Resolution No. 2022-0006 cannot be disputed. Resolution No. 2022-0006 was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, Resolution No. 2022-0006 is publicly available on the State Water Resources Control Board's website, in duplicate, at the following address:

https://www.waterboards.ca.gov/rwqcb5/water_issues/tmdl/impaired_waters_list/

00053899.1                                    3

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Therefore, Resolution No. 2022-0006 meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit C.

**2. Exhibit D – Central Valley Region, Regional Board 5, Final California 2020 Integrated Report ("303(d) List/305(b) Report, Dry Creek")**

303(d) List/305(b) Report, Dry Creek, is relevant to the action because it establishes which pollutants are being considered for placement on the Clean Water Act section 303(d) List in Dry Creek, located in the eastern portion of Sacramento and San Joaquin Counties. Defendants rely on this data to refute Plaintiffs' claims that Defendants violated the Clean Water Act.

The authenticity of 303(d) List/305(b) Report, Dry Creek, cannot be disputed. 303(d) List/305(b) Report, Dry Creek, was prepared by representatives of the Central Valley Regional Water Quality Control Board and formally adopted by the State Water Resources Control Board. Moreover, 303(d) List/305(b) Report, Dry Creek, publicly available on the State Water Resources Control Board's website at the following address:

https://www.waterboards.ca.gov/water_issues/programs/tmdl/2020_2022state_ir_reports _revised_final/apx-b/02099.shtml

Therefore, 303(d) List/305(b) Report, Dry Creek, meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit D.

**3. Exhibit E - Central Valley Region, Regional Board 5, Final California 2020 Integrated Report ("303(d)List/305(b) Report, Lower Mokelumne River")**

303(d) List/305(b) Report, Lower Mokelumne River, is relevant to the action because it establishes which pollutants are being considered for placement on the Clean Water Act section 303(d) List in the Lower Mokelumne River, located in the eastern portion of the Delta Waterways. Defendants rely on this data to refute Plaintiffs' claims that Defendants violated the Clean Water

Act.

The authenticity of 303(d) List/305(b) Report, Lower Mokelumne River, cannot be disputed. 303(d) List/305(b) Report, Lower Mokelumne River, was prepared by representatives of the Central Valley Regional Water Quality Control Board and formally adopted by the State Water Resources Control Board. Moreover, 303(d) List/305(b) Report, Dry Creek, is publicly available on the State Water Resources Control Board's website at the following address:

https://www.waterboards.ca.gov/water_issues/programs/tmdl/2020_2022state_ir_reports_revised_final/apx-b/01297.shtml

Therefore, 303(d) List/305(b) Report, Lower Mokelumne River, meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit E.

4. **Exhibit I - State Water Resources Control Board National Pollutant Discharge Elimination System ("NPDES") General Permit for Storm Water Discharges Associated with Industrial Activities Appendix 2, NPDES No. CAS000001, adopted April 1, 2014 ("Industrial General Permit Appendix 2")**

The State Water Resources Control Board Industrial General Permit Appendix 2 is relevant to the action because it provides state agency guidance for obtaining NEC coverage. Defendants rely on guidelines included in Industrial General Permit Appendix 2 to refute Plaintiffs' MSA claims that Defendants violated provisions of the Industrial General Permit. MSA at 37:23-26.

The authenticity of Industrial General Permit Appendix 2 cannot be disputed. Industrial General Permit Appendix 2 was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, Industrial General Permit Appendix 2 is publicly available on the State Water Resources Control Board's Industrial Permit Order website, in duplicate, at the following address:

https://www.waterboards.ca.gov/water_issues/programs/stormwater/igp_20140057dwq.ht

00053899.1                                              5

ml

Therefore, Industrial General Permit Appendix 2 meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit I.

5. **Exhibit K - State Water Resources Control Board Fact Sheet for NPDES General Permit and Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, Order No. 2013-0001-DWQ, as Amended by Order 2017-XXXX-DWQ ("MS4 Fact Sheet")**

The State Water Resources Control Board MS4 Fact Sheet is relevant because it describes the factual, legal, and methodological basis for the Small MS4 General Permit, provides supporting documentation, and explains the rationale and assumptions used in deriving the limits and requirements. Defendants rely on the MS4 Fact Sheet to dispute Plaintiffs' allegations regarding stormwater exceedances, and support Defendants' defense that Plaintiffs' claims cannot be established as a matter of law.

The authenticity of the MS4 Fact Sheet cannot be disputed. The MS4 Fact Sheet was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the MS4 Fact Sheet is publicly available on the State Water Resources Control Board's Listing Policy website, in duplicate, at the following address:

https://www.waterboards.ca.gov/water_issues/programs/stormwater/docs/phase_ii_municipal/factsheet.pdf

Therefore, the MS4 Fact Sheet meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit K.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

**6. Exhibit T – State Water Resources Control Board Designation of Mule Creek State Prison as Small MS4 Permittee under the Small MS4 General Permit, Order WQ 2019-0009-EXEC Amending Water Quality Order 2013-0001-DWQ, NPDES No. CAS00004, dated April 24, 2019 ("Small MS4 Designation")**

The State Water Resources Control Board Small MS4 Designation is relevant because, as a permittee under the Small MS4 General Permit since 2019, Defendants have been engaged in an iterative process with the State Water Resources Control Board to monitor and improve its Small MS4 General Permit program to comply with the Permit. The Small MS4 Designation is relevant and central to Defendants' defense regarding agency involvement in operations at Mule Creek State Prison.

The authenticity of the Small MS4 Designation cannot be disputed. The Small MS4 Designation was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the Small MS4 Designation is publicly available on the State Water Resources Control Board's Stormwater Multiple Application and Report Tracking System ("SMARTS") database, in duplicate, at the following address:

https://smarts.waterboards.ca.gov/smarts/faces/SwPublicUserMenu.xhtml

Therefore, the Small MS4 Designation meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit T.

**7. Exhibit U – State Water Resources Control Board Receipts of No Exposure Certification (NEC) Under the Industrial General Permit, first processed May 22, 2018 ("Receipts of NEC Under the Industrial General Permit")**

The State Water Resources Control Board Receipt of NEC Under the Industrial General Permit, dated July 27, 2018, Receipt of NEC Under the Industrial General Permit, dated July 5, 2019, Receipt of NEC Under the Industrial General Permit, dated July 3, 2020, and Receipt of

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

NEC Under the Industrial General Permit, dated September 23, 2021 (collectively, "Receipts of NEC Under the Industrial General Permit") are relevant because these documents indicate that Defendants are in compliance with the Industrial General Permit, contrary to Plaintiffs' MSA. MSA at 36-37.

The authenticity of Receipts of NEC Under the Industrial General Permit cannot be disputed. Each document was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source. Moreover, Receipts of NEC Under the Industrial General Permit are publicly available on the State Water Resources Control Board's SMARTS database, in duplicate, at the following address:

https://smarts.waterboards.ca.gov/smarts/faces/SwPublicUserMenu.xhtml

Therefore, Receipts of NEC Under the Industrial General Permit meet the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and are properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit U.

**8. Exhibit Q – Central Valley Regional Water Quality Control Board NEC Inspection Report, dated February 11, 2021 ("NEC Inspection Report")**

The Central Valley Regional Water Quality Control Board's ("Regional Board") NEC Inspection Report is relevant and central to the action because it identifies the types of industrial activities that take place at Mule Creek State Prison and supports Defendants' defense that such activities comply with the applicable requirements, pursuant to the Regional Board's observations.

The authenticity of the NEC Inspection Report cannot be disputed. The NEC Inspection Report was drafted by representatives of a public entity and is issued on the official letterhead of the Regional Board, which readily identifies the source of the document. Moreover, the NEC Inspection Report is publicly available on the State Water Resources Control Board's SMARTS database, in duplicate, at the following address:

https://smarts.waterboards.ca.gov/smarts/faces/SwPublicUserMenu.xhtml

Therefore, the NEC Inspection Report meets the requirements of Rule 201(b)(2) of the

Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit Q.

**9. Exhibit L – Central Valley Regional Water Quality Control Board Recission of the 14 February 2018 13267 Order, dated June 14, 2021 ("13267 Order Recission")**

The 13267 Order Recission is relevant to the action because it supports Defendants' contention that there is no evidence of cross-contamination or sewage entering the Facility's stormwater system, which Plaintiffs' have repeatedly alleged. MSA at 10.

The authenticity of the 13267 Order Recission cannot be disputed. The 13267 Order Recission was drafted by representatives of a public entity and is issued on the official letterhead of the Regional Board, which readily identifies the source of the document. Moreover, the 13267 Order Recission is available to the public via request to the Regional Board's public email address: info5@waterboards.ca.gov. Moreover, because Defendants are a governmental entity, the 13267 Order Recission is also available to the public pursuant to the California Public Records Act, Cal. Gov't Code § 6520 et. seq.

Therefore, the 13267 Order Recission meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to Plaintiffs' MSA. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit L.

Dated: August 1, 2022                    Respectfully submitted,

                                       HARTMAN KING PC

                                       By: */s/* Jennifer Hartman King
                                           JENNIFER HARTMAN KING
                                           ALANNA LUNGREN
                                           WILLIAM D. MARSH
                                           J.R. PARKER
                                           ANDREYA WOO NAZAL
                                           Attorneys for Defendants

KATHLEEN ALLISON in her capacity as Secretary of THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE