| | |
|---|---|
| 1 | ANDREW L. PACKARD (Bar No. 168690) |
| | andrew@packardlawoffices.com |
| 2 | WILLIAM N. CARLON (Bar No. 305739) |
| | wncarlon@packardlawoffices.com |
| 3 | Law Offices of Andrew L. Packard |
| 4 | 245 Kentucky Street, Suite B3 |
| | Petaluma, CA 94952 |
| 5 | Tel: (707) 782-4060 |

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE
[additional counsel next page]

**UNITED STATES DISTRICT COURT**
**EASTER DISTRICT OF CALIFORNIA**
**ROBERT T. MATSUI FEDERAL COURTHOUSE**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, | Case No.: 2:20-cv-02482-WBS-AC |
| Plaintiff, | **PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S MOTION TO RECONSIDER ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation | Judge: Hon. William B. Shubb |
| | Date: October 17, 2022 |
| | Time: 1:30 p.m. |
| Defendant | Courtroom: 5 |
| COUNTY OF AMADOR, a public agency of the State of California | Action Filed: Jan. 7, 2021 |
| | Trial Date: April 18, 2023 |
| Plaintiff, | |
| v. | |
| KATHLEEN ALLISON in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity of Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison, | |
| Defendants | |

―――――――――――――――――――――――――――――――――――――――――――
MOTION TO RECONSIDER                    Case No.: 2:20-cv-02482-WBS-AC

JASON FLANDERS (Bar No. 238007)
jrf@atalawgroup.com
ERICA MAHARG (Bar No. 279396)
eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Tel. (916) 202-3018

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE THAT on October 17, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the United States District Court, Eastern District of California, 501 I Street, Sacramento, California, Plaintiff California Sportfishing Protection Alliance ("CSPA" or "Plaintiff") shall move for reconsideration of the Court's August 29, 2022 Order re: Motion for Partial Summary Judgment. The Motion asks the Court to reconsider its order only as to violations related to *E. coli* and sampling from outfalls MCSP2 and MCSP3.

This Motion is made pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 230(j). This Motion is based on the accompanying Memorandum of Points and Authorities, the briefing on Plaintiffs' Motion for Partial Summary Judgment, the docket in this action, and any other matters properly before the Court at the hearing.

Dated: September 15, 2022    LAW OFFICES OF ANDREW L. PACKARD

*s/ Andrew L. Packard*
ANDREW L. PACKARD
WILLIAM N. CARLON
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

Dated: September 15, 2022    AQUA TERRA AERIS LAW GROUP

*s/ Erica A. Maharg*
JASON R. FLANDERS
ERICA A. MAHARG
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On August 29, 2022, the Court issued an order partially granting and partially denying Plaintiffs' Motion for Partial Summary Judgment.[1] ECF No. 60 ("Order"). In the Order, the Court found there was a genuine dispute of fact as to whether Mule Creek is designated for municipal drinking water (MUN) use and whether discharge samples taken at a MCSP5 and MCSP6 reached Mule Creek. CSPA does not seek reconsideration of those findings. However, the Order does not appear to consider two material facts and the implications thereof on the Motion for Partial Summary Judgment. First, Mule Creek is indisputably designated for water-contact recreation (REC-1) use, and the violations arising from exceedances of *E. coli* water quality standards apply to that use, not the MUN use. Second, the Order does not consider the fact that all outfall samples taken before December 22, 2020 were collected at MCSP2 and MCSP3, and Defendants do not dispute that samples taken at MCSP2 and MCSP3 reach Mule Creek. Reconsidering these undisputed facts supports finding that Defendants violated Provisions B.1, B.2, and D for *E. coli* discharges prior to December 22, 2020. While the disputed issues articulated in the Order would remain, reconsideration of these narrow issues would significantly streamline the evidence presented at trial.

---

[1] Plaintiffs referred to this as a Motion for Summary Adjudication. ECF No. 45. The Order states that the proper name of the motion is a Motion for Partial Summary Judgment (ECF No. 60 at 1, n.1), and Plaintiff refers to it as such herein.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Motion for Partial Summary Judgment

On June 28, 2022, Plaintiffs jointly moved for partial summary judgment on violations of Provisions B.1, B.2, and D of the Small MS4 Permit.[2] See, generally, ECF No. 54.[3] To demonstrate exceedances of *E. coli* and metals water quality standards, Plaintiffs relied on sampling conducted by Defendants at MCSP2, MCSP3, MCSP4, MCSP5, and MCSP6 from April 2019 through March 2022. See ECF No. 45-4 (Ashby Decl.), ¶¶ 10-12, 14-15, 17, 19-21, tbls. 2-6. 8-11.

A subset of the sampling results referred only to exceedances of *E. coli* water quality standards taken at sampling locations MCSP2 and MCSP3. MCSP2 and MPCP3 are sampling locations located at the outfalls from the Facility to Mule Creek. See ECF No. 60 (Order) at 17:14-16 ("A map of the prison, of Mule Creek, and of the various sampling locations shows that MCSP2 and MCSP3 are near Mule Creek. . .."); ECF No. 49-13 at 11 (map of Mule Creek); ECF No. 45-4 (Ashby Decl.), ¶¶ 7.A, 7.B (explaining that MCSP2 and MCSP3 are sampling points at the outfalls to Mule Creek). In addition, *E. coli* water quality standards are set to protect waterbodies designated for

---

[2] Full title: National Pollutant Discharge Elimination System (NPDES) General Permit for Waste Discharge Requirements (WDRs) for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems (MS4s), Water Quality (WQ) Order 2013-0001-DWQ NPDES No. CAS000004 as Amended by Order WQ 2015-0133-Exec, Order WQ 2016-0069-Exec, WQ Order 2017-XXXX-DWQ, Order WQ 2018-0001-Exec, and Order WQ 2018-0007-Exec.

[3] CSPA separately moved for summary judgment for violations of Provision B.3 of the Small MS4 Permit, and Amador moved separately for summary judgment of the Industrial General Permit. Because CSPA is not seeking reconsideration of any issues related to those claims, CSPA does not discuss them further herein.

MOTION TO RECONSIDER                  Case No.: 2:20-cv-02482-WBS-AC

water-contact recreation (REC-1) use. Mule Creek is designated for the REC-1 use. See ECF No. 51 (Defendants' Response to Plaintiffs' Separate Statement of Undisputed Facts) at 6, Fact 14; ECF No. 45-4 (Ashby Decl.), ¶ 8.C; ECF No. 45-11 at 2 (Basin Plan designating Mokelumne River as REC-1); ECF No 45-10 at 76 (August 6, 2020 Section 13383 Order noting that Mule Creek is designated REC-1).

Samples at MCSP2 and MCSP3 taken between April 8, 2019 and December May 28, 2020 demonstrate that Defendants' discharges from MCSP2 and MCSP3 to Mule Creek exceeded *E. coli* water quality standards on 41 occasions during that time period. ECF No. 45-4 (Ashby Decl.), ¶¶ 10-11, tbls. 2-3. This sampling also showed that on 19 occasions during that time period, Mule Creek, downstream of the Facility at MPCS4, exceeded *E. coli* water quality standards on the same day the Facility's discharges to Mule Creek contained *E. coli* above those standards. See id., ¶ 12, tbl. 4.

**B. The Order on the Motion for Partial Summary Judgment**

On August 29, 2022, the Court issued the Order. ECF No. 60. The Court granted summary judgment for Plaintiffs on standing. Id. at 9-12. The Court denied Plaintiffs summary judgment on all other claims, including violations of Provisions B.1, B.2, and D. Id. at 13-26.

Specifically, with regards to Provisions B.1, B.2, and D., the Court found there was a material dispute of fact as to whether Mule Creek was designated for the MUN use and, thus, whether water quality standards based on that use applied. ECF No. 60 at 16:3-7. The Court found that:

> Because the conclusions by plaintiffs' expert assume water quality standards applicable under the MUN designation apply, this disputed fact is material because it appears dispositive of whether her

6

MOTION TO RECONSIDER                    Case No.: 2:20-cv-02482-WBS-AC

conclusions are applicable to plaintiffs' claims.
Id. at 16:7-11. Thus, the Court held that this disputed fact precluded it from determining violations of Provisions B.1, B.2, and D on summary judgment. See id. at 16:11-14, 16:22-17:2, 23:16-28. The Court did not appear to consider that *E. coli* water quality standards are based on Mule Creek's REC-1 designation.

With regards to Provision B.2, the Court also found that Provision B.2 requires Plaintiffs to show that discharges actually enter a water of the United States (here, Mule Creek). ECF No. 60 at 17:5-7. The Court found that, because there was distance between MCSP5 and MCSP6 and Mule Creek, Plaintiffs did not show that discharges indisputably reached Mule Creek. See id. at 17:14-21:4. Based on these findings, the Court held:

> there appears to be a dispute of material fact as to whether the discharges upon which plaintiffs rely reached Mule Creek, the court cannot at this time conclude that defendants' discharges entered "waters of the U.S." or "caus[ed] or threaten[ed] to cause a condition of pollution of nuisance therein."

ECF No. 60 at 21:5-10 (citing Small MS4 Permit § B.2). The Court did not appear to consider samples taken at MCSP2 and MCSP3.

### III. LEGAL STANDARD

A district court has discretion to reconsider an interlocutory order, such as a partial denial of summary judgment, any time prior to a final judgment. See Fed. R. Civ. Proc. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims. . ..")

> A district court may properly reconsider its decision if it "(1) is presented with newly

7

MOTION TO RECONSIDER                    Case No.: 2:20-cv-02482-WBS-AC

discovered evidence, (2) committed clear error or
the initial decision was manifestly unjust, or (3)
if there is an intervening change in controlling
law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d
1255, 1263 (9th Cir. 2003). Clear error occurs when
"the reviewing court on the entire record is left
with the definite and firm conviction that a mistake
has been committed." United States v. U.S. Gypsum
Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746
(1948).

Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013); see also L. R. 230(j) (permitting reconsideration based on "new or different facts or circumstances" or "other grounds"). "It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it." Smith, 727 F.3d at 955 (upholding district court's grant of motion to reconsider summary judgment order).

**IV. ARGUMENT**

    **A. The Order Should Have Considered the *E. coli* Standards Because They Are Not Based on the MUN Designation.**

The Order states that Ms. Ashby's conclusion that the discharges violated water quality standards was "based on water quality standards applicable to surface waters with the designated "MUN," denoting municipal use. . .." ECF No. 60 at 13:27-29. While the Court is correct that the metals water quality standards on which Plaintiffs relied are based on the MUN designation, the *E. coli* standards used by Plaintiffs are based on a REC-1 use, not the MUN use. ECF No. 45-4 (Ashby Decl.), ¶ 13. CSPA does not ask the Court to reconsider its determination that there is a dispute of fact as to whether the MUN water quality standards apply to Defendants'

8

discharges or to Mule Creek.

However, because the *E. coli* standards are based on the REC-1 use, they indisputably apply to Mule Creek. See ECF No. 45-4 (Ashby Decl.), ¶ 9; ECF No. 45-11 at 177 (State Bacteria Objectives apply to all waters designated for REC-1). Defendants admit that Mule Creek is designated as REC-1. ECF No. 51 at Fact 14 ("The Water Board designated Mule Creek's beneficial uses as only including: AGR, REC-1, REC-2, WARM, COLD, MIGR, SPWN, and WILD."). Thus, there is no dispute that Mule Creek is designated for REC-1 and the *E. coli* standards apply.

Through inadvertence or mistake, the Court erred when it did not consider that Plaintiffs also relied on the REC-1 designation to apply the *E. coli* standards. The Order found that it could not determine violations of Provisions B.1, B.2, and D because there was a dispute of which water quality standards applied. ECF No. 60 at 16-17, 23. Because there is no dispute as to whether the *E. coli* standards apply, the Court could have and should have determined that Defendants' discharges to Mule Creek in excess of *E. coli* standards violate Provision B.1 and B.2 and violate Provision D on days when Mule Creek also exceeds those standards. ECF No. 45-4 (Ashby Decl.) ¶¶ 10-11, tbls. 2-3 (identifying 41 violations of Provisions B.1 and B.2 for *E. coli* based on sampling from MCSP2 and MCSP3); id. at ¶ 12, tbl. 4 (identifying 19 violations of Provision D for *E. coli* based on sampling from MCSP2, MCSP3, and MCSP4).

Because the Court erred when it determined that all water quality standards were based on the MUN designation, CSPA respectfully asks the Court to reconsider this finding and the effect

9

of the applicable *E. coli* standards on violations of Provisions B.1, B.2, and D.

### B. The Order Should Have Considered Sampling from MCSP2 and MCSP3 Because There Is No Dispute that They Represent the Facility's Discharges to Mule Creek.

The Order also found that to demonstrate a violation of Provision B.2, Plaintiffs must show that Defendants' discharges reach Mule Creek. ECF No. 60 at 17:5-7. The Order goes on to discuss the evidence that refutes finding that discharges sampled at MCSP5 and MCSP6 reached Mule Creek. See <u>id</u>. at 17-21. The Court concludes that "because there appears to be a dispute of material fact as to whether the discharges upon which plaintiffs rely reached Mule Creek," the Court could not determine a violation of Provision B.2. *Id*. at 21:5-12. CSPA does not ask this Court to reconsider its holding that Provision B.2 requires Plaintiffs to prove that a discharge reaches Mule Creek or that there is a dispute of fact as to whether discharges at MCSP5 and MCSP6 reach Mule Creek.

However, the Court failed to consider that some of the discharges upon which Plaintiffs rely were sampled at MCSP2 and MCSP3. Specifically, all discharge samples taken between April 2019 and December 2020 were taken at MCSP2 and MCSP3. See ECF No. 45-4 (Ashby Decl.), ¶¶ 10-11, tbls. 2-3.[4]

There is no dispute that discharges at MCSP2 and MCSP3 reach Mule Creek because those sampling points are located directly where the Facility's MS4 outfalls discharge to Mule Creek. See ECF No. 60

---

[4] Ms. Ashby's Declaration refers to violations based on samples taken between April 2019 and December 2020 at MCSP2 and MCSP3 as "past violations." See ECF No. 45-4 at ¶¶9-12.

at 17:14-20 (Order noting that "MCSP2 and MCSP3 are near Mule Creek," in contrast to MCSP5 and MCSP6); ECF No. 49-13 at 11 (map of Mule Creek); ECF No. 45-4 (Ashby Decl.), ¶¶ 7.A, 7.B (explaining that MCSP2 and MCSP3 are sampling points at the outfalls to Mule Creek). Defendants do not dispute that MCSP2 and MCSP3 sample discharges that reach Mule Creek. In fact, Defendants repeatedly state that Plaintiffs must rely on MCSP2 and MCSP3 samples to show violations of Provisions B.1, B.2, and D. See ECF No. 51 at Facts 16-19 (relating to Provision B.1), Facts 22-26 (relating to Provision B.2), and Facts 36-39 (relating to Provision D).

However, Defendants stated that "all of the monitoring data that Ms. Ashby relied upon for her assertions that there are violations at the Facility are based on monitoring data collected from MCSP5, MCSP6, and MCSP4." Id. (citing to Simpson Decl. at ¶ 22(c)(i)). That statement is clearly incorrect, as Ms. Ashby relies on data from MCSP2 and MCSP3, not MCSP5 and MCSP6, to determine past violations of the E. coli water quality standard. ECF No. 45-4 at ¶¶ 10-12, tbls. 2-4.[5] Thus, all violations occurring before December 2020 were based on data from MCSP2 and MCSP3, and those discharges indisputably reached Mule Creek.

Likely as a result of Defendants' erroneous statement, the Court mistakenly believed that the data on which Plaintiffs rely were all from MCSP5 and MCSP6. Because that conclusion is clear error,

---

[5] In contrast, Plaintiffs rely on sampling data from MCSP5 and MCSP6 for all violations after December 2020, which Ms. Ashby refers to as "ongoing violations." See ECF No. 45-4 at ¶¶ 17, 19, tbls. 8-9. CSPA does not ask the Court to reconsider its holdings as they relate to those violations.

Plaintiffs respectfully ask this Court to reconsider that finding and the effect of the data from MCSP2 and MCSP3 on determining violations of Provisions B.1, B.2, and D.

**C. Reconsidering These Material Facts Will Streamline Trial.**

If the Court reconsiders violations based on *E. coli* water quality standards and sampling at MCSP2 and MCSP3, there is no remaining dispute that Defendants violated Provisions B.1, B.2, and D for *E. coli* prior to December 2020. Thus, at trial, evidence related to these violations would not need to be presented. The evidence at trial could then focus on the facts that are actually disputed, specifically:

- The application of the metals water quality standards to Mule Creek and the violations of Provision B.1, B.2, and D based on those standards;
- Whether non-stormwater travels through the MS4 in violation of Provision B.3;
- Whether violations of the Small MS4 Permit were ongoing at the time the complaints were filed (see Gwaltney of Smithfield v. Chesapeake Bay Found., 484 U.S. 49, 64 (1987)); and
- Violations of the Industrial General Permit.

**V. CONCLUSION**

For the reasons stated above, CSPA respectfully asks the Court to reconsider its Order as to two materials facts: (1) *E. coli* water quality standards are based on REC-1 and indisputably apply to Mule Creek; and (2) all violations prior to December 2020 are based on sampling at MCSP2 and MCSP3, which indisputably reach Mule Creek.

Respectfully submitted,

Dated: September 15, 2022           LAW OFFICES OF ANDREW L. PACKARD


                                    *s/ Andrew L. Packard*
                                    ANDREW L. PACKARD
                                    WILLIAM N. CARLON
                                    Attorneys for Plaintiff
                                    CALIFORNIA SPORTFISHING
                                    PROTECTION ALLIANCE

Dated: September 15, 2022           AQUA TERRA AERIS LAW GROUP


                                    *s/ Erica A. Maharg*
                                    JASON R. FLANDERS
                                    ERICA A. MAHARG
                                    Attorneys for Plaintiff
                                    CALIFORNIA SPORTFISHING
                                    PROTECTION ALLIANCE