ANDREW L. PACKARD (Bar No. 168690)
WILLIAM N. CARLON (Bar No. 305739)
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4061
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

JASON FLANDERS (Bar No. 238007)
ERICA MAHARG (Bar No. 279396)
AQUA TERRA AERIS LAW GROUP
4030 MARTIN LUTHER WAY
OAKLAND, CA 94609
(916) 202-3018
jrf@atalawgroup.com eam@atalafwgroup.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION
ALLIANCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, etc.,<br><br>Defendant. | Case No. 2:20-cv-02482-WBS-AC<br><br>**PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |
| COUNTY OF AMADOR, etc.,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, etc., et al.,<br><br>Defendants. | Case No. 2:21-cv-0038-WBS-AC |

**INTRODUCTION**

Despite reasonable efforts on Plaintiff's part to comply with Defendants' demands with respect to this discovery dispute, Plaintiff was not able to complete its portion of the joint statement before Defendants rushed to the Court for relief. The following constitutes Plaintiff's response, and would have been included in the Joint Statement, had Defendants allowed Plaintiff a reasonable time to respond to the approximately 20-pages of factual and legal arguments provided to Plaintiff hours before Defendants filed this motion.

**1. DETAILS OF THE MEET AND CONFER EFFORTS OF THE PARTIES**

On June 28, 2022, CSPA moved for partial summary judgment establishing, *inter alia,* that CSPA has standing to bring this action. Docket No. 45 at 24:1-25:23. In support of its motion, CSPA identified three of its members as standing witnesses, Katherine Evatt, Edmund Taylor, and Richard McHenry. *Id.* After CSPA filed its opening brief, and before Defendants' opposition was due, Defendants informed CSPA that they would be serving deposition subpoenas on "Mr. Taylor; Ms. Clark, and Mr. Henry" and setting the depositions to occur on September 12-14, 2022.[1] Defendants' deadline for filing an opposition to the motion was extended to August 1, 2022.

CSPA responded to Defendants' request with its members' availability on the dates requested by Defendants, and asked Defendants to consider deferring the depositions until the Court ruled on the motion for partial summary judgment, that would be pending by the proposed dates.[2] Defendants did not respond to this specific request.[3] The next day, CSPA reiterated its request that the depositions of its members put forth to establish standing be deferred until after the Court had ruled on the issue of CSPA's standing.[4] Defendants did not respond to this specific request.[5]

On August 25, 2022, Defendant Secretary Allison noticed the depositions of Edmund Taylor, Katherine Evatt, and Richard McHenry to be held on September 6th, 7th, and 8th,

---

[1] Exhibit G to Declaration of Jennifer Hartman King. Docket No. 75-2 at 54
[2] Plaintiff's August 4th and August 9th responses are attached hereto as **Exhibits A** and **B**.
[3] Defendants' August 10, 2022 email is attached hereto as **Exhibit C**.
[4] Plaintiff's August 11, 2022 email is attached hereto as **Exhibit D**.
[5] Defendants' August 12, 2022 email is attached hereto as **Exhibit E**.

respectively.  On August 26, 2022, Defendant Secretary Allison served Notices of Issuance

Subpoena for Production of Documents to Mr. Taylor, Ms. Evatt, and Mr. McHenry.[6]  Defendant

served the Subpoenas for Production of Documents to Mr. Taylor, Ms. Evatt, and Mr. McHenry

the same day, and specified September 6, 2022 as the date of production for the requested

documents.  This schedule allowed only five business days between the last subpoenas served and

the first deposition given the intervening Labor Day holiday.  On August 29, 2022, prior to the

Court's issuance of its ruling, Plaintiff asked Defendants to defer the standing witness depositions

until after the Court had a chance to rule, and in the event Defendants would not, to reschedule

the depositions because of witnesses' calendaring conflicts.[7]

On August 29, 2022, the Court issued its ruling granting CSPA's partial motion for

summary judgment establishing that CSPA has standing to bring this action.  Docket No. 60.

Plaintiff emailed to confirm that the standing witness depositions were no longer necessary, now

that the Court had adjudicated the issue.[8]  After numerous emails back-and-forth on August 29th

through 31st, Defendants agreed to take the standing witness depositions off calendar, provided

that the Parties could reach agreement on rescheduled dates.[9]  The Parties did reach an agreement

on rescheduling the standing witness depositions, and Defendants agreed to take the depositions

off calendar.  However, Defendants declined to withdraw the document subpoenas.  Given that

the depositions had been rescheduled, the Parties agreed to reschedule the date by which the

standing witnesses had to respond to the document subpoenas to September 16, 2022.

On September 16, 2022, CSPA served Objections to Defendant Secretary Allison's

Subpoena for Production of Documents to Katherine Evatt, Edmund Taylor, and Richard

McHenry.[10]  CSPA also provided the non-privileged documents responsive to the respective

document subpoenas.[11]

Late Sunday, September 18, 2022, Defendants transmitted a lengthy meet and confer

---

[6] Exhibits A, B, and C to Declaration of Jennifer Hartman King.  Docket No. 75-2 at 6-28.
[7] Plaintiff's August 29, 2022 meet and confer letter is attached hereto as **Exhibit F**.
[8] Plaintiff's August 29, 2022 email is attached hereto as **Exhibit G**.
[9] This email correspondence is attached hereto as **Exhibit H**.
[10] Exhibits D, E, and F to Declaration of Jennifer Hartman King. Docket No. 75-2 at 30-52.
[11] Plaintiff's email transmitting the documents is attached hereto as **Exhibit I**.

email demanding that Plaintiff, among other things, withdraw its objections to Defendants

document subpoenas.  Having received the email at 11:07 p.m. Sunday evening, Plaintiff's

counsel committed to providing Defendants a response by the end of the day Monday, September

19th, and did so.  Late in the evening on September 19th, Defendants requested a telephonic meet

and confer, asking for availability in the afternoon on September 20th.  Plaintiff's counsel agreed

and the Parties conducted a telephone conference to discuss these issues.  During the telephonic

meet and confer, counsel for Plaintiff explained the nature of the documents withheld, in response

to Defendants' inquiries, and offered to produce a privilege log.  This was apparently

unsatisfactory to Defendants, and counsel indicated that they would be filing a joint statement.

Defendants' counsel demanded that Plaintiff provide its portion of the joint statement

before 12pm September 21, without the opportunity to review Defendants' position, and on less

than 24-hours' notice.  On September 21, Defendants provided their approximately 20-page

portion of the joint statement and asked that Plaintiff provide its portion of the statement as soon

as it could, for filing later that day.  Plaintiff made best efforts to comply with this request, but

due to the length and number of issues that needed to be addressed, including new case law and

legal arguments that Defendants raised for the first time, Plaintiff was unable to complete its

portion of the joint statement, and informed Defendants before the close of business that it would

have it by noon the next day.[12]  Defendants informed Plaintiff, at 7:43 p.m. on September 21,

2022, that this was unacceptable to Defendants, and filed the instant motion to compel at 10:10

p.m. the same day, scheduling the hearing for September 28, 2022.

**2.  STATEMENT OF THE NATURE OF THE ACTION AND FACTUAL DISPUTES**

Defendants continue to pursue discovery into an issue that has *already been adjudicated*

by the Court.  This needless discovery, and the disputes arising from its pursuit, impose a

significant burden on Plaintiff, yet Plaintiff has attempted to comply with Defendants'

unreasonable requests to the extent it can.  In addition to the objections, Plaintiff served on

Defendants dozens of documents that were responsive to Defendants' requests, a fact Defendants

---

[12] Email correspondence is attached as Exhibit N to Declaration of Jennifer Hartman King.
Docket No. 75-2 at 86.

simply ignore.  The documents withheld fall under three main protections: (1) attorney-client privilege; (2) attorney work product; and, (3) the First Amendment.  These protections are properly asserted by CSPA and prevent the disclosure of documents that would otherwise be responsive to Defendants' requests.

Local Rule 251(a) permits calendaring a hearing for a discovery dispute seven days if the notice of motion and motion is filed concurrently with a joint statement.  Otherwise, Local Rule 251(a) requires filing and service of the notice of motion at least twenty-one days from the date of the hearing.  Defendants filed their motion under Local Rule 251(d) which authorizes the filing of an affidavit regarding the moving party's efforts to prepare and execute a joint statement, but Local Rule 251(d) does not specify any modification to the notice provisions identified in Local Rule 251(a).  Defendants therefore, having rushed to file their motion before securing Plaintiff's portion of the Joint Statement, which Plaintiff promised within approximately 24-hours of receiving Defendants portion, improperly noticed this motion to be heard within seven days of filing, when the Local Rules dictate that the motion be heard at least twenty-one days from the filing date.

### 3.  PLAINTIFF'S CONTENTIONS REGARDING DISCOVERY DISPUTE

Reproduced in full below are the document and information requests sought pursuant to Defendants' Subpoenas on the Standing Witnesses, and Plaintiff's objections thereto. Plaintiff's arguments and supporting authorities are set forth immediately following each of Plaintiff's objections.

**<u>Defendants' Subpoena to Katherine Evatt and Plaintiff's Objections Thereto</u>**

**DOCUMENT REQUEST NO. 1:**

All documents evidencing that you are now and have been a member of the California Sportfishing Protection Alliance.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiff objects to the extent this request seeks documents protected by the attorney-client privilege, and Plaintiff is not producing such documents. Without waiving the foregoing, Ms. Evatt will produce all non-privileged documents within her custody and control.

1  *Plaintiff's Statement:*

2          Communications between CSPA's counsel and CSPA's membership can be privileged if

3  they are related to securing legal advice from counsel.  In *Upjohn Co. v. United States*, 449 U.S.

4  383 (1981) the Supreme Court held that communications with some employees were privileged

5  because the employees were communicating with counsel to provide information necessary to the

6  litigation.  *Id.* at 394.  The communications were not made public, and were kept confidential.  *Id.*

7  at 395.  This protection has been extended beyond employees of an organization.  In *United*

8  *States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) – a case provided to Defendants and to which they

9  have not responded – the Ninth Circuit extended the protections identified in *Upjohn* to

10 communications between an organization's attorneys and an independent consultant were

11 privileged.  *Graf*, 610 F.3d at 1157.

12         Standing is a jurisdictional element, and a critical component to CSPA's case.  It is

13 reasonable that CSPA's attorneys should be able to have confidential communications with

14 CSPA's members to investigate the facts supporting CSPA's standing.  In order to prosecute its

15 case, CSPA needs to establish standing, and in order to do that, its counsel needs to be able to

16 have candid communications with CSPA's members to understand the facts supporting CSPA's

17 standing.  This is the very type of legal advise that the Supreme Court and the Ninth Circuit Court

18 of Appeals contemplated in *Upjohn* and *Graf*, respectively.  Thus, CSPA's counsel's

19 communications with its standing witnesses are protected and Defendants' motion to compel

20 should be denied.

21         To date the parties have not exchanged privilege logs with respect to communications

22 between counsel and their clients.  Plaintiff did not prepare a privilege log here because the

23 communications sought are, functionally, between counsel and client.  It would be a burden to

24 Plaintiff to produce a detailed privilege log for every email between its counsel and its members

25 put forth to establish standing – *especially when the issue of standing has already been*

26 *adjudicated.*

27 **DOCUMENT REQUEST NO. 2:**

28         All documents evidencing that you are aware that Mule Creek State Prison discharges

1   stormwater to Mule Creek.

2   **RESPONSE TO DOCUMENT REQUEST NO. 2:**

3        Plaintiff objects to the extent this request seeks documents protected by the attorney-client

4   privilege, and Plaintiff is not producing such documents. Plaintiff further objects on the basis that

5   the request seeks documents protected by the First Amendment, and Plaintiff is not producing

6   such documents. *NAACP v. Alabama ex. rel. Patterson*, 357 U.S. 449, 460, 462, 78 S. Ct. 1163, 2

7   L. Ed. 2d 1488 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010).

8   Without waiving the foregoing, Ms. Evatt will produce all non-privileged or protected documents

9   within her custody and control.

10   *Plaintiff's Statement:*

11        With respect to the attorney-client privilege objection, Plaintiff incorporates its above

12   arguments and briefing.

13        Plaintiff informed Defendants on September 19, 2022 that "CSPA seeks to protect

14   communications between our members, disclosure of any information related to non-standing

15   witnesses, and any communications, the disclosure of which, would have an overall effect of

16   chilling our members' willingness to participate in CSPA's work, including future cases."  Given

17   Defendants' aggressive discovery efforts on an issue that has already been adjudicated, it's fairly

18   obvious that disclosure of the communications above would result in Defendants' continued

19   harassment of CSPA's members.  CSPA's communications between its members would reveal

20   the identity of members who have not consented to be witnesses in this case, and would infringe

21   their First Amendment rights to freedom of association.  *See NAACP v. Alabama ex. rel. Patterson*,

22   357 U.S. 449, 460, 462, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958); *NRDC, Inc. v. Ill. Power Res., LLC*,

23   No. 13-cv-1181, 2015 U.S. Dist. LEXIS 201334, at *10-12 (C.D. Ill. May 12, 2015) (quashing

24   subpoena that would require communications of other non-disclosed standing witness members).

25   Here, Defendants continue to seek the deposition of CSPA's standing witness, even though the Court

26   has found undisputed evidence sufficient to establish CSPA's standing.  CSPA's members have the

27   right to communicate freely between themselves without fear of those communications being made

28   public.

**DOCUMENT REQUEST NO. 3:**

All documents evidencing that Mule Creek State Prison's stormwater discharges degrades or impacts Dry Creek.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff objects to this request on the grounds that it is overbroad and imposes an unreasonable burden because the request seeks documents that are already in the custody and control of Defendant, or are otherwise publicly available. Plaintiff further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, and Plaintiff is not producing such documents. Plaintiff further objects on the basis that the request seeks documents protected by the First Amendment, and Plaintiff is not producing such documents. *NAACP v. Alabama ex. rel. Patterson*, 357 U.S. 449, 460, 462, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010). Without waiving the foregoing, Ms. Evatt will produce all non-privileged or protected documents within her custody and control.

*Plaintiff's Statement:*

With respect to the attorney-client privilege and First Amendment objections, Plaintiff incorporates its above arguments and briefing.

Defendants take issue with CSPA's standing to raise objections to challenge Defendants' subpoena with regard to its overbreadth and burden.  Plaintiff asserts that the general rules pertaining to objections to third party subpoenas should not apply strictly to standing witnesses, by virtue of their unique role in a case like this.  Standing witnesses serve a very narrow purpose – to provide facts that support a plaintiff's organizational standing.  They are necessarily members of the organization, and their testimony is limited to the facts necessary to show they have standing in their own right to bring the litigation.  The standing witnesses' interests are aligned with the plaintiff organization's interests, and because their sole purpose is to support the organization's standing to bring the case it is reasonable that the organization can make objections on their behalf.  Defendants' unconventional decision to treat these witnesses as third parties – typically defendants will simply notice the depositions and the plaintiff organization will

1  make their standing witnesses available because it is plaintiff's burden to show it has standing –

2  should not deprive CSPA of its rights to protect its members from burdensome discovery.

3      As Plaintiff states in its objection, the request seeks documents that are already in the

4  possession of Defendants, or are otherwise publicly available, and is therefore overbroad and

5  imposes an unreasonable burden.

6  **DOCUMENT REQUEST NO. 4:**

7      All documents evidencing that Mule Creek State Prison's stormwater discharges degrades

8  or impacts the Mokelumne River.

9  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

10     Plaintiff objects to this request on the grounds that it is overbroad and imposes an

11  unreasonable burden because the request seeks documents that are already in the custody and

12  control of Defendant, or are otherwise publicly available. Plaintiff further objects to this request

13  to the extent that it seeks documents protected by the attorney-client privilege, and Plaintiff is not

14  producing such documents. Plaintiff further objects on the basis that the request seeks documents

15  protected by the First Amendment, and Plaintiff is not producing such documents. *NAACP v.*

16  *Alabama ex. rel. Patterson*, 357 U.S. 449, 460, 462, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958);

17  *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010). Without waiving the

18  foregoing, Ms. Evatt will produce all non-privileged or protected documents within her custody

19  and control.

20  *Plaintiff's Statement:*

21     Plaintiff incorporates its above arguments and briefing with respect to the objections on

22  the basis of overbreadth, burden, attorney-client privilege, and First Amendment privilege.

23  **DOCUMENT REQUEST NO. 5:**

24     All documents evidencing that any of the California Sportfishing Protection Alliance's

25  members use or have used Mule Creek.

26  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

27     Plaintiff objects to the extent this request seeks documents protected by the attorney-client

28  privilege, and Plaintiff is not producing such documents. Plaintiff further objects on the basis that

1    the request seeks documents protected by the First Amendment, and Plaintiff is not producing

2    such documents. *NAACP v. Alabama ex. rel. Patterson*, 357 U.S. 449, 460, 462, 78 S. Ct. 1163, 2

3    L. Ed. 2d 1488 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010);

4    *NRDC, Inc. v. Ill. Power Res., LLC*, No. 13-cv-1181, 2015 U.S. Dist. LEXIS 201334, at *10-12

5    (C.D. Ill. May 12, 2015). Plaintiff objects to this request to the extent that it seeks documents

6    protected under the attorney work product doctrine, and will not produce such documents.

7    *Plaintiff's Statement:*

8           Plaintiff incorporates its above arguments and briefing with respect to the objections on

9    the basis of overbreadth, burden, attorney-client privilege, and First Amendment privilege.

10          As stated above, in order to effectively prosecute its case, counsel for CSPA needs to have

11   candid communications with its membership to better understand the factual basis for its

12   organizational standing.  These communications are protected by the attorney work product

13   doctrine. With respect to the issue of a privilege log, Plaintiff incorporates here its statement

14   made in response to Document Request No. 1 above.

15          With respect to Defendants' interpretation of *NRDC v. Ill. Power Res.*, an important

16   distinction between that case and the present case is that here the Court *has already adjudicated*

17   *the plaintiff's standing*.  This distinction is important because Defendants had an opportunity to

18   challenge Plaintiff's standing witnesses' credibility, but did not do so.  The reasonableness of

19   discovery is based on the context in which it is sought.  In *NRDC*, the parties were still litigating

20   the plaintiff's standing.  Here, that part of the litigation is over.  Thus, what might have been

21   reasonable discovery before the order is no longer reasonable given the changed circumstances.[13]

22   In this case, Defendants are carrying on with discovery into CSPA's standing as if the Court had

23   not already answered the question.  This is a blatant abuse of the discovery process, and has

24   caused Plaintiff to expend a great deal of resources to address, as a cursory review of the parties'

25   months-long meet and confer process will confirm.

26   *Plaintiff's statement in response to Defendant's statement regarding the Subpoena of Richard*

27   *McHenry:*

28
_____

[13] CSPA does not concede that Defendants' discovery would have been reasonable pre-order.

1    Defendants sought the same documents from Mr. McHenry as they did from Ms. Evatt.

2    Consequently, CSPA made the same objections[14] and Defendants have made the same arguments.

3    Plaintiff incorporates its responses above in response to Defendants' arguments.

4    *Plaintiff's statement in response to Defendant's statement regarding the Subpoena of Edmund*

5    *Taylor:*

6    Defendants sought the same documents from Mr. Taylor as they did from Ms. Evatt and

7    Mr. McHenry, with two additional requests; Request Nos. 6 and 7.  Consequently, CSPA made

8    the same objections[15] and Defendants have made the same arguments.  Plaintiff incorporates its

9    responses above in response to Defendants' arguments with respect to the five duplicative

10   document requests.  With respect to Requests Nos. 6 and 7, there were no documents responsive

11   to the requests and therefore this was indicated in the response, and no documents were produced.

12

13   Respectfully submitted,

14   Dated: September 23, 2022                    LAW OFFICES OF ANDREW L. PACKARD

15

16                                               By:  /s/ William N. Carlon
                                                     ANDREW L. PACKARD
17                                                   WILLIAM N. CARLON
                                                     Attorneys for Plaintiff
18                                                   CALIFORNIA SPORTFISHING
                                                     PROTECTION ALLIANCE

19

20

21

22

23

24

25

---

[14] CSPA also inadvertently left Ms. Evatt's name in the responses to Mr. McHenry's subpoena.
26   Those responses should be amended to reflect that Mr. McHenry will not produce the documents
     specified, not Ms. Evatt, in response to Mr. McHenry's subpoena. Defendants did not raise this
27   issue in their meet and confer efforts.
     [15] CSPA also inadvertently made the same mistake leaving Ms. Evatt's name in where Mr.
28   Taylor's name should have been inserted.  Defendants did not raise this issue in their meet and
     confer efforts.

# EXHIBIT A

Law Offices Of
ANDREW L. PACKARD
319 PLEASANT STREET, PETALUMA, CALIFORNIA 94952
Phone (707) 763.7227 · Fax (707) 763.9227
Info@PackardLawOffices.com

Andrew Packard <andrew@packardlawoffices.com>

---

## CSPA et al. v. Secretary Allison et al. -- Deposition dates

---

**Andrew Packard <andrew@packardlawoffices.com>**                    Thu, Aug 4, 2022 at 8:52 AM
To: Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>
Cc: "Rebecca.Andrews@bbklaw.com" <Rebecca.Andrews@bbklaw.com>, "Wendy.Wang@bbklaw.com"
<Wendy.Wang@bbklaw.com>, "Gene.Tanaka@bbklaw.com" <Gene.Tanaka@bbklaw.com>,
"Christopher.Pisano@bbklaw.com" <Christopher.Pisano@bbklaw.com>, "eam@atalawgroup.com" <eam@atalawgroup.com>,
"jrf@atalawgroup.com" <jrf@atalawgroup.com>, "Irene.Islas@bbklaw.com" <Irene.Islas@bbklaw.com>,
"Weiland.Chiang@bbklaw.com" <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>,
William Marsh <WMarsh@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal
<AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington
<MCarrington@hartmankinglaw.com>

Dear Jennifer,
Dr. Emerick is not available for deposition on August 15th; please provide alternative dates for his deposition.
I will get back to you on the availability of Richard McHenry (not Henry), Edmund Taylor, and Katherine Evatt (not Clark)
on September 12, 13 and 14, respectively.
Please clarify whether these depositions will be taken in person or by Zoom.
Thank you,
Andrew
[Quoted text hidden]


--
The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952
**Tel. (707) 782-4060**
**Fax. (707) 782-4062**
Cell (707) 787-7033


The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

# EXHIBIT B

## CSPA et al. v. Secretary Allison et al. -- Deposition dates

**Andrew Packard** <andrew@packardlawoffices.com>                Tue, Aug 9, 2022 at 3:53 PM
To: Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>
Cc: "Rebecca.Andrews@bbklaw.com" <Rebecca.Andrews@bbklaw.com>, "Wendy.Wang@bbklaw.com"
<Wendy.Wang@bbklaw.com>, "Gene.Tanaka@bbklaw.com" <Gene.Tanaka@bbklaw.com>,
"Christopher.Pisano@bbklaw.com" <Christopher.Pisano@bbklaw.com>, "eam@atalawgroup.com" <eam@atalawgroup.com>,
"jrf@atalawgroup.com" <jrf@atalawgroup.com>, "Irene.Islas@bbklaw.com" <Irene.Islas@bbklaw.com>,
"Weiland.Chiang@bbklaw.com" <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>,
William Marsh <WMarsh@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal
<AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington
<MCarrington@hartmankinglaw.com>

Dear Jennifer,
Mr. McHenry is available on September 12th from 9:00-11:00.
Mr. Taylor has limited availability on September 13th and will be located in Eastern Time Zone.
Ms. Evatt is available on September 14th from 9:00-11:00.
Alternatively, Plaintiffs would like to discuss deferring the depositions of the standing witnesses until after the Court rules
on the pending MSA.
Andrew

[Quoted text hidden]

# EXHIBIT C

Law Offices Of
ANDREW L. PACKARD
319 Pleasant Street, Petaluma, California 94952
Phone (707) 763-7227   Fax (707) 763-9227
Info@PackardLawOffices.com

Andrew Packard <andrew@packardlawoffices.com>

---

## CSPA et al. v. Secretary Allison et al. -- Deposition dates

**Jennifer Hartman King** <JHartmanKing@hartmankinglaw.com>                    Wed, Aug 10, 2022 at 6:20 PM
To: Andrew Packard <andrew@packardlawoffices.com>
Cc: "Rebecca.Andrews@bbklaw.com" <Rebecca.Andrews@bbklaw.com>, "Wendy.Wang@bbklaw.com"
<Wendy.Wang@bbklaw.com>, "Gene.Tanaka@bbklaw.com" <Gene.Tanaka@bbklaw.com>,
"Christopher.Pisano@bbklaw.com" <Christopher.Pisano@bbklaw.com>, "eam@atalawgroup.com" <eam@atalawgroup.com>,
"jrf@atalawgroup.com" <jrf@atalawgroup.com>, "Irene.Islas@bbklaw.com" <Irene.Islas@bbklaw.com>,
"Weiland.Chiang@bbklaw.com" <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>,
William Marsh <WMarsh@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal
<AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington
<MCarrington@hartmankinglaw.com>

Dear Andrew,


Thank you for your email regarding these witnesses' availability for deposition on September 12, 13, and 14. Because their availability is so limited on these dates, please let us know when they are available for a full day during the weeks of August 29 and September 5, 2022. In an effort to inconvenience them the least, the Defendants are willing to take these witnesses' testimony remotely via Zoom or in person at Hartman King PC's offices in downtown Sacramento, whichever they prefer.

[Quoted text hidden]
[Quoted text hidden]

# EXHIBIT D

## CSPA et al. v. Secretary Allison et al. -- Deposition dates

**Andrew Packard** <andrew@packardlawoffices.com>                              Thu, Aug 11, 2022 at 11:27 AM
To: Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>
Cc: Rebecca Andrews <Rebecca.Andrews@bbklaw.com>, Wendy Wang <Wendy.Wang@bbklaw.com>, Gene Tanaka <Gene.Tanaka@bbklaw.com>, Christopher.Pisano@bbklaw.com, Erica Maharg <eam@atalawgroup.com>, "Jason R. Flanders" <jrf@atalawgroup.com>, Irene Islas <Irene.Islas@bbklaw.com>, Weiland Chiang <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>, William Marsh <WMarsh@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal <AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington <MCarrington@hartmankinglaw.com>

Dear Jennifer,

Thank you for agreeing to undertake these three standing witness depositions via Zoom.  We have provided their availability on the dates you requested, and are willing to allow for up to two hours of questioning on those dates at the times specified in my last email.  If you are now cancelling the dates you proposed in your July 28th email (September 12-14), please confirm that, and clarify whether you now want CSPA to look into the witnesses' availability for two-hour slots during the weeks of August 29th and September 5th.

If you believe you need more than two hours to depose these standing witnesses, let's discuss it in a meet and confer call before bothering the Court with a protective order.  Absent any evidence that their declarations are not credible, these depositions are likely unnecessary.  See, *Piney Run Preservation v. Com'rs, Carroll County*, 82 F. Supp. 2d 464 (D. Md. 2000)

CSPA has also proposed that the parties stipulate to putting these three standing witness depositions over, until after Plaintiffs' MSA -- which may render the standing issue moot -- is decided.  Do you have a response to this proposal?

Finally, in the interests of convenience and costs savings, Plaintiffs are willing to stipulate to doing all of the depositions in the case (third-party, lay and expert), by Zoom.  Please let me know if Secretary Allison is amenable to such an arrangement.

Thank you,
Andrew

[Quoted text hidden]

# EXHIBIT E

Andrew Packard <andrew@packardlawoffices.com>

---

## CSPA et al. v. Secretary Allison et al. -- Deposition dates

**Jennifer Hartman King** <JHartmanKing@hartmankinglaw.com>          Fri, Aug 12, 2022 at 8:48 PM
To: Andrew Packard <andrew@packardlawoffices.com>
Cc: Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>, Rebecca Andrews <Rebecca.Andrews@bbklaw.com>, Wendy Wang <Wendy.Wang@bbklaw.com>, Gene Tanaka <Gene.Tanaka@bbklaw.com>, "Christopher.Pisano@bbklaw.com" <Christopher.Pisano@bbklaw.com>, Erica Maharg <eam@atalawgroup.com>, "Jason R. Flanders" <jrf@atalawgroup.com>, Irene Islas <Irene.Islas@bbklaw.com>, Weiland Chiang <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>, William Marsh <WMarsh@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal <AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington <MCarrington@hartmankinglaw.com>

Dear Andrew,

We disagree that the case you have cited stands for the proposition for which you cite it. Even if it did stand for that proposition, which it doesn't, it is not binding authority in the present matter. The witnesses upon whom CSPA relies in its effort to establish standing to bring Clean Water Act claims against the Secretary and the Warden are pertinent to whether CSPA's action is allowed to proceed. Defendants are entitled to depose these witnesses for up to 7 hours on one day under FRCP Rule 30. Defendants have made multiple efforts to coordinate with CSPA regarding scheduling these witnesses' depositions as a matter of professional courtesy, and we have been as flexible as possible to minimize burden and expense by offering numerous date options and offering to take the depositions via remote technology. Plaintiffs' unwillingness to agree to any of the offered dates for the full amount of time the applicable rule allows leaves Defendants no choice but to proceed with issuing third-party subpoenas, particularly given how many depositions must occur in a short amount of time before the discovery cut-off in this case. Defendants intend to issue third-party subpoenas for September 6, 7, and 8, 2022, for Mr. Taylor, Ms. Clark, and Mr. Henry, respectively. Please let us know by August 15, 2022, whether you will accept service of the subpoenas on these witnesses' behalf.

Best,

Jennifer Hartman King, President



520 Capitol Mall, Suite 750

Sacramento, CA 95814

916-379-7530 – Main phone

916-379-7533 – Direct dial

916-379-7535 – Fax

Email: JHartmanKing@HartmanKingLaw.com

Website:  HartmanKingLaw.com

*This email and any transmission within it may contain privileged or otherwise confidential information. If you are not the intended recipient or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

**From:** Andrew Packard <andrew@packardlawoffices.com>
**Sent:** Thursday, August 11, 2022 11:28 AM
**To:** Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Jason R. Flanders <jrf@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; William Marsh <WMarsh@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Dear Jennifer,

Thank you for agreeing to undertake these three standing witness depositions via Zoom.  We have provided their availability on the dates you requested, and are willing to allow for up to two hours of questioning on those dates at the times specified in my last email.  If you are now cancelling the dates you proposed in your July 28th email (September 12-14), please confirm that, and clarify whether you now want CSPA to look into the witnesses' availability for two-hour slots during the weeks of August 29th and September 5th.

If you believe you need more than two hours to depose these standing witnesses, let's discuss it in a meet and confer call before bothering the Court with a protective order.  Absent any evidence that their declarations are not credible, these depositions are likely unnecessary.  See, *Piney Run Preservation v. Com'rs, Carroll County*, 82 F. Supp. 2d 464 (D. Md. 2000)

CSPA has also proposed that the parties stipulate to putting these three standing witness depositions over, until after Plaintiffs' MSA -- which may render the standing issue moot -- is decided.  Do you have a response to this proposal?

Finally, in the interests of convenience and costs savings, Plaintiffs are willing to stipulate to doing all of the depositions in the case (third-party, lay and expert), by Zoom.  Please let me know if Secretary Allison is amenable to such an arrangement.

Thank you,

Andrew

On Wed, Aug 10, 2022, 6:20 PM Jennifer Hartman King <JHartmanKing@hartmankinglaw.com> wrote:

> Dear Andrew,

Thank you for your email regarding the witnesses. As to your request for depositions on September 2 and 6, because their availability is so limited on these dates, please let us know when they are available for a full day during the weeks of August 29 and September 5, 2022. In an effort to inconvenience them the least, the Defendants are willing to take these witnesses' testimony remotely via Zoom or in person at Hartman King PC's offices in downtown Sacramento, whichever they prefer.

Best,

Jennifer Hartman King, President

520 Capitol Mall, Suite 750

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

520 Capitol Mall, Suite 750

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

# EXHIBIT F

Law Offices Of

# ANDREW L. PACKARD

245 Kentucky Street, Suite B3, Petaluma, CA 94952
Phone (707) 782-4060   Fax (707) 782-4062
Info@PackardLawOffices.com

August 29, 2022

*Via Electronic Mail Only*
William Marsh
Hartman King PC
520 Capitol Mall, Suite 759
Sacramento, CA 95814
WMarsh@hartmankinglaw.com

Re:   *California Sportfishing Protection Alliance v. Allison*; Case No. 20-cv-02482-WBS-AC; *County of Amador v. Allison*, Case No. 2:21-cv-00038-WBS-AC; Objections to Standing Witness Depositions

Dear William,

We are in receipt of the third-party deposition subpoenas Defendant served on our office on August 25th (after hours) and August 26th (just before the close of business), for the depositions of CSPA's standing witnesses Katherine Evatt, Edmund Taylor and Richard McHenry, between September 6-8, 2022.

We are writing to meet and confer with you regarding a) the necessity for the above-referenced depositions, and b) in the event the depositions proceed, the need to reschedule the above-referenced depositions to dates that are mutually convenient for Plaintiffs, the witnesses, and Defendants.

Katherine Evatt, Edmund Taylor and Richard McHenry ("Standing Witnesses") have been identified by CSPA as witnesses in this case solely for the purpose of establishing standing.  All three of the Standing Witnesses have already provided sworn affidavits establishing the facts of their standing in Plaintiffs' briefing on the Motion for Summary Adjudication ("MSA").  Defendant did not dispute the veracity of those declarations, which are already on the record, and did not seek to depose the Standing Witnesses before filing its opposition to the MSA, though Defendant had an opportunity to do so.  This is despite the issue of CSPA's standing being squarely before Judge Shubb and already taken under submission.  Discovery on this particular topic is entirely unnecessary until the parties receive further guidance from the court.

A party's right to conduct discovery is limited by the court's ability to prevent discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b).  As the Supreme Court has explained, "[it] is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).  Therefore, the Federal Rules of Civil Procedure allow the court to deny discovery altogether, Fed. R. Civ. P. 26(c)(1), or limit discovery "only to a

William Marsh
August 29, 2022
Page 2

method . . . other than that selected by the party seeking discovery." *Id.* at 26(c)(3).

Standing in environmental citizen suits is usually decided based upon affidavits or declarations submitted by the plaintiffs. *See Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 65 (1987); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 906-07 (Blackman, J., dissenting) (noting that District Court granted plaintiffs Motion to Quash the depositions of standing declarants who had submitted affidavits because such discovery would be unreasonably cumulative, duplicative, burdensome and expensive within the meaning of Rule 26).

Given that Defendant already has access to the Standing Witnesses' sworn affidavits, and has already had the opportunity to challenge those affidavits, but decided not to, Defendant's notices and subpoenas of depositions and for documents are, at the very least, not proportional to the needs of the case considering the information may be entirely unnecessary and unreasonably burdensome to the Standing Witnesses, and, at worst, may be designed solely to harass and intimidate CSPA's Standing Witnesses. Defendant has provided no rationale for deposing CSPA's Standing Witnesses, nor identified any information it now lacks concerning the Standing Witnesses' membership in CSPA, or harm suffered from Defendant's illicit discharges. Indeed, the information Defendant could legitimately seek from the Standing Witnesses (that is, information regarding their membership in Plaintiff's organization and how they were injured) has already been provided in their declarations submitted in support of Plaintiff's MSA. Therefore, the information Defendant seeks has already been obtained from a source that is more convenient, less burdensome, and less expensive.

Furthermore, because the relevant information about CSPA's standing has already been provided to Defendant, not to mention submitted to the court to decide whether CSPA has standing, proceeding with these depositions will not only be duplicative, but attending a deposition for up to seven hours is an undue burden for CSPA's standing witnesses. Ms. Evatt and Mr. McHenry both have jury duty summons beginning the week of Sept. 6th, and if picked for the jury may be unavailable on the dates their depositions were noticed (Sept. 7th and 8th, respectively). Mr. Taylor is on vacation with his family on the East coast until September 20th, and forcing him to attend a seven-hour deposition would not only cause him to miss an entire day of limited vacation time, but would cause him to miss valuable time with his daughter who is moving overseas.

Notwithstanding CSPA's concerns about the necessity of these depositions at all, on August 9th, 11th, and 25th CSPA asked Defendant to consider deferring the depositions until after the court had a chance to rule on whether CSPA has standing. To date, Defendant has not responded to this request, but instead issued the deposition notices and subpoenas on a very tight schedule (allowing only five business days between the last subpoena served and the first deposition) – a schedule further shortened by the Labor Day holiday weekend. CSPA again renews its request to defer the depositions until after Judge Shubb has ruled on the MSA. With the understanding that the court may not rule on CSPA's standing before the discovery deadline passes, CSPA is amenable to a stipulation asking the court to extend the deadline to allow Defendant to seek depositions as necessary.

We ask that you respond as soon as possible, but not later than noon tomorrow, August

William Marsh
August 29, 2022
Page 3

30, 2022.  If you do not agree to defer the depositions, and because of the very limited time you have provided to respond to them, CSPA will move *ex parte* to oppose the referenced depositions and ask the court for the relief that Defendant has so far been unwilling to give. We ask that you please specify in your response whether Defendant will file an objection to such a motion.

Thank you for your continuing courtesy and cooperation.

Very Truly Yours,

William Carlon

# EXHIBIT G

William Carlon <wncarlon@packardlawoffices.com>

---

## FW: CSPA et al. v. Secretary Allison et al. -- Deposition dates

**William Carlon** <wncarlon@packardlawoffices.com>          Mon, Aug 29, 2022 at 3:27 PM
To: William Marsh <WMarsh@hartmankinglaw.com>
Cc: Rebecca Andrews <Rebecca.Andrews@bbklaw.com>, "Jason R. Flanders" <jrf@atalawgroup.com>, Wendy Wang <Wendy.Wang@bbklaw.com>, Gene Tanaka <Gene.Tanaka@bbklaw.com>, "Christopher.Pisano@bbklaw.com" <Christopher.Pisano@bbklaw.com>, Erica Maharg <eam@atalawgroup.com>, Irene Islas <Irene.Islas@bbklaw.com>, Weiland Chiang <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal <AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington <MCarrington@hartmankinglaw.com>, Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>, Andrew Packard <andrew@packardlawoffices.com>

Dear Counsel,

In light of the court's order granting CSPA motion for summary judgment with respect to CSPA's standing, please confirm by the close of business today that Defendant no longer intends to depose CSPA's standing witnesses, and that Defendant is withdrawing the deposition notices and subpoenas served August 25th and 26th with respect to Ms. Evatt, Mr. McHenry, and Mr. Taylor.

Thank you,
William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

[Quoted text hidden]

# EXHIBIT H

William Carlon <wncarlon@packardlawoffices.com>

---

## FW: CSPA et al. v. Secretary Allison et al. -- Deposition dates

**William Carlon** <wncarlon@packardlawoffices.com>                    Wed, Aug 31, 2022 at 5:15 PM
To: William Marsh <WMarsh@hartmankinglaw.com>
Cc: Rebecca Andrews <Rebecca.Andrews@bbklaw.com>, "Jason R. Flanders" <jrf@atalawgroup.com>, Wendy Wang
<Wendy.Wang@bbklaw.com>, Gene Tanaka <Gene.Tanaka@bbklaw.com>, Christopher Pisano
<Christopher.Pisano@bbklaw.com>, Erica Maharg <eam@atalawgroup.com>, Irene Islas <Irene.Islas@bbklaw.com>,
Weiland Chiang <Weiland.Chiang@bbklaw.com>, Alanna Lungren <ALungren@hartmankinglaw.com>, "J. R. Parker"
<JRParker@hartmankinglaw.com>, Andreya Woo Nazal <AWooNazal@hartmankinglaw.com>, Julie Murphy
<jmurphy@hartmankinglaw.com>, Mari Carrington <MCarrington@hartmankinglaw.com>, Jennifer Hartman King
<JHartmanKing@hartmankinglaw.com>, Andrew Packard <andrew@packardlawoffices.com>

William,

This will confirm that we have reached agreement on alternate deposition dates for Mr. Taylor, Ms. Evatt, and Mr.
McHenry (Sept. 21, Sept. 22, and Sept. 23, respectively).  I look forward to receiving your final answer on whether you
intend to go forward with the depositions, or cancel them altogether after you've had a chance to speak with your client on
Friday.

With respect to the document subpoenas, thank you for that extension. This will confirm that September 16, 2022 is the
date by which all three witnesses will respond to the document subpoenas.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work
product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the
message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is
legally privileged.

On Wed, Aug 31, 2022 at 4:42 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

Yes, thank you let's tentatively schedule Mr. McHenry's deposition for September 23 (subject to our discussion with our
client representative on Friday).  On the document subpoenas for the three standing witnesses, we are amendable to
extending the production dates but we'll need time to review and assess the need for any related motions.  Thus, we propose
an extension of the production date to September 16, 2022 for all three witnesses.  Please confirm whether this is an
acceptable production date.

Very truly yours,

William Marsh, Senior Counsel



520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com

*This email and any transmission with it may contain privileged or otherwise confidential
information. If you are not the intended recipient, or believe that you have received this
communication in error, please advise the sender via reply email and delete the email you
received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Wednesday, August 31, 2022 2:44 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher Pisano <Christopher.Pisano@bbklaw.com>; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

William,

Mr. McHenry is available on the 23rd, will that work for Defendant?

While I disagree with most of the characterizations you make, would you at least be willing to push the date to respond to the subpoenas for documents to coincide with the new dates of deposition (Sept. 21, 22, and 23 for Mr. Taylor and Ms. Evatt, and Mr. McHenry respectively)?

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2

Email: wm@s@@p@@ka@ewaffides.w@m

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Wed, Aug 31, 2022 at 2:18 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

William – September 22 is acceptable to Defendants for Ms. Evatt's potential deposition, thank you for confirming.  To be clear, we've agreed to take the depositions of Mr. Taylor and Ms. Evatt temporarily off calendar because we've reached agreement on acceptable dates for their depositions (Sept. 21 and Sept. 22, respectively) in the event that Defendants decide to proceed with the standing witness depositions (with the understanding that we will provide you with a final answer on whether to cancel them altogether on Friday).  As explained in my emails below, we'll agree to take the other deposition off calendar "provided" that we reach agreement on an alternate deposition date for Mr. McHenry.  We agreed to this as an accommodation to Plaintiffs and to obviate the need for unnecessary discovery motions, so please confirm when you've heard back from Mr. McHenry as soon as you can so that we know whether we've reached agreement.  And again, we'll let you know on Friday our final position with regards to the potential cancelling of all three depositions.

The three separate subpoenas for documents still stand, however, because we will continue to assess CSPA's standing as we move toward trial.  As stated previously, standing is a jurisdictional issue and challenges to a court's subject matter jurisdiction may be brought by a defendant at any time, including at trial or on appeal.

Very truly yours,

William Marsh, Senior Counsel



520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com

*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this*

Case 2:20-cv-02482-WBS-AC   Document 77   Filed 09/23/22   Page 34 of 59

*communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Wednesday, August 31, 2022 9:31 AM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher Pisano <Christopher.Pisano@bbklaw.com>; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

William,

Ms. Evatt is available on either the 22nd or the 23rd.  I'm still waiting for word back from Mr. McHenry.  My understanding is that with the depositions off calendar, the subpoenas for documents are also off calendar, but if you could please confirm that, I would appreciate it.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Wed, Aug 31, 2022 at 8:52 AM William Carlon <wncarlon@packardlawoffices.com> wrote:

> William,
>
> Thank you for agreeing to take the depositions off calendar.  That should give us the time we need to sort this out without the court's intervention.  I have asked Ms. Evatt and Mr. McHenry if September 22 and 23 work for them, and will confirm with you once I hear back.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Wed, Aug 31, 2022 at 8:40 AM William Marsh <WMarsh@hartmankinglaw.com> wrote:

> William – thank you for reminding me of the Monday holiday.  Given the time constraints, we agree to temporarily take the three depositions off calendar provided that we quickly reach agreement on acceptable dates for the depositions of Ms. Evatt and Mr. McHenry (which you have yet to propose).  Any dates in September should work for us.  September 21 is acceptable to Defendants for the deposition of Mr. Taylor.  That should obviate the need for filing an *ex parte* motion today.  Once we hear back from our client on Friday, we'll promptly let you know whether these three depositions can be cancelled altogether.
>
> Very truly yours,
>
> William Marsh, Senior Counsel
>
> 
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> (916) 259-5005
>
> (916) 379-7535 – Fax
>
> Email: WMarsh@HartmanKingLaw.com
>
> Website: HartmanKingLaw.com
>
> *This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this*

Case 2:20-cv-02482-WBS-AC   Document 77   Filed 09/23/22   Page 36 of 59

*communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Tuesday, August 30, 2022 6:55 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher Pisano <Christopher.Pisano@bbklaw.com>; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

William,

Unfortunately, we are up against the clock due to Defendant's decision to notice these depositions for the earliest possible time, and with a holiday weekend interposed.  Therefore, we cannot wait, as you suggest, until Friday because by then it will be too late to seek relief from the Court.  Because our options are limited by these time constraints, and because you have so far refused to cancel the depositions or otherwise respond to my requests about taking the depositions off calendar, we will be filing our motion first thing tomorrow morning.  You have also not answered my question whether Defendant intends to file an opposition.

The authority to quash can be found at FRCP 26 and 45.  The motion will be filed with Judge Shubb.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, Aug 30, 2022 at 5:26 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

further assess the impact of the court's ruling—so the filing of any motion would be premature.  We will be conferring with our client representative on Friday, so we anticipate getting back to you by the end of the week.  In the meantime, could you please provide authority for our consideration of your firm's ability to quash a subpoena duly served on a third-party witness?  Please also clarify whether your ex parte motion would be with Judge Shubb or the Magistrate Judge.


Thank you for proving the potential deposition dates, we appreciate it.


William Marsh, Senior Counsel



520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com


*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Tuesday, August 30, 2022 2:33 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher Pisano <Christopher.Pisano@bbklaw.com>; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


William,


Based on your refusal to confirm that the depositions of CSPA's standing witnesses are cancelled, despite the Court ruling that CSPA has standing, we are assuming that you still intend to go through with the noticed

decided the sole issue about which these witnesses can provide testimony.  There is no reasonable purpose to proceed with these depositions and Defendant has not provided any explanation or rationale for why it insists on keeping them on calendar.  CSPA is going to file an *ex parte* motion to quash these subpoenas, and again asks for the professional courtesy of a response to the question, will Defendant oppose the motion?

To be clear, because these depositions are unnecessary, CSPA is no longer proposing a stipulation to extend discovery.

If the court disagrees and rules against our motion to quash, then we will still need to reschedule Mr. Taylor and Mr. McHenry's depositions.  Mr. Taylor is available September 21 or 22, and I am checking with Mr. McHenry. Ms. Evatt was able to get out of her jury duty summons, so in the event the depositions go forward, she is available on the noticed date.

On Tue, Aug 30, 2022, 9:35 AM William Marsh <WMarsh@hartmankinglaw.com> wrote:

> William – we are acknowledging receipt of your email and letter.  Thank you for your anticipated patience as we assess the impact of yesterday's court ruling with respect to your requests regarding the depositions of the three standing witnesses.  As I'm sure you know, standing is a jurisdictional issue and because federal courts have limited jurisdiction they must consider challenges to subject matter jurisdiction at any time, including at trial or on appeal.  Having said that, we are considering your requests but ask for clarification on the scope of your proposed stipulation to extend discovery.  As we also emphasized in our email transmitting the deposition subpoenas and in previous emails, we remain committed to further meet and confer efforts so please provide acceptable dates for the three depositions in the event that we decide to move forward with them.
>
> Very truly yours,
>
> William Marsh, Senior Counsel
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> (916) 259-5005
>
> (916) 379-7535 – Fax
>
> Email: WMarsh@HartmanKingLaw.com
>
> Website: HartmanKingLaw.com
>
> *This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Monday, August 29, 2022 3:28 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>;
Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>;
Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Irene Islas
<Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren
<ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo
Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari
Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King
<JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


Dear Counsel,


In light of the court's order granting CSPA motion for summary judgment with respect to CSPA's standing,
please confirm by the close of business today that Defendant no longer intends to depose
CSPA's standing witnesses, and that Defendant is withdrawing the deposition notices and subpoenas
served August 25th and 26th with respect to Ms. Evatt, Mr. McHenry, and Mr. Taylor.


Thank you,

William N. Carlon


The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952


Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential.  It is protected
by attorney client privilege and the attorney work product doctrine. If the reader of this message is not
the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in  error, please provide
notification to the sender immediately by replying to the message and deleting it from your computer.
This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521
and is legally privileged.


On Mon, Aug 29, 2022 at 12:19 PM William Carlon <wncarlon@packardlawoffices.com> wrote:

> Hi William,
>
>
> Please see attached.
>
>
> William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952


Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential. It is
protected by attorney client privilege and the attorney work product doctrine. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received this communication in
error, please provide notification to the sender immediately by replying to the message and deleting
it from your computer. This email is covered by the Electronic Communications Privacy Act, 18
U.S.C. Sections 2510-2521 and is legally privileged.



On Fri, Aug 26, 2022 at 3:33 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

William – thank you for agreeing to accept email service on behalf of the three CSPA standing
witnesses and Dr. Emerick, we appreciate it. As reflected in the transmittal email serving the CSPA
witnesses, we have proceeded with the deposition subpoenas in order to ensure that they are
served and scheduled before the fast-approaching discovery cut-off but we will, of course, continue
to meet and confer. We'll respond to your two requests early next week after we've had a chance to
consult with our client.


Very truly yours,


William Marsh, Senior Counsel



520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com


*This email and any transmission with it may contain privileged or otherwise
confidential information. If you are not the intended recipient, or believe that you
have received this communication in error, please advise the sender via reply
email and delete the email you received.*

Case 2:20-cv-02482-WBS-AC    Document 77    Filed 09/23/22    Page 41 of 59

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Thursday, August 25, 2022 4:55 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders
<jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka
<Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg
<eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang
<Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R.
Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal
<AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari
Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King
<JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Hi William,

Email service is fine, as long as you include all counsel.

Can you please direct me to which emails responded to Andrew's request that we discuss deferring
the deposition until after the MSA is ruled on?  I don't see any in the thread you provided, and I want
to be sure I didn't miss anything.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is
protected by attorney client privilege and the attorney work product doctrine. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited. If you have received this communication in
error, please provide notification to the sender immediately by replying to the message and
deleting it from your computer. This email is covered by the Electronic Communications Privacy
Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Thu, Aug 25, 2022 at 10:48 AM William Marsh <WMarsh@hartmankinglaw.com> wrote:

> Thank you William, we appreciate your agreement to accept service on behalf of the three CSPA
> standing witnesses and Dr. Emerick.  Will email service suffice?

> We did respond several times to Mr. Packard's request to delay the standing witness depositions until
> after the MSA is ruled upon, so my reference to your office's "new proposal" pertained to the proposed

Case 2:20-cv-02482-WBS-AC   Document 77   Filed 09/23/22   Page 42 of 59

stipulated exhibit on discovery issues, which would require court approval and agreement amongst all the parties.  In any event, we'll get back to you soon on both of these issues.


Very truly yours,


William Marsh, Senior Counsel


520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com


*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Thursday, August 25, 2022 10:20 AM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Jason R. Flanders <jrf@atalawgroup.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


Thanks William, but to be clear, deferring the depositions until after the MSA is ruled on is not a new proposal, but one that Andrew made on August 9th and 11th (and to which we have never received a response).


We will accept service on behalf of Dr. Emerick.


William N. Carlon

The Law Offices of William Packard LLP
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Fax: (707) 782-4062
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Thu, Aug 25, 2022 at 9:41 AM William Marsh <WMarsh@hartmankinglaw.com> wrote:

> Thank you for your response William, we'll respond soon to your new proposal.  In the meantime, we'd like a response from you or the County on whether service will be accepted on behalf of Plaintiffs' two expert witnesses, Mr. Emerick and Ms. Ashby as requested in my email yesterday. We'd greatly appreciate a response today if at all possible.
>
>
> Very truly yours,
>
>
> William Marsh, Senior Counsel
>
>
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> (916) 259-5005
>
> (916) 379-7535 – Fax
>
> Email: WMarsh@HartmanKingLaw.com
>
> Website: HartmanKingLaw.com
>
>
> *This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*
>
>
> _____
>
> **From:** William Carlon <wncarlon@packardlawoffices.com>
> **Sent:** Thursday, August 25, 2022 9:08 AM
> **To:** William Marsh <WMarsh@HartmanKingLaw.com>

Cc: Chris Bauer <jrhanetho7@comcast.net>; Rebecca Andrews
<Rebecca.Andrews@bbklaw.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene
Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg
<eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang
<Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R.
Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal
<AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari
Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King
<JHartmanKing@HartmanKingLaw.com>; Andrew Packard
<andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


Hi William,

As an initial point, I'd like to clarify that Andrew's email from August 15th did not, as you say,
confirm our "agreement that the Defendants are entitled to depose these witnesses for up to 7
hours under FRCP Rule 30."

We would like to renew our August 9th request to discuss deferring these depositions until
after the court issues its ruling on Plaintiffs' Motion for Summary Adjudication ("MSA"). Given
that the issue of CSPA's standing is squarely before the court, we can likely avoid the cost and
inconvenience of convening these depositions if we simply wait to hear what the Court has to
say about CSPA's standing.

At this point, after the issue has already been taken under submission by Judge Shubb, these
depositions serve only to harass and intimidate CSPA's members. Furthermore, they would be
duplicative of the sworn affidavits the witnesses have already provided. Defendant had ample
opportunity to challenge those affidavits in its opposition to the MSA, and in fact, could have
sought to depose the witnesses before filing its opposition. Defendant decided not to do any
of that.

CSPA is willing to discuss a stipulation seeking leave from the court to amend the discovery
deadline to allow Defendant to take these depositions later, if they prove to be necessary.
CSPA also remains willing, as Andrew stated on August 15th and 17th, to make use of
Magistrate Judge Claire's informal discovery process to resolve this issue.

CSPA will accept service on behalf of the standing witnesses.



William N. Carlon


The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952


Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential.  It
is protected by attorney client privilege and the attorney work product doctrine. If the reader
of this message is not the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited. If you have received this
communication in  error, please provide notification to the sender immediately by replying to
the message and deleting it from your computer. This Email is covered by the Electronic
Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Wed, Aug 24, 2022 at 3:02 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

Thank you, we appreciate it.


William Marsh, Senior Counsel



520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com


*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Wednesday, August 24, 2022 2:12 PM
**To:** William Marsh <WMarsh@HartmanKingLaw.com>
**Cc:** Jason R. Flanders <jrf@atalawgroup.com>; Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>; Andrew Packard <andrew@packardlawoffices.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


Hi William,


I have received this email, and the other email that you sent to me with the subject line "test" and no text in the body of the email (other than your signature).  I will provide a response to the substance of the email soon.

Thank you,

William N. Carlon

Law Offices of Andrew L Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Fax: (707) 782-4062
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.
It is protected by attorney client privilege and the attorney work product doctrine. If the
reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly prohibited. If you
have received this communication in  error, please provide notification to the sender
immediately by replying to the message and deleting it from your computer. This Email is
covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521
and is legally privileged.

On Wed, Aug 24, 2022 at 1:04 PM William Marsh <WMarsh@hartmankinglaw.com> wrote:

> Counsel – we received an out of office response from Mr. Packard (until September 1) and the
> same for Ms. Maharg (until August 25).  Please provide a response at your earliest
> convenience.
>
> Very truly yours,
>
> William Marsh, Senior Counsel
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> (916) 259-5005
>
> (916) 379-7535 – Fax
>
> Email: WMarsh@HartmanKingLaw.com
>
> Website: HartmanKingLaw.com
>
> *This email and any transmission with it may contain privileged or
> otherwise confidential information.  If you are not the intended recipient,
> or believe that you have received this communication in error, please
> advise the sender via reply email and delete the email you received.*
>
> ---
>
> **From:** William Marsh
> **Sent:** Wednesday, August 24, 2022 12:57 PM
> **To:** Andrew Packard <andrew@packardlawoffices.com>

<Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>;
Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Jason R.
Flanders <jrf@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland
Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren
<ALungren@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>;
Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy
<jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.
com>; Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Subject:** RE: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Andrew – the parties have been meeting and conferring for several weeks now over these various depositions, including with regard to CSPA's three standing witnesses. We greatly appreciate your acknowledgement that Defendants are entitled to depose these witnesses for up to 7 hours pursuant to Rule 30. As I'm sure for reasons that you can appreciate, we cannot assess at this time precisely how long it will take to depose the three standing witnesses because we do not know how responsive they will be or to what extent their answers will open up lines of inquiry. Rest assured, however, that we will do our best to be efficient and ask only appropriate questions. If from your perspective the first deposition takes too long, we'll certainly be open to further meeting and conferring on the remaining two, but we're confident that there will be no such need. Thus, there is little need to resort to use of court's limited resources (at great expense and delay for the parties) to resolve an issue that can be decided cordially between the parties.

I understand that you have stated concerns about Plaintiffs' standing witnesses being "harassed," but our willingness to accommodate CSPA's preferred deposition dates and to conduct their depositions remotely belies that concern. Moreover, we asked you to accept service on their behalf to avoid them being served by a process server and we have not asked to depose the County's standing witness. On that note, if you agree to accept service on behalf of the three CSPA standing witnesses and two experts (Mr. Emerick and Ms. Ashby), we'd be happy to reciprocate and accept service on behalf of Mr. Simpson and potentially other CDCR-related individuals that Plaintiffs may intend to depose. In the interest of all the parties and the deponents, please let us know whether Plaintiffs will so agree.

Very truly yours,

William Marsh, Senior Counsel

520 Capitol Mall, Suite 750

Sacramento, CA 95814

(916) 259-5005

(916) 379-7535 – Fax

Email: WMarsh@HartmanKingLaw.com

Website: HartmanKingLaw.com

*This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient,*

Case 2:20-cv-02482-WBS-AC   Document 77   Filed 09/23/22   Page 48 of 59

*or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** Andrew Packard <andrew@packardlawoffices.com>
**Sent:** Wednesday, August 17, 2022 5:36 PM
**To:** Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Jason R. Flanders <jrf@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; William Marsh <WMarsh@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Dear Jennifer,

Again, CSPA is not suggesting that Defendants aren't entitled to depose witnesses for up to 7 hours under FRCP Rule 30, and we're not going to continue arguing by email over how the arguments are going.

CSPA isn't threatening a protective order. Instead, we've repeatedly proposed meeting and conferring and gotten no response. Will you please agree to meet and confer about Secretary Allison's need to depose all three standing witnesses for seven hours? So far, you haven't even explained why Secretary Allison needs any more than two hours.

As I stated previously, CSPA agrees to use Magistrate Claire's informal discovery process to resolve this issue.

Thank you,

Andrew

On Tue, Aug 16, 2022 at 7:11 PM Jennifer Hartman King <JHartmanKing@hartmankinglaw.com> wrote:

> Dear Andrew:
>
> Thank you for confirming your agreement that the Defendants are entitled to depose these witnesses for up to 7 hours under FRCP Rule 30. Unfortunately, beyond that, your email contains various inaccuracies that we must correct.
>
> As the email thread below demonstrates, Defendants originally proposed – via my email to you dated July 28, 2022 – to take these witnesses' depositions on September 12, 13, and 14. After letting nearly two weeks pass, you responded on August 9, 2022, regarding their availability as follows: "Mr. McHenry is available on September 12th from 9:00-11:00. Mr. Taylor has limited availability on September 13th and will be located in Eastern Time Zone. Ms. Evatt is available on September 14th from 9:00-11:00."

these witnesses' purported inability to make themselves available for up to the full 7 hours allowed for the Defendants' questioning under FRCP Rule 30, on August 10, 2022, I asked you to let us know when they were available for a full day "during the weeks of August 29 and September 5, 2022." This provided them each 10 business days from which to choose (in addition to the three dates we had already offered and you rejected by asserting their purported limited availability). My August 10th email to you also stated: "In an effort to inconvenience them the least, the Defendants are willing to take these witnesses' testimony remotely via Zoom or in person at Hartman King PC's offices in downtown Sacramento, whichever they prefer." These do indeed constitute "multiple efforts to coordinate with CSPA regarding scheduling these witnesses' depositions" and demonstrate that "we have been as flexible as possible to minimize burden and expense by offering numerous date options and offering to take the depositions via remote technology," as stated in my August 12th email.

You have multiple times now threatened a motion for protective order but have provided no legal authority for your demand to limit these witnesses' testimony to 2 hours. If you have such legal authority, please provide it forthwith and we will be happy to consider it and respond accordingly.

In the meantime, to avoid further delay, as I said in my August 12th email, Defendants intend to issue third-party subpoenas for September 6, 7, and 8, 2022, for Mr. Taylor, Ms. Clark, and Mr. Henry, respectively. On August 12th, I asked you to let us know by August 15, 2022, whether you will accept service of the subpoenas on these witnesses' behalf. If you are refusing to do so, please let us know by close of business tomorrow.

Regards,


Jennifer Hartman King, President


520 Capitol Mall, Suite 750

Sacramento, CA 95814

916-379-7530 – Main phone

916-379-7533 – Direct dial

916-379-7535 – Fax

Email:  JHartmanKing@HartmanKingLaw.com

Website:  HartmanKingLaw.com

---

*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

**From:** Andrew Packard <andrew@packardlawoffices.com>
**Sent:** Monday, August 15, 2022 4:59 PM
**To:** Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Wendy Wang
<Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>;
Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Jason R.
Flanders <jrf@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland
Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren
<ALungren@HartmanKingLaw.com>; William Marsh
<WMarsh@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>;
Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy
<jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.
com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates


Dear Jennifer,

CSPA is not suggesting that Defendants aren't entitled to depose witnesses for up to 7
hours under FRCP Rule 30.  However, in the context of the standing issue, which is
already briefed and currently scheduled for hearing next week, it makes more sense to
meet and confer about why you need that time before CSPA is forced to seek a
protective order; we should be able to stipulate to the terms of these depositions, as
we did with the site inspection before Plaintiff's prevailed in their motion to compel
inspections.

CSPA agrees to use Magistrate Claire's informal discovery process to resolve this
issue.

Lastly, we respectfully disagree with your statement that "Defendants have made
multiple efforts to coordinate with CSPA" and your claim that you "have been as
flexible as possible to minimize burden and expense by offering numerous date
options."  You offered a single date option for each witness and we agreed to it, but not
for the amount of time you would like.  I suggest we meet and confer before you go to
the trouble of further harassing CSPA's members.

Please confirm that you're cancelling the dates you requested (and that we continue to
hold).

Thank you,

Andrew




On Fri, Aug 12, 2022 at 8:49 PM Jennifer Hartman King
<JHartmanKing@hartmankinglaw.com> wrote:

> Dear Andrew,
>
>
> We disagree that the case you have cited stands for the proposition for which you cite it.
> Even if it did stand for that proposition, which it doesn't, it is not binding authority in
> the present matter. The witnesses upon whom CSPA relies in its effort to establish
> standing to bring Clean Water Act claims against the Secretary and the Warden are
> pertinent to whether CSPA's action is allowed to proceed. Defendants are entitled to
> depose these witnesses for up to 7 hours on one day under FRCP Rule 30. Defendants
> have made multiple efforts to coordinate with CSPA regarding scheduling these
> witnesses' depositions as a matter of professional courtesy, and we have been as
> flexible as possible to minimize burden and expense by offering numerous date options

Case 2:20-cv-02482-WBS-AC Document 77 Filed 09/23/22 Page 51 of 59

and offering to take depositions via videoconference technology again, but Plaintiffs' unwillingness to agree to any of the offered dates for the full amount of time the applicable rule allows leaves Defendants no choice but to proceed with issuing third-party subpoenas, particularly given how many depositions must occur in a short amount of time before the discovery cut-off in this case. Defendants intend to issue third-party subpoenas for September 6, 7, and 8, 2022, for Mr. Taylor, Ms. Clark, and Mr. Henry, respectively. Please let us know by August 15, 2022, whether you will accept service of the subpoenas on these witnesses' behalf.

Best,

Jennifer Hartman King, President

520 Capitol Mall, Suite 750

Sacramento, CA 95814

916-379-7530 – Main phone

916-379-7533 – Direct dial

916-379-7535 – Fax

Email: JHartmanKing@HartmanKingLaw.com

Website:  HartmanKingLaw.com

---

*This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.*

---

**From:** Andrew Packard <andrew@packardlawoffices.com>
**Sent:** Thursday, August 11, 2022 11:28 AM
**To:** Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Cc:** Rebecca Andrews <Rebecca.Andrews@bbklaw.com>; Wendy Wang <Wendy.Wang@bbklaw.com>; Gene Tanaka <Gene.Tanaka@bbklaw.com>; Christopher.Pisano@bbklaw.com; Erica Maharg <eam@atalawgroup.com>; Jason R. Flanders <jrf@atalawgroup.com>; Irene Islas <Irene.Islas@bbklaw.com>; Weiland Chiang <Weiland.Chiang@bbklaw.com>; Alanna Lungren <ALungren@HartmanKingLaw.com>; William Marsh <WMarsh@HartmanKingLaw.com>; J. R. Parker <JRParker@hartmankinglaw.com>; Andreya Woo Nazal <AWooNazal@HartmanKingLaw.com>; Julie Murphy <jmurphy@HartmanKingLaw.com>; Mari Carrington <MCarrington@HartmanKingLaw.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Dear Jennifer,

Thank you for agreeing to undertake these standing witness depositions via Zoom. We have provided their availability on the dates you requested, and are willing to allow for up to two hours of questioning on those dates at the times specified in my last email. If you are now cancelling the dates you proposed in your July 28th email (September 12-14), please confirm that, and clarify whether you now want CSPA to look into the witnesses' availability for two-hour slots during the weeks of August 29th and September 5th.

If you believe you need more than two hours to depose these standing witnesses, let's discuss it in a meet and confer call before bothering the Court with a protective order. Absent any evidence that their declarations are not credible, these depositions are likely unnecessary. See, *Piney Run Preservation v. Com'rs, Carroll County*, 82 F. Supp. 2d 464 (D. Md. 2000)

CSPA has also proposed that the parties stipulate to putting these three standing witness depositions over, until after Plaintiffs' MSA -- which may render the standing issue moot -- is decided. Do you have a response to this proposal?

Finally, in the interests of convenience and costs savings, Plaintiffs are willing to stipulate to doing all of the depositions in the case (third-party, lay and expert), by Zoom. Please let me know if Secretary Allison is amenable to such an arrangement.

Thank you,

Andrew

On Wed, Aug 10, 2022, 6:20 PM Jennifer Hartman King <JHartmanKing@hartmankinglaw.com> wrote:

> Dear Andrew,
>
> Thank you for your email regarding these witnesses' availability for deposition on September 12, 13, and 14. Because their availability is so limited on these dates, please let us know when they are available for a full day during the weeks of August 29 and September 5, 2022. In an effort to inconvenience them the least, the Defendants are willing to take these witnesses' testimony remotely via Zoom or in person at Hartman King PC's offices in downtown Sacramento, whichever they prefer.
>
> Best,
>
> Jennifer Hartman King, President
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> 916-379-7530 – Main phone

916-379-7535 – Fax

Email: JHartmanKing@HartmanKingLaw.com

Website:  HartmanKingLaw.com

---

*This email and any transmission with it may contain privileged or otherwise
confidential information.  If you are not the intended recipient or believe that you
have received this communication in error, please advise the sender via reply email
and delete the email you received.*

---

**From:** Andrew Packard <andrew@packardlawoffices.com>
**Sent:** Tuesday, August 9, 2022 3:54 PM
**To:** Jennifer Hartman King <JHartmanKing@HartmanKingLaw.com>
**Cc:** Rebecca.Andrews@bbklaw.com; Wendy.Wang@bbklaw.com;
Gene.Tanaka@bbklaw.com; Christopher.Pisano@bbklaw.com;
eam@atalawgroup.com; jrf@atalawgroup.com; Irene.Islas@bbklaw.com;
Weiland.Chiang@bbklaw.com; Alanna Lungren
<ALungren@HartmanKingLaw.com>; William Marsh
<WMarsh@HartmanKingLaw.com>; J. R. Parker
<JRParker@hartmankinglaw.com>; Andreya Woo Nazal
<AWooNazal@HartmanKingLaw.com>; Julie Murphy
<jmurphy@HartmanKingLaw.com>; Mari Carrington
<MCarrington@HartmanKingLaw.com>
**Subject:** Re: CSPA et al. v. Secretary Allison et al. -- Deposition dates

Dear Jennifer,

Mr. McHenry is available on September 12th from 9:00-11:00.

Mr. Taylor has limited availability on September 13th and will be located in
Eastern Time Zone.

Ms. Evatt is available on September 14th from 9:00-11:00.

Alternatively, Plaintiffs would like to discuss deferring the depositions of the
standing witnesses until after the Court rules on the pending MSA.

Andrew

On Thu, Aug 4, 2022 at 8:52 AM Andrew Packard
<andrew@packardlawoffices.com> wrote:

    Dear Jennifer,

    Dr. Emerick is not available for deposition on August 15th; please provide
    alternative dates for his deposition.

Case 2:20-cv-02482-WBS-AC Document 77 Filed 08/28/23 Page 54 of 59

Swidget back to you on the availability of Richard Eagleery (not Henry), Edmund Taylor, and Katherine Evatt (not Clark) on September 12, 13 and 14, respectively.

Please clarify whether these depositions will be taken in person or by Zoom.

Thank you,

Andrew


On Thu, Jul 28, 2022 at 4:57 PM Jennifer Hartman King <JHartmanKing@hartmankinglaw.com> wrote:

> Dear Counsel,
>
> Defendants will be serving deposition subpoenas seeking testimony from Karen Ashby, Richard Henry, Edmund Taylor, Katherine Clark, and Robert Emerick regarding issues raised by the Plaintiffs' Motion for Summary Adjudication and their declarations in support thereof. In advance of doing so, we are reaching out to inquire whether Plaintiffs have conflicts with the following dates for such depositions:
>
> August  12 for Ms. Ashby
>
> August 15 for Mr. Emerick
>
> September 12-14 for Mr. Taylor, Ms. Clark, and Mr. Henry, respectively.
>
> We look forward to hearing from you at your earliest convenience.
>
> Best,
>
> Jennifer Hartman King, President
>
> 520 Capitol Mall, Suite 750
>
> Sacramento, CA 95814
>
> 916-379-7530 – Main phone
>
> 916-379-7533 – Direct dial
>
> 916-379-7535 – Fax
>
> Email: JHartmanKing@HartmanKingLaw.com
>
> Website:  HartmanKingLaw.com
>
> ---
>
> *This email and any transmission with it may contain privileged or otherwise confidential information.  If you are not the intended recipient or believe that*

*you have received this communication in error, please advise the sender via reply email and delete the email you received.*

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

--

The Law Offices of Andrew L. Packard

245 Kentucky Street, Suite B3
Petaluma, CA  94952
**Tel. (707) 782-4060**

**Fax. (707) 782-4062**

Cell (707) 787-7033

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

--

The Law Offices of Andrew L. Packard

245 Kentucky Street, Suite B3
Petaluma, CA  94952
**Tel. (707) 782-4060**

**Fax. (707) 782-4062**

Cell (707) 787-7033

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication

in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

--

The Law Offices of Andrew L. Packard

245 Kentucky Street, Suite B3
Petaluma, CA  94952
**Tel. (707) 782-4060**<

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

_____ This email and any transmission with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please advise the sender via reply email and delete the email you received.

# EXHIBIT I

William Carlon <wncarlon@packardlawoffices.com>

---

# CSPA et al v. Sec. Allison et al; CSPA Standing Witness Document Subpoena Responses

**William Carlon** <wncarlon@packardlawoffices.com>       Fri, Sep 16, 2022 at 4:58 PM
To: William Marsh <WMarsh@hartmankinglaw.com>, "to: Weiland Chiang" <Weiland.Chiang@bbklaw.com>, Rebecca
Andrews <Rebecca.Andrews@bbklaw.com>, "Jason R. Flanders" <jrf@atalawgroup.com>, Wendy Wang
<Wendy.Wang@bbklaw.com>, Gene Tanaka <Gene.Tanaka@bbklaw.com>, Christopher Pisano
<Christopher.Pisano@bbklaw.com>, Erica Maharg <eam@atalawgroup.com>, Irene Islas <Irene.Islas@bbklaw.com>, Alanna
Lungren <ALungren@hartmankinglaw.com>, "J. R. Parker" <JRParker@hartmankinglaw.com>, Andreya Woo Nazal
<AWooNazal@hartmankinglaw.com>, Julie Murphy <jmurphy@hartmankinglaw.com>, Mari Carrington
<MCarrington@hartmankinglaw.com>, Jennifer Hartman King <JHartmanKing@hartmankinglaw.com>, Andrew Packard
<andrew@packardlawoffices.com>

William,

Attached please find courtesy copies of:
PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S OBJECTIONS TO DEFENDANT SECRETARY
ALLISON'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO EDMUND TAYLOR

PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S OBJECTIONS TO DEFENDANT SECRETARY
ALLISON'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO RICHARD MCHENRY

PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S OBJECTIONS TO DEFENDANT SECRETARY
ALLISON'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO KATHERINE EVATT

Hard copies of which were served via USPS this afternoon.

The documents can be accessed using the following link and password:

Passcode: !JHDfas091622!

Link: https://spaces.hightail.com/receive/IJsDLs8Bpu

Exp. Date: 10/16/22

Thank you,
William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

---

**3 attachments**

📄 **220916_McHenry Doc Subpoena Objects.pdf**
139K

**220916_Taylor Doc Subpoena Objects.pdf**
141K

**220916_Evatt Doc Subpoena Objects.pdf**
140K