1  JENNIFER HARTMAN KING (SBN 211313)
   ALANNA LUNGREN (SBN 269668)
2  WILLIAM D. MARSH (SBN 200082)
   J. R. PARKER (SBN 320526)
3  ANDREYA WOO NAZAL (SBN 327651)
   HARTMAN KING PC
4  520 Capitol Mall, Suite 750
   Sacramento, CA  95814
5  Telephone:  (916) 379-7530
   Facsimile:  (916) 379-7535
6  JHartmanKing@HartmanKingLaw.com
   ALungren@HartmanKingLaw.com
7  WMarsh@HartmanKingLaw.com
   JRParker@HartmanKingLaw.com
8  AWooNazal@HartmanKingLaw.com

9  Attorneys for Defendants KATHLEEN ALLISON,
   in her official capacity as Secretary of the California Department
10 of Corrections and Rehabilitation; and PATRICK COVELLO,
   in his official capacity as Warden of California Department of
11 Corrections and Rehabilitation Mule Creek State Prison

Exempt From Filing Fees Pursuant
To Government Code Section 6103

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant. | Case No. 2:20-CV-02482-WBS-AC<br>[consolidated with 2:21-CV-00038-WBS-AC]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL STANDING WITNESSES' PRODUCTION OF DOCUMENTS**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Final Pretrial Conf.: February 13, 2023<br>Trial Setting Conf.: April 18, 2023 |
| COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | |

00055658.1}

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL**

# I. INTRODUCTION AND PROCEDURAL BACKGROUND

Defendants KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation, and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison ("Defendants") respectfully submit this Reply in response to Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S ("Plaintiff" or "CSPA") Opposition (ECF 77) to Defendants' Motion to Compel.

As set forth herein, Plaintiff's Opposition ("Opposition") is procedurally improper and riddled with misleading and inflammatory statements.[1] Moreover, Plaintiff's contention that Defendants are no longer entitled to seek discovery is incorrect, as the Court's previous ruling regarding standing is an interlocutory order that may be revised on the Court's own initiative or pursuant to a motion under Federal Rule of Civil Procedure ("Rule") 54(b) at any time up to final judgment. As Defendants have repeatedly informed Plaintiff, and which Plaintiff consistently fails to acknowledge, a Federal Court's subject matter jurisdiction can be raised any time (and thus can never be waived), and the Court may revise its previous ruling.

Defendants filed their Notice of Motion and Motion to Compel ("Defendants' Motion") on September 21, 2022, seeking an order pursuant to Rule 45 compelling Katherine Evatt's, Richard McHenry's, and Edmund Taylor's ("Standing Witnesses") production of documents in response to Defendants' Subpoenas to Produce Documents. Defendants' Motion, 5:6-8. Alternatively, Defendants requested the Court to order Plaintiff to produce all documents withheld based on alleged attorney-client privilege, attorney work product protections, or First Amendment rights, including a legally sufficient privilege log, for in camera review and the

---

[1] Defendants reluctantly submit this Reply, believing it necessary due to Plaintiff's procedurally improper Opposition that conflicts with Local Rule 251(f) and contains numerous mischaracterizations and unsupported assertions requiring a response. For example, the Opposition baselessly accuses Defendants of engaging in "aggressive discovery efforts" and "harassment of CSPA's members." Opposition, 7:17-19. To the contrary, Defendants have served a single set of document subpoenas, each with narrowly tailored requests, on CSPA's three Standing Witnesses. Defendants have also made every effort to accommodate Plaintiff and the witnesses, including offering to serve Plaintiff instead of the witnesses directly so they would not be bothered by a process server and extending the deadline by which the witnesses were required to produce documents. Declaration of Jennifer Hartman King in Support of Reply ("JHK Decl."), ¶ 2, Exhibit A; JHK Decl., ¶ 3. Not only are Plaintiff's repeated ad hominem attacks wholly unsupported, they are unbecoming of a member of the Bar, as they conflict with the State Bar's Attorney Guidelines of Civility and Professionalism in the practice of law.

Court's determination whether the documents have been properly withheld. Defendants' Motion, 5:9-11. Defendants' Motion was concurrently filed with the Statement Regarding Discovery Dispute (ECF 75-1) in accordance with Local Rule 251(d), and the Declaration of Jennifer Hartman King (ECF 75-2). Defendants' Motion was calendared for September 28, 2022, and ordered submitted without appearance and without argument pursuant to Local Rule 230(g) (ECF 76). Plaintiff filed its procedurally improper Opposition to Defendants' Motion on September 23, 2022.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S OPPOSITION IS PROCEDURALLY IMPROPER AND FACTUALLY INACCURATE.

As a preliminary matter, the Opposition should be disregarded by the Court, as it is procedurally improper under Local Rule 251(f). Moreover, the Opposition presents the Court with numerous inaccuracies regarding the Defendants' meet and confer efforts and the nature of the action and factual disputes leading up to Defendants' Motion. Therefore, Defendants file this Reply in response to the Opposition in an abundance of caution, to clarify the record regarding the most egregious inaccuracies and ensure the Court has the necessary factual information for its consideration before ruling.

Defendants filed its Motion pursuant to Local Rule 251(d) because Plaintiff refused to provide its portion of the joint statement in a timely manner. Contrary to Plaintiff's contention that "[d]espite reasonable efforts" it was not able to complete its portion of the joint statement regarding discovery disagreement "before Defendants [purportedly] rushed[2] to the Court for

---

[2] Plaintiff's assertion regarding Defendants "rushing" to Court is a red herring intended to mislead. In fact, the "rush" was of the Plaintiff's own making. Defendants initially provided the Standing Witnesses eleven days to produce documents in response to the subpoenas, which is more than the customary 10-day notice period. *See e.g., Bonzani v. Shineski,* No. 2:11-cv-00007-EFB, 2014 U.S. Dist. LEXIS 77619, at *12-13 (E.D. Cal. June 4, 2014) ("'Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory.'") (internal citations omitted). Subsequently, in response to Plaintiff's request to extend the deadline to produce responsive documents, Defendants agreed to extend the production date to September 16, 2022. JHK Decl., ¶ 3, Exhibit B. However, Defendants did not receive objections or any responsive documents from the Standing Witnesses. JHK Decl., ¶ 4. Instead, Plaintiff served its own response and objections to the Standing Witnesses' subpoenas on September 16, 2022, at 4:58 p.m. Plaintiff is well aware that September 21, 2022, was the last day to file a discovery dispute pursuant to the Court's Scheduling Order (ECF 11) and have it heard by the Magistrate Judge before the October 3, 2022 discovery cut-off; therefore, the short timeline within which the parties had to prepare and file a joint statement was of the Plaintiff's own making.

00055658.1                                            2

relief," Plaintiff had reasonable notice and adequate time to prepare its portion of the joint statement. Opposition, 2:4. Plaintiff had several days within which to prepare and provide its portion of the required joint statement but refused to do so.[3] Instead, Plaintiff declined to participate in the joint statement process until *after* the September 21, 2022 deadline to file a discovery dispute and have it heard by the Magistrate Judge before the October 3, 2022 discovery cut-off in this action.

Furthermore, the Opposition inaccurately states that Plaintiff attempted to comply with Defendants' discovery requests.[4] *Id.* 4:24. However, not only did Plaintiff improperly respond and object to subpoenas issued to nonparties,[5] Plaintiff improperly withheld documents on the basis of attorney-client privilege, attorney work product, and First Amendment Right privileges without producing a privilege log, in violation of Rule 45.[6] Pursuant to Rule 45, a person

---

[3] Defendants made a good faith attempt to secure Plaintiff's cooperation in preparing and executing a joint statement. After Plaintiff served its own response and objections to the Standing Witnesses' subpoenas on Friday, September 16, 2022, at 4:58 p.m., Defendants informed Plaintiff of CSPA's improper responses and objections to the *nonparty subpoenas* issued pursuant to Rule 45 at the soonest possible moment (on Sunday, September 18, 2022). JHK Decl., ¶ 6. When Plaintiff refused to withdraw the objections and allow the Standing Witnesses to respond to the subpoenas, Defendants informed Plaintiff on September 19, 2022, that "if the parties cannot reach an agreement on these issues promptly, we will need to file a joint statement regarding the discovery dispute on Wednesday, September 21, 2022, and we will need your portion of the statement by noon that day for filing." JHK Decl., ¶ 7, Exhibit D. Defendants reiterated to Plaintiff during telephonic meet and confer on September 20, 2022, that the filing by September 21 was necessary so the parties may have the matter heard by the Magistrate Judge before the October 3, 2022 discovery cut-off. JHK Decl., ¶ 5. Thus, Defendants made good faith efforts to secure Plaintiff's cooperation, Plaintiff was aware of Defendants' position regarding this discovery dispute, and any claim of surprise should be disregarded.

[4] The Opposition states that in addition to objections, Plaintiff served "dozens of documents" responsive to Defendants' subpoenas. However, the documents were not organized or labelled, and did not correspond to the categories in Defendants' requests, in violation of Rule 45. JHK Decl., ¶ 8. As a result, it is impossible for Defendants to decipher which documents, if any, were produced in response to each Subpoena. Indeed, when Defendants' counsel requested Plaintiff's counsel during the September 20, 2022 meet and confer call whether any documents were produced on behalf of Mr. Taylor (the Standing Witness Defendants were scheduled to depose on September 21, 2022), Plaintiff's counsel could not identify any such documents in the production. JHK Decl., ¶ 9.

[5] Defendants' September 18, 2022 email informs Plaintiff that the Standing Witnesses are required to reply and that Plaintiff cannot object on the Standing Witnesses' behalf. JHK Decl., ¶ 6, Exhibit C. Plaintiff has failed to provide support for its contention that counsel for CSPA may respond and object on behalf of CSPA's members (i.e., the Standing Witnesses). In fact, during telephonic meet and confer on September 19, 2022, counsel for CSPA explicitly stated that Counsel for CSPA does not represent the Standing Witnesses. JHK Decl., ¶ 10.

[6] To date, Plaintiff has failed to satisfy its burden of producing a privilege log for documents withheld. The Opposition falsely informs the Court that during telephonic meet and confer "Plaintiff explained the nature of the documents withheld...and offered to produce a privilege log." Opposition, 4:6-9. Even if Plaintiff did explain the nature of the documents, which it did not, "offering" to produce a privilege log does not satisfy Plaintiff's burden. Counsel for Defendants informed Plaintiff's counsel during the meet and confer call that the Federal Rules require a privilege log and, therefore, a log certainly should be produced; however, whether the parties' discovery disagreement is resolved depends on whether the privilege log provides information sufficient to substantiate the claimed privileges. JHK Decl., ¶ 11. Plaintiff failed to provide Defendants or the Court with any information necessary to determine whether Plaintiffs' claims for privilege or protection are valid.

"withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45. The Opposition fails to satisfy Plaintiff's burden of proof, as Plaintiff still has not described the nature of any withheld documents or information in accordance with Rule 45(e)(2)(A). As Plaintiff has thus far provided no information to satisfy its burden to establish that any documents withheld qualify for protection from disclosure under the asserted privileges, the Defendants' Motion to Compel should be granted.[7] *See e.g., In re Grand Jury Investigation*, 974 F.2d 1068, 1070 ("The party asserting the privilege has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold."); *Conoco Inc. v. United States Dept. of Justice*, 687 F.2d 724, 728 (9th Cir. 1982) (holding that the party asserting the work product rule has the burden of establishing, for each document, the rule's application). In the alternative, Defendants request the Court to order Plaintiff to produce all documents withheld based on alleged attorney-client privilege, attorney work product protections, or First Amendment rights, including a legally sufficient privilege log, for in camera review and the Court's determination whether the documents have been properly withheld. Defendants' Motion, 5:9-11.

### B. PLAINTIFF'S RELIANCE ON THE COURT'S PREVIOUS INTERLOCUTORY ORDER REGARDING STANDING AS ITS BASES FOR DENYING DEFENDANTS' RIGHT TO DISCOVERY IS UNSUPPORTED.

Plaintiff appears to contend that CSPA and its Standing Witnesses are absolved from responding to any discovery because the Court issued an interlocutory order regarding standing.

---

[7] Of course, the Court need not even reach the issue of Plaintiff's failure to produce a privilege log with respect to the majority of the document requests within the subpoenas if the Court agrees with Defendants that the attorney-client privilege does not extend to CSPA's Standing Witnesses, as explained in Defendants' Motion. Defendants' Motion, 6:22 – 7:20. Plaintiff has cited to no legal authority for the unsupported position that such protections given in limited circumstances to corporate employees should be extended to standing witnesses. CSPA's reliance on *United State v. Graf*, 610 F.3d 1148 (9th Cir. 2010) is of no moment, as that case determined that one who engages in particular types of conduct, such as regularly communicating on behalf of a corporation, managing a company's employees, and serving as the company's voice in it communications with counsel, can be deemed "functional employees" of the company. CSPA has not shown that the Standing Witnesses' conduct meets the court-adopted test for determining whether someone qualifies as an "employee" such that the company can assert attorney-client privilege to avoid disclosure of their communications with the company's counsel.

Opposition, 4:22, 6:25-26, 7:17. Plaintiff also claims that Defendants' propounded discovery is "needless," "unreasonable," and imposes a "significant burden on Plaintiff."[8] *Id.* 4:22-24. Plaintiff's arguments are wholly unsupported.

Pursuant to Rule 54(b), the Court's ruling on the limited issue of whether CSPA satisfied the constitutional requirements for standing is an interlocutory order[9] that is neither final nor dispositive until entry of final judgment. *See* Fed. R. Civ. P. 54. District courts have inherent power to modify their interlocutory orders before entering a final judgment. *See, Balla v. Idaho State Bd. of Corrections*, 869 F. 2d 461, 465 (9th Cir. 1989); *Limon v. Circle K Stores Inc.*, 2020 WL 2793076 (E.D. Cal. 2020) (court vacated its previous summary judgment ruling on whether plaintiff had standing). A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) (court vacated its previous ruling denying a motion to remand in concluding that there was no federal subject matter jurisdiction and remanding the case). Thus, the Court's previous ruling is neither final nor dispositive and the Court may reconsider it at any time under its inherent power or under Rule 54(b), particularly if it determines that it lacks subject matter jurisdiction. *Id*. at 1103 (stating that "[in] the absence of preemption, there is no subject matter jurisdiction" in remanding the matter). Accordingly, Defendants are entitled to seek discovery on issues relevant to this matter up to October 3, 2022, especially if the issue involves a federal court's subject matter jurisdiction.

Moreover, subject matter jurisdiction can never be waived pursuant to Rule 12(h)(3), and other applicable law. Per Article III of the United States Constitution, federal courts are of limited jurisdiction that require a specific grant of jurisdiction from Congress. *Lowdermilk v.*

---

[8] Defendants' subpoenas were issued to nonparty Standing Witnesses, not CSPA. JHK Decl., ¶ 12. Plaintiff informed Defendants during telephonic meet and confer on September 20, 2022, that counsel for CSPA does not represent the Standing Witnesses. JHK Decl., ¶ 10. Accordingly, CSPA's objections regarding undue burden and relevance are meritless.

[9] Plaintiff has been well aware of Defendants' position and failed to reveal this aspect of the parties' discussion to the Court in the Opposition. Defendants provided legal authority demonstrating why Defendants are entitled to seek discovery from the Standing Witnesses during telephonic meet and confer on September 14, 2022, via email on September 15, 2022, and via email again on September 18, 2022. JHK Decl., ¶ 13, Exhibits E and C, respectively.

*U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (stating that "[federal courts] are courts of limited jurisdiction and [] will strictly construe [its] jurisdiction"). In short, federal courts are "empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) have been entrusted to them by a jurisdictional grant from Congress." 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure* ("Wright & Miller") § 3522, p. 100. The issue of subject matter jurisdiction "concerns the fundamental constitutional question of the allocation of judicial power between the federal and state governments." 13 Wright & Miller § 3522, p. 125. It is presumed that a case lies outside of a federal court's limited jurisdiction, and the burden of establishing jurisdiction rests on the party seeking it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to FRCP 12(h)(3), if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. This principle is so fundamental to the separation of powers that subject matter jurisdiction can never be waived. As stated by the Supreme Court:

> Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. *Certain legal consequences flow from this*. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . principles of estoppel do not apply . . . *and a party does not waive the requiremen*t by failing to challenge jurisdiction early in the proceedings.

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (emphasis added); *See also, Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (holding that a defect in subject matter jurisdiction cannot be avoided by waiver or stipulation); *Rains v. Criterion Cys.*, 80 F.3d 339, 342, 347 (9th Cir. 1996) (stating that district courts have an "independent" obligation to examine their own jurisdiction even after judgment in vacating summary judgment on appeal because the plaintiff did not assert a federal cause of action); *Galvez v. Kuhn*, 933 F.2d 773, 775 n. 4 (9th Cir. 1991) ("[d]efects in subject-matter jurisdiction are not waivable...and may be raised by the court sua sponte"); 13 Wright & Miller § 3522, p. 115 (noting that the actions of a party cannot vest a court with jurisdiction outside of the constitutional and congressional grants of jurisdiction). The lack of waiver principle is so strong

that *even after judgment* a party, including a party who has invoked a district court's jurisdiction in the first place, may challenge the court's subject matter jurisdiction. 13 Wright & Miller § 3522, pp. 122-23; *Arbaugh v. Y&H* Corp., 546 U.S. 500, 506 (2006).

Accordingly, there is no merit to Plaintiff's claim that Defendants are not entitled to pursue discovery from its Standing Witnesses. It is axiomatic that a plaintiff's lack of standing to sue under a federal statute ends the court's subject matter jurisdiction and, again, subject matter jurisdiction can never be waived. *See, Ins. Corp. of Ireland*, 456 U.S. at 702; *Singer*, 116 F.3d at 376; *Rains*, 80 F.3d at 347.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Opposition should be disregarded and Defendants' Motion to Compel should be granted.

Dated: September 27, 2022                    Respectfully submitted,

HARTMAN KING PC

By: _____
JENNIFER HARTMAN KING
ALANNA LUNGREN
WILLIAM D. MARSH
J.R. PARKER
ANDREYA WOO NAZAL
Attorneys for Defendants
KATHLEEN ALLISON in her capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison