
JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
WILLIAM D. MARSH (SBN 200082)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:  (916) 379-7530
Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
WMarsh@HartmanKingLaw.com
JRParker@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Attorneys for Defendants KATHLEEN ALLISON,
in her official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

Exempt From Filing Fees Pursuant
To Government Code Section 6103

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant.<br><br>COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | Case No. 2:20-CV-02482-WBS-AC<br>[consolidated with 2:21-CV-00038-WBS-AC]<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S MOTION FOR RECONSIDERATION**<br><br>Date: October 31, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. William B. Shubb<br>Ctrm. 5<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Final Pretrial Conf.: February 13, 2023<br>Trial Setting Conf.: April 18, 2023 |

00055705.1

Defendants KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation, Mule Creek State Prison ("Defendants"), hereby respectfully request, pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below, that the Court take judicial notice of the following exhibits in connection with Defendants' Opposition ("Defendants' Opposition") to Plaintiff's CALIFORNIA SPORTFISHING PROTECTION ALLIANCE ("CSPA") Motion for Reconsideration (ECF 67):

1. **Exhibit A – State Water Resources Control Board Questions and Answer Document for Phase II Small MS4 General Permit ("MEP FAQ");**

2. **Exhibit B – State Water Resources Control Board Water Quality Order No. 2013-001-DWQ, NPDES General Permit No. CAS000004 ("Small MS4 Permit");**

3. **Exhibit C – State Water Resources Control Board Fact Sheet for NPDES General Permit and Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, Order No. 2013-0001-DWQ, as Amended by Order 2017-XXXX-DWQ ("MS4 Fact Sheet");**

4. **Exhibit D – California Regional Water Quality Control Board, Central Valley Region Water Quality Control Plan (Fifth Edition) for the Sacramento River and San Joaquin River Basins ("Basin Plan");**

5. **Exhibit E – State Water Resources Control Board – Part 3 of the Water Quality Control Plan for Inland Surface Waters, Enclosed Bays, and Estuaries of California, Bacteria Provisions and a Water Quality Standards Variance Policy ("Bacteria Provisions").**

"The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). A Court "must" take notice if a party requests it and supplies the Court with the requisite information. Fed. R. Evid. 201(c). Additionally, only relevant facts may be judicially noticed. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable

dispute." (quotations omitted)).

"It is appropriate to take judicial notice of . . . information, [that] was made publicly available by government entities . . . , and neither party disputes the authenticity . . . or the accuracy of the information . . . ." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of a list of vendors displayed on school districts' websites). Judicial notice may be taken of "the existence and authenticity of the public and quasi-public document[s]"; however, "to the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice." *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp.2d 1224, 1234 (E.D.Cal. 2003); *see also Kent v. Daimlerchrysler Corp.*, 200 F. Supp.2d 1208, 1219 (N.D.Cal. 2002); *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp.2d 1236, 1242-43 (S.D.Cal. 2000). Courts may also take judicial notice of a matter of public record. *Moore v. Navarro*, 2004 U.S. Dist. LEXIS 6039, *5 (N.D. Cal. Mar. 31, 2004); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (granting motion for judicial notice of a 1959 Order entered by the Federal Power Commission).

True and correct copies of Exhibits A through E are attached hereto.

1. **Exhibit A – State Water Resources Control Board Questions and Answer Document for Phase II Small MS4 General Permit ("MEP FAQ")**

   **A. Relevance**

The MEP FAQ defines the Maximum Extent Practicable ("MEP") Standard, which is the standard a permittee is required to meet under the State Water Resource Control Board's Permit for Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, Order 2013-0001-DWQ (the "Small MS4 Permit"). In addition, the MEP FAQ defines the "iterative approach," the process by which a permittee maintains compliance with the Small MS4 Permit. The MEP FAQ is relevant because the State Water Resources Control Board expressly defines the MEP Standard, which involves applying best management practices that are effective in *reducing* (i.e., not necessarily eliminating) the discharge of pollutants in storm water runoff. In addition, the MEP FAQ informs permittees of the ways in which the MEP Standard may be met, and provides illustrative examples of the same.

### B. Authenticity

The authenticity of the MEP FAQ cannot reasonably be disputed. The MEP FAQ was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the MEP FAQ is publicly available on the State Water Resources Control Board's website, in duplicate, at the following website URL (last accessed Sept. 29, 2022):

https://www.waterboards.ca.gov/water_issues/programs/stormwater/smallms4faq.shtml

Therefore, the MEP FAQ meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of CSPA's Motion for Reconsideration. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit A.

**2. Exhibit B – State Water Resources Control Board Water Quality Order No. 2013-001-DWQ, NPDES General Permit No. CAS000004 ("Small MS4 Permit")**

### A. Relevance

The Small MS4 Permit authorizes public entities to discharge pollutants from public stormwater systems to waters of the United States. As a permittee since 2019, stormwater discharges at Mule Creek State Prison are governed by the Small MS4 Permit. Thus, the Small MS4 Permit is relevant.

### B. Authenticity

The authenticity of the Small MS4 Permit cannot reasonably be disputed. The Small MS4 Permit was drafted and adopted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the Small MS4 Permit is publicly available on the State Water Resources Control Board's website, in duplicate, at the following website URLs (last accessed Sept. 29, 2022):

https://www.waterboards.ca.gov/water_issues/programs/stormwater/phase_ii_municipal.html

https://www.waterboards.ca.gov/water_issues/programs/stormwater/docs/remediated_phase2ms4

permit_v2.pdf

Therefore, the Small MS4 Permit meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of CSPA's Motion for Reconsideration. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit B.

3. **Exhibit C – State Water Resources Control Board Fact Sheet for NPDES General Permit and Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, Order No. 2013-0001-DWQ, as Amended by Order 2017-XXXX-DWQ ("MS4 Fact Sheet")**

   **A. Relevance**

The State Water Resources Control Board MS4 Fact Sheet is relevant because it describes the factual, legal, and methodological basis for the Small MS4 Permit, provides supporting documentation, and explains the rationale and assumptions used in deriving the limits and requirements.

   **B. Authenticity**

The authenticity of the MS4 Fact Sheet cannot reasonably be disputed. The MS4 Fact Sheet was drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the MS4 Fact Sheet is publicly available on the State Water Resources Control Board's website, in duplicate, at the following website URL (last accessed Sept. 29, 2022):

https://www.waterboards.ca.gov/water_issues/programs/stormwater/docs/phase_ii_municipal/factsheet.pdf

Therefore, the MS4 Fact Sheet meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to CSPA's Motion for Reconsideration. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit C.

//

//

4. **Exhibit D – California Regional Water Quality Control Board, Central Valley Region Water Quality Control Plan (Fifth Edition) for the Sacramento River and San Joaquin River Basins ("Basin Plan")**

   **A. Relevance**

   The Basin Plan covers the entire Sacramento and San Joaquin River Basins, and consists of a designation or establishment for the waters within a specified area of beneficial uses to be protected, water quality objectives to protect those uses, and a program of implementation needed for achieving the objectives. The Basin Plan is relevant because its Mule Creek State Prison's discharges are subject to its requirements.

   **B. Authenticity**

   The authenticity of the Basin Plan cannot reasonably be disputed. The Basin Plan was drafted and adopted by the California Regional Water Quality Control Board, Central Valley Region and approved by the State Water Resources Control Board. The document readily identifies the source of the information. Moreover, the Basin Plan is publicly available on the State Water Resources Control Board's website, in duplicate, at the following website URL (last accessed Sept. 29, 2022):

   https://www.waterboards.ca.gov/centralvalley/water_issues/basin_plans/sacsjr_201902.pdf

   Therefore, the Basin Plant meets the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to CSPA's Motion for Reconsideration. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit D.

5. **Exhibit E – State Water Resources Control Board – Part 3 of the Water Quality Control Plan for Inland Surface Waters, Enclosed Bays, and Estuaries of California, Bacteria Provisions and a Water Quality Standards Variance Policy ("Bacteria Provisions")**

   **A. Relevance**

   The State Water Resources Control Board adopted the Bacteria Provisions to set forth statewide bacteria water quality objectives and implementation options to protect recreational users from pathogens in California water bodies. The Bacteria Provisions are relevant because they establish water quality objectives for Mule Creek.

**B. Authenticity**

The authenticity of the Bacteria Provisions cannot reasonably be disputed. The Bacteria Provisions were drafted by representatives of a public entity and is issued on the official letterhead of the State Water Resources Control Board, which readily identifies the source of the document. Moreover, the Bacteria Provisions are publicly available on the State Water Resources Control website, in duplicate, at the following website URL (last accessed Sept. 29, 2022):

https://www.waterboards.ca.gov/bacterialobjectives/docs/bacteria.pdf

Therefore, the Bacteria Provisions meet the requirements of Rule 201(b)(2) of the Federal Rules of Evidence and is properly before the Court for consideration of Defendants' Opposition to CSPA's Motion for Reconsideration. Accordingly, Defendants respectfully request the Court take judicial notice of Exhibit E.

Dated: September 29, 2022               Respectfully submitted,

                                        HARTMAN KING PC

                                        By: _____
                                            JENNIFER HARTMAN KING
                                            ALANNA LUNGREN
                                            WILLIAM D. MARSH
                                            J.R. PARKER
                                            ANDREYA WOO NAZAL
                                        Attorneys for Defendants
                                        KATHLEEN ALLISON in her capacity as
                                        Secretary of the California Department of
                                        Corrections and Rehabilitation; and PATRICK
                                        COVELLO, in his official capacity as Warden of
                                        California Department of Corrections and
                                        Rehabilitation Mule Creek State Prison