UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, in her official capacity as the Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　Defendant. | No. 2:20-cv-02482-WBS-AC<br><br>ORDER |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, in her official capacity as the Secretary of the California Department of Corrections; PATRICK COVELLO, in his official capacity as the Warden of the California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>　　　　　Defendants. | |

1

Pending before the court is defendants' motion to compel production of documents. ECF No. 75. This discovery matter was referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1). The motion was field on September 21, 2022 and noticed for hearing on September 28, 2022. ECF No. 75. The motion was taken under submission on the papers. ECF No. 76.

Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet and confer and file a joint discovery statement. Here, defendants assert an exception to this rule is appropriate under Local Rule 251(d), which allows counsel to file a motion without a joint statement with an affidavit that despite good faith effort, the moving party was unable to obtain the cooperation of the opposing party in creating a joint statement.

Ordinarily, discovery motions are to be noticed on the court's calendar at least 21 days from the date of filing and service. Local Rule 251(a). Motions filed concurrently with a joint statement may be set for hearing on seven days notice. Id. Pursuant to Local Rule 251(e), motions involving a complete failure to respond to discovery or when the only relief sought is sanctions, a hearing may be noticed 14 days from filing. In this case, defendants noticed their motion 7 days from filing without concurrently filing a joint statement. ECF No. 75. The motion is therefore improperly noticed. Additionally, the court is dissatisfied with the parties' meet and confer efforts and the efforts made in obtaining a joint statement. In defendants' own motion, defendants admit to serving plaintiffs with their portion of the joint statement on September 21 at 11:30 a.m. and demanding plaintiffs' portion be complete by noon on September 22, 2022. ECF No. 75-1 at 4. This is not a good faith effort to obtain a joint statement.

Because defendants, the moving party, did not satisfy Local Rule 251(b)'s joint discovery statement requirement and did not properly notice their motion, the motion to compel will be denied without prejudice. See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without

////

////

prejudice to re-filing).  For the reasons state above, IT IS HEREBY ORDERED that defendants motion to compel (ECF No. 75) is DENIED without prejudice to refiling.

      IT IS SO ORDERED.

DATE: October 5, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE