UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>         Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>         Defendants. | No. 2:20-cv-02482 WBS AC<br><br><u>ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u> |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>         Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>         Defendants. | |

----oo0oo----

Plaintiffs California Sportfishing Protection Alliance and County of Amador ("Amador") brought this now-consolidated action against Kathleen Allison, in her official capacity as

1  Secretary of the California Department of Corrections and
2  Rehabilitation, and Patrick Covello, in his official capacity as
3  Warden of CDCR's Mule Creek State Prison (collectively
4  "defendants"), seeking declaratory and injunctive relief for
5  alleged violations of the Clean Water Act, as amended by the
6  Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.
7  (See First Amended Complaint (Docket No. 35); Order Consolidating
8  Cases (Docket No. 18).)
9       The court previously held in its order dated August 29,
10 2022, that Amador has Article III standing because it suffered
11 sufficient economic injury.  (Docket No. 60 at 10.)  Defendants
12 now move for summary judgment on the issue of Amador's standing
13 to bring this action as a "citizen" under the Clean Water Act.
14 (Docket No. 73.)  The court does not recite a full background of
15 the case as it has done so in its prior order.  (Docket No. 60 at
16 2-5.)
17 I.  Discussion
18      Summary judgment is proper "if the movant shows that
19 there is no genuine dispute as to any material fact and the
20 movant is entitled to judgment as a matter of law."  Fed. R. Civ.
21 P. 56(a).  A party may move for summary judgment either for one
22 or more claims or defenses, or for portions thereof.  Id.  Where
23 a court grants summary judgment only as to a portion of a claim
24 or defense, it "may enter an order stating any material fact . .
25 . that is not genuinely in dispute and treating the fact as
26 established in the case."  Id. at 56(g).
27      A material fact is one "that might affect the outcome
28 of the suit under the governing law," and a genuine issue is one

1  that could permit a reasonable trier of fact to enter a verdict
2  in the non-moving party's favor.  Anderson v. Liberty Lobby,
3  Inc., 477 U.S. 242, 248 (1986).  The moving party bears the
4  initial burden of establishing the absence of a genuine issue of
5  material fact and may satisfy this burden by presenting evidence
6  that negates an essential element of the non-moving party's case.
7  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
8  Alternatively, the movant may demonstrate that the non-moving
9  party cannot provide evidence to support an essential element
10 upon which it will bear the burden of proof at trial.  Id.  The
11 burden then shifts to the non-moving party to set forth specific
12 facts to show that there is a genuine issue for trial.  See id.
13 at 324.  Any inferences drawn from the underlying facts must,
14 however, be viewed in the light most favorable to the non-moving
15 party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
16 475 U.S. 574, 587 (1986).

    A.   Reconsideration of Prior Order

         The parties presented arguments concerning whether it is appropriate for the court to reconsider its prior order concerning Amador's standing.  (Pl.'s Opp'n at 6-8 (Docket No. 66), Defs.' Reply ("Reply") at 2 (Docket No. 73).)  However, the court need not reach this issue, as the instant motion does not require reconsideration.  The prior order dealt with Amador's Article III standing to bring suit in federal court.  (Docket No. 60 at 10.)  At issue here is Amador's statutory standing to bring suit under the Clean Water Act.

    B.   County of Amador's Standing

         In interpreting a statute, courts "look first to the

3

1 words that Congress used.  Rather than focusing just on the word
2 or phrase at issue, [courts] look to the entire statute to
3 determine Congressional intent." Defs. of Wildlife v. Browner,
4 191 F.3d 1159, 1164 (9th Cir. 1999), opinion amended on denial of
5 reh'g, 197 F.3d 1035 (9th Cir. 1999) (internal quotation marks
6 and citations omitted).

7 　　　　　The Clean Water Act ("the Act") allows "any citizen" to
8 bring a civil action "against any person . . . who is alleged to
9 be in violation of [ ] an effluent standard or limitation under
10 [the Act]." 33 U.S.C. § 1365(a). "For purposes of [the citizen
11 suit provision]," the Act defines "citizen" as a "person or
12 persons having an interest which is or may be adversely
13 affected." 33 U.S.C. §1365(g). The Act defines "person" as "an
14 individual, corporation, partnership, association, State,
15 municipality [including counties], commission, or political
16 subdivision of a State, or any interstate body." 33 U.S.C. §§
17 1362(4), 1362(5).

18 　　　　　At issue here is whether state and local governmental
19 bodies, including counties, fall within the Act's definition of
20 "citizen." The court concludes that they do based on the
21 statute's unambiguous language. Because § 1365 does not provide
22 a separate definition of "person," see 33 U.S.C. § 1365, the
23 general definition of the term applies, see Patagonia Corp. v.
24 Bd. of Governors of Fed. Rsrv. Sys., 517 F.2d 803, 810 (9th Cir.
25 1975). The definition of "person" includes counties, and
26 therefore the definition of "citizen"--which implicitly
27 incorporates the definition of "person"--also includes counties.
28 See 33 U.S.C. §§ 1362(4), 1362(5), 1365(g). Although the Act's

4

definitions of "person" and "citizen" depart from the ordinary meaning of those terms, the court must nonetheless follow those definitions.  See U.S. v. W.R. Grace & Co., 429 F.3d 1224, 1238 (9th Cir. 2005) (citing Stenberg v. Carhart, 530 U.S. 914, 942 (2000)).

This interpretation aligns with the Supreme Court's finding that "a State is a 'citizen' under the [Clean Water Act] . . . and is thus entitled to sue under [the citizen suit provision]."  See U.S. Dep't of Energy v. Ohio, 503 U.S. 607, 616 (1992).[1]  The Department of Energy court provided a brief discussion of the statutory language, which followed the same reasoning delineated above by this court.  See id. at 613 n.5.  Multiple other courts have found that a state is a citizen based on the same analysis of the statutory text.  See Illinois v. Outboard Marine Corp., 619 F.2d 623, 631 (7th Cir. 1980), vacated on other grounds, Outboard Marine Corp. v. Illinois, 453 U.S. 917 (1981); Massachusetts v. U.S. Vet. Admin., 541 F.2d 119, 121 n.1 (1st Cir. 1976); City of Cincinnati, No. 103-cv-731, 2007 WL 956432, at *4 n.3 (S.D. Ohio Mar. 27, 2007); United States v. City of Toledo, 867 F. Supp. 595, 597 (N.D. Ohio 1994).

Defendants cite two cases holding that a state is not a citizen under the Act: California v. Dep't of Navy, 631 F. Supp. 584 (N.D. Cal. 1986), aff'd on other grounds, California v. U.S. Dep't of Navy, 845 F.2d 222 (9th Cir. 1988); and U.S. v. Hopewell, 508 F. Supp. 526 (E.D. Va. Dec. 4, 1980).  These

---

[1] Contrary to defendants' mischaracterization (see Reply at 14), this statement was in the body of the opinion, not a footnote.  See Dep't of Energy, 503 U.S. at 616.

decisions are not binding on this court, nor are they persuasive, as both were issued prior to the Supreme Court's decision in Department of Energy.

Defendants also make various arguments from statutory text and structure, legislative history, and policy, which the court will address in turn.

### A. Statutory Text and Structure

Defendants first cite the statutory canon of construction, expressio unius. (See Reply at 11.) According to this canon, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." See Defs. of Wildlife, 191 F.3d 1159 at 1165 (citing Russello v. United States, 464 U.S. 16, 23, (1983)). This canon "applies only when circumstances support[] a sensible inference that the term left out must have been meant to be excluded." N.L.R.B. v. SW Gen., Inc., 580 U.S. 288, 137 (2017) (internal quotation marks and citation omitted).

Defendants argue that a municipality is not a citizen because Congress expressly included municipalities in the definition of "person" at § 1362(5), but not in the definition of "citizen" at § 1365(g). (Reply at 11.) This argument is wholly unconvincing. Section 1362(5) is contained within the "Definitions" section of the Act, which provides detailed definitions of relevant terms. See 33 U.S.C. § 1362. In contrast, § 1365(g) is part of the "Citizen Suit" provision, which does not purport to define "person" at all and makes no

6

1  effort to enumerate all potential plaintiffs or defendants.  See
2  33 U.S.C. § 1365.  Section 1365(g) also fails to explicitly
3  reference private citizens as plaintiffs, see 33 U.S.C. 1365(g),
4  but it would be absurd to conclude from this omission that
5  private citizens are not proper plaintiffs under the Act.  Rather
6  than unnecessarily listing the class of all potential plaintiffs,
7  § 1365(g) defines "citizen" with reference to the term "person,"
8  thereby incorporating the general definition of "person."  See
9  id.

10       At oral argument, defendants pointed to language in §
11  1362 that states: "Except as otherwise specifically provided,
12  when used in this chapter . . . "  33 U.S.C. § 1362.  This
13  language is followed by the definitions of twenty-seven terms,
14  including "person."  See id.  Defendants argued that this
15  prefatory language indicates that a different definition of
16  "person" should apply to the citizen suit provision.  However,
17  defendants did not suggest an alternative textual definition of
18  "person" or "citizen," instead arguing that the court should
19  assume that the term "citizen" includes only natural persons.
20  This argument is unavailing, as defendants fail to identify any
21  language in the statute "otherwise specifically provid[ing]" an
22  alternative definition.  See 33 U.S.C. § 1362.

23       In briefing, defendants made a similar argument that an
24  alternative definition of "person" should apply.  However, they
25  instead pointed to § 1365(a)(1), which states in relevant part
26  that citizens may bring suits "against any person (including (i)
27  the United States, and (ii) any other governmental
28  instrumentality or agency to the extent permitted by the eleventh

amendment to the Constitution)."  See 33 U.S.C. § 1365(a)(1). Defendants argued that this language constitutes an alternative definition of "person" that should apply instead of the general definition at § 1362(5).  (See Reply at 3, 11-12.)  However, the parenthetical text is clearly not meant to serve as an exclusive definition of the term "person," but rather as a clarification that such government bodies are included in the class of proper defendants.  If the court were to interpret the parenthetical as an alternative definition of the term "person" as defendants seem to suggest, then citizen suits would be improper as against all private defendants, which is clearly incorrect.  And even if the parenthetical text was a narrow definition of "person" for purposes of § 1365, it would counsel in favor of municipalities as citizens, as it includes "any other governmental instrumentality or agency."  See 33 U.S.C. § 1365(a)(1)(ii).

Defendants also argue that the inclusion of governmental bodies in § 1365(a)(1)(ii) (quoted above) but not in § 1365(g) indicates Congressional intent to make such bodies potential defendants, not potential plaintiffs.  Once again, this argument is unconvincing as § 1365(g) does not purport to enumerate the class of potential plaintiffs, whether public or private actors.  Further, private citizens may act as both plaintiffs and defendants under the Act, and the statutory scheme does not indicate that government bodies must be treated differently.

Defendants next allude to the canon against superfluity.  (See Reply at 3, 12.)  According to this canon, "[a] statute should be construed so that effect is given to all

8

its provisions, so that no part will be inoperative or superfluous, void or insignificant." Corley v. United States, 556 U.S. 303, 314 (2009) (internal quotation marks and citations omitted). Defendants point out that § 1365(h) gives state governors the ability to commence "civil actions (not citizen suits)"[2] against the EPA Administrator. (Reply at 3.) They conclude that the general definition of "persons" (which includes states and municipalities) cannot apply to the definition of "citizen," as such an interpretation would render § 1365(h) superfluous. Id. Defendants fail to note that § 1365(h) permits governors to bring civil actions in certain circumstances, "without regard to the [notice requirements] of subsection (b) of this section," which otherwise apply to all citizen suits. 33 U.S.C. § 1365(h). This provision appears to be merely an exception to the notice requirements. Because § 1365(h) does more than provide that state governors may bring civil suits, the court's interpretation does not render it superfluous.

   B. <u>Legislative History and Policy</u>

  Defendants next argue that the Act's legislative history evinces Congressional intent to exclude governmental bodies from the class of potential plaintiffs. (Reply at 15-18.) However, the court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." BedRoc Ltd. v. United States, 541 U.S. 176, 183 (2004). But see ASARCO, LLC v.

---

[2] Defendants' attempt to draw a distinction between "civil actions" and "citizen suits" is nonsensical. The term "citizen suit" is only used in the title of § 1365. Otherwise, the term "civil action" is used to refer to citizen suits throughout § 1365. See generally 33 U.S.C. § 1365.

Celanese Chem. Co., 792 F.3d 1203, 1210 (9th Cir. 2015) (citing Carson Harbor Vill., Ltd. v. Unocal Corp., 270 F.3d 863, 877 (9th Cir. 2001) (resort to legislative history may be appropriate "even where the plain language is unambiguous, where the legislative history clearly indicates that Congress meant something other than what it said") (internal quotation marks and citation omitted).  The court has reviewed the legislative history presented by defendants and finds that it does not clearly indicate contrary Congressional intent such that ignoring the plain language of the statute is warranted.  The court likewise rejects defendants' policy arguments.  (See Reply at 18-19).  It is not for this court to decide upon the best policy outcome when the statutory text is clear.  Accordingly, the court finds that Amador County has statutory standing as a "citizen" under the Clean Water Act and will deny the motion for summary judgment.

   IT IS THEREFORE ORDERED that defendants' motion for partial summary judgment (Docket No. 59) be, and the same hereby is, DENIED.

Dated:  November 1, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE