JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
2150 River Plaza Drive, Suite 320
Sacramento, CA  95833
Telephone:  (916) 379-7530; Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
JRParker@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Exempt From Filing Fees Pursuant
To Government Code Section 6103

Attorneys for Defendants JEFFREY MACOMBER,
in his official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendant. | Case No. 2:20-CV-02482-WBS-AC<br>[consolidated with 2:21-CV-00038-WBS-AC]<br><br>**OPPOSED EX PARTE APPLICATION BY DEFENDANTS JEFFREY MACOMBER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; AND PATRICK COVELLO, IN HIS OFFICIAL CAPACITY AS WARDEN OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION MULE CREEK STATE PRISON TO CONTINUE TRIAL DATE**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Settlement Conference: April 13, 2023<br>Trial:  April 18, 2023 |
| COUNTY OF AMADOR, *a public agency of the State of California,*<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>Defendants. | |

00059898.1

**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendants JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison ( "Defendants") hereby apply *ex parte* for modification of the Final Pretrial Order (ECF 110) to continue the April 18, 2023 trial date in this action, and all related deadlines *except for* the April 13, 2023 Final Settlement Conference, by a period of no less than **seven weeks**. Plaintiffs California Sportfishing Protection Alliance and the County of Amador, through their respective counsel, did not respond to Defendants' counsel's question of whether they would oppose Defendants' *ex parte*. However, Plaintiffs' counsel indicated they intend to file an *ex parte* regarding a different proposal, so Defendant's counsel takes this to mean they intend to oppose this application. Defendants do not request oral argument on this application unless requested by the Court.

This application is made pursuant to Federal Rule of Civil Procedure 6(b), Eastern District Local Rule 144(c), and the Court's broad discretion to grant trial continuances. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). This application is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer Hartman King, the [Proposed] Order, and any other argument or materials the Court may consider.

Dated: April 3, 2023

Respectfully submitted,

HARTMAN KING PC

By: _____
JENNIFER HARTMAN KING
ALANNA LUNGREN
J.R. PARKER
ANDREYA WOO NAZAL
Attorneys for Defendants
JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison ("Defendants") respectfully apply *ex parte* for an Order continuing trial and all related deadlines by approximately **seven weeks**, or as soon thereafter as the Court may schedule the trial of this action. Defendants request this short continuance because the Final Pretrial Order (ECF 110) did not appear on the Court's docket until late in the afternoon on March 29, 2023, over six weeks after the parties' Final Pretrial Conference on February 13, 2023. As a result, the parties did not learn until the eve of trial that some of the Court's imposed deadlines for critical pre-trial filings had already passed, and many more additional critical pretrial filings were imminent. Without a continuance of the trial date and related pretrial deadlines, the newly imposed requirements and deadlines in the Court's Final Pretrial Order threaten to severely prejudice Defendants. All parties have already missed some of the deadlines set forth in the Final Pretrial Order. Although it appears the Court signed the Final Pretrial Order on or around February 15, 2023, the parties lost six weeks of critical time needed to comply with the Court's Final Pretrial Order because the Final Pretrial Order never appeared on the ECF docket until March 29, 2023. *See* Declaration of Jennifer Hartman King ("Hartman King Decl."), ¶¶5-10.

Counsel for Defendants informed Plaintiffs' counsel[1] on Friday morning, March 31, 2023, that we were considering that a continuance of the trial and pretrial deadlines may be necessary. Counsel for Defendants followed up later that day with a request that Plaintiffs' counsel stipulate to a request to seek a continuance of the trial date and related deadlines (except for the Settlement Conference date). Plaintiffs' counsel informed Defendants' counsel on Monday, April 3, 2023, that they would be filing an *ex parte* application regarding a different proposal pertaining to the remaining

---

[1] Plaintiffs' counsel of record in this case consist of multiple attorneys from three law firms. For the County, Mr. Christopher Pisano, Ms. Rebecca Andrews, and Mr. Shawn Hagerty from national law firm Best Best & Krieger are counsel of record. For CSPA, Mr. Andrew Packard and Mr. William Carlon from the Law Offices of Andrew L. Packard, and Mr. Jason Flanders and Ms. Erica Maharg, of Aqua Terra Aeris Law Group are all counsel of record.

pretrial deadlines. Plaintiffs' counsel did not ask whether Defendants would oppose their *ex parte* application. Plaintiffs' counsel implicitly informed Defendants' counsel that they oppose our *ex parte* by informing us they would file an application for a different *ex parte* request. Defendants' counsel informs the Court that this instant *ex parte* application serves as Defendants' opposition to Plaintiffs' anticipated *ex parte* application.

Further, Defendants evaluated the alternative option of filing a regularly noticed motion for continuance of the trial date. Given the imminent trial date and the potential need for the Court to adjust its calendar to accommodate the requested continuance, Defendants determined it would be most appropriate and considerate of the Court's schedule to immediately bring this matter to the Court's attention on an *ex parte* basis.

Accordingly, Defendants respectfully request that the Court (1) continue the trial date to **June 5, 2023**, or as soon thereafter as the Court is available, and (2) continue all other deadlines in the Final Pretrial Order by an equal amount of time, *except for* the Settlement Conference scheduled to occur on April 13, 2023.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Court held a Final Pretrial Conference in this matter on February 13, 2023. ECF 110. Erica Maharg appeared as counsel for plaintiff California Sportfishing Protection Alliance ("CSPA"), Christopher Pisano appeared as counsel for plaintiff County of Amador ("Amador"), and Jennifer Hartman King and Alanna Lungren appeared as counsel for Defendants. *Id*.

During the Final Pretrial Conference, the Court did not identify the additional prefiling requirements and their associated deadlines outlined in its Final Pretrial Order. Hartman King Decl., ¶ 3. Rather, the Court advised that it would issue a Final Pretrial Order regarding the outcome of the Final Pretrial Conference and the Court's remaining pretrial requirements. *Id*.

On February 14, 2023, the day after the Final Pretrial Conference, the Court published minutes from the February 13, 2023 Final Pretrial Conference. ECF 109; Hartman King Decl., ¶ 4, Ex. A. The Court ordered a Final Settlement Conference to be set for April 13, 2023 at 9:00 a.m. and called for confidential settlement conference statements to be filed by 12:00 p.m. on April 6, 2023. *Id*. The minutes also stated the Court would issue a separate Final Pretrial Order. *Id*. On February 15, 2023,

the Court issued what it identified in the docket text as the "Final Pretrial Order" confirming trial was set for April 18, 2023 and the Settlement Conference for April 13, 2023. See, Feb. 15, 2023 Court Electronic Filing; Hartman King Decl. ¶ 5, Ex. B. The Court's February 15, 2023 filing only contained docket text and did not have a document attached. *Id.* This filing did not identify all of the requirements or any other deadlines prescribed in the Final Pretrial Order, except for the Settlement Conference date and deadline for Confidential Settlement Conference Statement. *Id.*

With respect to the Final Pretrial Order transmitted to the parties on March 29, 2023, the Court indicates it signed the order on February 15, 2023. ECF 110. However, for unknown reasons, the Final Pretrial Order was not available to the parties on the ECF system until it was served at 3:38 p.m. on March 29, 2023. Hartman King Decl., ¶¶5-6. None of the parties saw the Final Pretrial Order until last week. *Id.*, ¶¶6-9. As a result, Defendants did not learn of the additional pretrial requirements and associated filing deadlines until some had already passed, on March 29, 2023. *Id.*, ¶6.

Without a continuance of the trial date and related pretrial deadlines, Defendants will be prejudiced, as deadlines identified by the Court passed the day before the Final Pretrial Order was filed and served. Hartman King Decl., ¶ 9. Defendants are threatened with further prejudice as a result of the lack of notice of the many additional and different critical pretrial filing requirements. Hartman King Decl., ¶ 9. Defendants lost approximately six weeks of time and the opportunity to appropriately plan its trial preparation activities according to the Court's preferred and accelerated schedule outlined in the Final Pretrial Order (as opposed to implementing Defendants' trial preparation plan developed by relying on deadlines and requirements prescribed by the Local Rules and the Court's Standard Information). Hartman King Decl., ¶9. Moreover, several of the pretrial filing deadlines set forth in the Final Pretrial Order have already passed for both parties, or are upcoming too soon to allow for meaningful and thorough preparation. *Id.* Specifically, the Final Pretrial Order set the following deadlines:

///

///

///

///

| Document | Due Date | Compared to Local Rules ("LR") or Standard Information ("SI") |
|---|---|---|
| Objections to Final Pretrial Order | February 22, 2023 | Not indicated in LR or SI |
| Plaintiffs' Proposed Findings of Fact and Conclusions of Law and Form of Judgment | March 28, 2023 | Not indicated in LR or SI |
| Designations of Deposition Testimony and Interrogatory Responses | March 28, 2023 | Earlier deadline than SI. |
| Defendants Proposed Findings of Fact and Conclusions of Law and Form of Judgment | April 4, 2023 | Not indicated in LR or SI |
| Trial Briefs | April 4, 2023 | |
| Settlement Conference Statement[2] | April 6, 2023 | |
| Counter-Designations of Deposition Testimony and Interrogatory Responses | April 7, 2023 | Not indicated in LR or SI. |
| Responsive Trial Briefs | April 11, 2023 | |
| Evidentiary Objections to Counter-Designations | April 11, 2023 | Not indicated in LR or SI. |
| Exchange of Exhibits | April 11, 2023 | Earlier deadline than SI. |
| Objections to Exhibits | April 14, 2023 | Not indicated in LR or SI. |

Defendants first received the Final Pretrial Order late in the afternoon on March 29, 2023, when counsel received an e-mail from the Court's ECF system providing notice that the Order was available on the docket. Hartman King Decl., ¶6, Ex. C. Counsel for Defendants informed Plaintiffs' counsel on Friday morning, March 31, 2023, that we were considering that a continuance of the trial and pretrial deadlines may be necessary. *Id*. at ¶ 11. Counsel for Defendants followed up later that day with a request that Plaintiffs' counsel stipulate to a request to seek a continuance of the trial date and related deadlines (except for the Settlement Conference date). *Id*. at ¶ 11. Plaintiffs' counsel

---

[2] Defendants *do not* request a continuance of the Final Settlement Conference or the deadline to submit Settlement Conference Statements.

informed Defendants' counsel on Monday, April 3, 2023, that they would be filing an *ex parte* application regarding a different proposal pertaining to the remaining pretrial deadlines. *Id*. at ¶ 11. Plaintiffs' counsel did not ask whether Defendants would oppose their *ex parte* application. *Id*. at ¶ 11. Plaintiffs' counsel implicitly informed Defendants' counsel that they oppose our *ex parte* by informing us they would file an application for a different *ex parte* request. *Id*. at ¶ 11. Defendants' counsel informs the Court that this instant *ex parte* application serves as Defendants' opposition to Plaintiffs' anticipated *ex parte* application. *Id*. at ¶ 11.

Ultimately, Defendants determined that an *ex parte* application was necessary to obtain immediate relief, given the imminent trial date and Defendants' desire to minimize further disruption to the Court's calendar. *Id*. at ¶ 12.

### III.     ARGUMENT

Trial courts have broad discretion to grant trial continuances. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *U.S. v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985); *see, e.g., Am. Manufacturers Mut. Ins. Co. v. Carothers Constr., Inc.*, No. 2:05-cv-00122-MCE-GGH, 2008 WL 11512228, at *2 (E.D. Cal. Jan. 15, 2008) (granting *ex parte* application for continuance filed 13 days before trial date). In considering requests for trial continuances, courts generally examine four factors: (1) the moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3) inconvenience to the Court and the opposing party, and (4) prejudice to the moving party. *See id.* Given the extraordinary circumstances at play here, Defendants respectfully submit that all of the relevant factors favor a trial continuance of approximately seven weeks.

First, the Defendants have diligently prosecuted discovery, dispositive motions, and trial preparation in this case. While it is true that Defendants are currently preparing to proceed to trial and meet the Court's pretrial filing deadlines that Defendants were aware of as part of their normal diligence, the parties were equally not aware of the additional and/or different pretrial filing requirements the Court apparently intended to impose on February 15, 2023, however, did not impose until March 29, 2023. Defendants imagine that it was an inadvertent oversight that prevented the Court's Order from being published on the ECF docket until approximately March 29, 2023. Accordingly, Defendants have lost approximately six weeks (from February 15 until March 29) that

otherwise would have been spent diligently incorporating into their trial preparation plans the Court's additional pretrial requirements. Moreover, Defendants (and Plaintiffs) would only have known about the Court's additional and modified pretrial filing requirements and related deadlines through receiving the Final Pretrial Order. Unfortunately, Defendants' reliance on what is published in the Local Rules and the Court's Standard Information does not account for every requirement imposed by the Court's Final Pretrial Order. Defendants respectfully submit that the request to continue the trail date and associated deadlines is justified under the circumstances.

Second, a seven-week continuance would be highly useful. Essentially, the parties would be restored the six weeks of vital preparation time that was lost as a result of the inadvertent lack of notice of the Court's Final Pretrial Order's requirements. Moreover, Defendants do not seek a continuance of the April 13, 2023 Settlement Conference. Rather, Defendants anticipate that a seven-week continuance will bolster the parties' ability to reach a mutually agreeable settlement in this matter and potentially avoid trial altogether.

Third, all parties have already missed some of the pretrial deadlines set forth in the Court's Final Pretrial Order due to the Final Pretrial Order's late filing. Without a continuance of the trial date and related pretrial deadlines, Defendants will be prejudiced, as deadlines identified by the Court passed the day before the Final Pretrial Order was filed and served. Defendants are threatened with further prejudice as a result of the lack of notice of the many additional and different critical pretrial filing requirements.  All parties have already missed the Court's deadlines to object to the Final Pretrial Order and to exchange designations of deposition testimony and interrogatory responses for use at trial. Defendants' proposed conclusions of fact and law are due April 4 (tomorrow), and Plaintiffs' were due last week. Defendants lost six weeks to finalize the exhibits to use for trial, and now have a week to finalize them. Most importantly, all parties have overall lost six weeks of crucial time that could have been used to prepare the additional pretrial filings on the Court's timeline outlined in the Final Pretrial Order. Without a continuance, Defendants' ability to reconfigure its trial preparation plan to meet the Court's requests and already expired deadlines is severely prejudiced.

/ / /

/ / /

### III. CONCLUSION

In sum, a short continuance of the trial date and related deadlines for seven weeks (or as soon thereafter as the Court is available) will benefit everyone by enabling the parties to prepare for trial in an efficient and organized manner and to meet the Court's pretrial requirements outlined in the Final Pretrial Order. Absent a continuance, the parties will need to scramble to meet the Court's additional requests, rather than proceed on the trial preparation timeline that was reliably developed based on analysis of the Local Rules, Standard Information, and Final Pretrial Conference. Leading up to the Settlement Conference on April 13, the parties are actively engaged in negotiations and Defendants believe a continuance will significantly improve the chances of settlement before trial, thereby possibly avoiding trial altogether. Without Defendants' requested continuance, Defendants will remain prejudiced because of the deadlines that expired prior to the Court filing its Final Pretrial Order, and are threatened with further prejudice given the newly noticed Court pretrial filing requirements and additional deadlines. Defendants therefore respectfully request an Order granting the continuance requested herein.

Respectfully submitted,

Dated: April 3, 2023        HARTMAN KING PC

By: _____
    JENNIFER HARTMAN KING
    ALANNA LUNGREN
    J.R. PARKER
    ANDREYA WOO NAZAL
Attorneys for Defendants
JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO, in his official capacity as Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison