CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
SHAWN D. HAGERTY, Bar No. 182435
shawn.hagerty@bbklaw.com
REBECCA ANDREWS, Bar No. 272967
rebecca.andrews@bbklaw.com
ANYA KWAN, Bar No. 333854
anya.kwan@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California  90071
Telephone:	(213) 617-8100
Facsimile:	(213) 617-7480

Attorneys for Plaintiff
COUNTY OF AMADOR
    [Additional Counsel on p. 2]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, in her official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendants. | Case No. 2:20-cv-02482-WBS-AC<br>[Consolidated with 2:21-cv-00038-WBS-AC]<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY FINAL PRETRIAL ORDER DATES**<br><br>Date:	None set<br>Time:	None set<br>Dept:	5<br>Judge:	William B. Shubb<br><br>Trial Date:	April 18, 2023<br>Actions Filed:	December 15, 2020 and January 7, 2021 |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity of Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | |

83653.00001\41150179.1

- 1 -

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

1  ANDREW L. PACKARD (Bar No. 168690)
   andrew@packardlawoffices.com
2  WILLIAM N. CARLON (Bar No. 305739)
   wncarlon@packardlawoffices.com
3  Law Offices of Andrew L. Packard
   245 Kentucky Street, Suite B3
4  Petaluma, CA 94952
   Tel: (707) 782-4060
5
   JASON FLANDERS (Bar No. 238007)
6  jrf@atalawgroup.com
   ERICA MAHARG (Bar No. 279396)
7  eam@atalawgroup.com
   AQUA TERRA AERIS LAW GROUP
8  4030 Martin Luther King Jr. Way
   Oakland, CA 94609
9  Tel. (916) 202-3018

10 Attorneys for Plaintiff
   CALIFORNIA SPORTFISHING PROTECTION
11 ALLIANCE

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

83653.00001\41150179.1

- 2 -

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Plaintiffs California Sportfishing Protection Alliance ("CSPA") and County of Amador ("County") (collectively "Plaintiffs") respectfully request that the Court grant this application to modify five dates in the Final Pretrial Order, ECF 110 ("Order"). Specifically, Plaintiffs request that the Court modify the dates set forth in paragraphs III, IX and XIV of the Order, as follows (deletions shown in strikeout and additions shown in underline:

III. Proposed Findings of Fact and Conclusions of Law and Form of Judgment

No later than twelve ~~twenty-one~~ days before the trial date, plaintiffs shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which plaintiffs propose to be entered at the conclusion of the trial pursuant to Fed. R. Civ. P. 52. No later than five ~~fourteen~~ days before trial, defendants shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which defendants proposes be entered.

IX. Use of Depositions or Interrogatories

No later than twelve ~~twenty-one~~ days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal. No later than five ~~ten~~ days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation. No later than seven days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

- 3 -

83653.00001\41150179.1

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

XIV. <u>Objections to Pretrial Order</u>

Any objections or suggested modifications to this Pretrial Order shall be filed and served within ~~seven~~ <u>twelve</u> days <u>before trial</u>~~from the file-stamped date of this Order~~. All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

CSPA filed this suit on December 15, 2020. The County filed suit on January 7, 2021. Trial for this matter was set when the cases were consolidated on June 15, 2021.

This Court's standing order, the district's local rules, and the federal rules of Civil Procedure make it clear that prior to trial, the parties need to file findings of fact and conclusions of law, a statement designating all answers to interrogatories, and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal. Hon. Shubb, Standing Order, notice 2 and § IV; Local Rules 250.2(c), 281(b)(12), 282(5), (7), 290; Fed. Rules Civ. Proc., Rules 52.

The pretrial conference in this matter was held on February 13, 2023. Declaration of Rebecca Andrews ("Andrews Decl.") ¶2. After the pretrial conference, counsel for the County received a notification from the court alerting them that the pretrial order would be filed. On February 14, 2023, counsel for the County checked the docket, but the pretrial order was not available. (Andrews Decl. ¶5.) On March 29, 2023, the Parties received the Order. (Andrews Decl. ¶¶6-7.) The Order contained five deadlines that could not be met based on the late service of the Order. (Andrews Decl. ¶8.)

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court has the discretion to extend any

- 4 -

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

83653.00001\41150179.1

1  deadline set out in the Rules of Civil Procedure when a party makes a request to extend the
2  deadline, demonstrates good cause to support the request, and makes the request before the
3  deadline to be extended has passed. Fed. R. Civ. P. 6(b)(1). The deadlines in a final pretrial order
4  can be changed to prevent manifest injustice. Fed. R. Civ. P. 16(e). When considering a motion to
5  continue a deadline the Court considers four factors: "(1) the 'diligence' of the party seeking the
6  continuance; (2) whether granting the continuance would serve any useful purpose; (3) the extent
7  to which granting the continuance would have inconvenienced the court and the opposing party;
8  and (4) the potential prejudice." *State Farm Fire & Cas. Co. v. Willison*, 833 F.Supp.2d 1200,
9  1211 (D. Haw. 2011) (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) *amended*
10 *by* 764 F.2d 675 (9th Cir. 1985). Further, a trial judge should enter a scheduling order, see Fed. R.
11 Civ. P. 16(b), however, a judge's failure to do so does not relieve counsel of either the right or the
12 duty to press a client's cause. *Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir. 1996).

### IV.     DISCUSSION

####    A.     Good Cause Exists to Modify Dates in Final Pretrial Order, ECF 110 and Keep The April 18, 2023 Trial Date

Plaintiffs have good cause for requesting a modification of the Order.

#####         1.     **Plaintiffs Have Acted With Diligence**

Plaintiffs have been diligently prosecuting this case. Plaintiffs have not sought or received any extensions to scheduling orders or the trial date in this matter.(Andrews Decl. ¶15.)

At the pretrial conference, no party indicated any need to continue trial. Andrews Decl. 2. After the pretrial conference, counsel for the County received a notification from the court alerting them that the pretrial order would be filed. On February 14, 2023, counsel for the County checked the docket, but the pretrial order was not available. (Andrews Decl. ¶5.) On March 29, 2023, the Parties received the Order. (Andrews Decl. ¶¶6-7.) The Order contained five deadlines that could not be met based on the late service of the Order. (Andrews Decl. ¶8.)

That same day, March 29, 2023, plaintiffs' counsel agreed to modified dates and proposed those dates to counsel for Defendants. Andrews Decl. ¶¶11-12. Plaintiffs acted with all diligence

- 5 -

83653.00001\41150179.1

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

1  to seek a mutually agreeable alternative schedule for the past-due deadlines but were unable to

2  reach agreement. Andrews Decl. ¶13.

3      2.   **Modifying the Pretrial Orders Will Allow the Parties to File and Respond to the Requisite Documents While Preserving the Trial Date**

5  Continuing the five deadlines will allow the parties to lodge and serve the proposed

6  findings of fact and conclusions of law and form of judgment, to file and serve a designation and

7  counter-designation of interrogatories and portions of depositions, and to file and serve any

8  objections or suggested modifications to the Final Pretrial Order while preserving the April 18,

9  2023 trial date.

10     3.   **Neither the Court Nor Defendants Would Be Inconvenienced By the Proposed Changes**

12  Plaintiffs believe that the Court will not be inconvenienced by the five modified dates

13  because the trial date will remain unchanged and the Court will have all the requisite documents

14  before trial is to begin.

15  Plaintiffs also believe that the Defendants will not be prejudiced because Defendants did

16  not indicate any need for a continuance at the pretrial conference. Andrews Decl. ¶2. The filing

17  requirements were known or should have been known to the Parties prior to the Order. Hon.

18  Shubb, Standing Order, notice 2 and § IV; Local Rules 250.2(c), 281(b)(12), 282(5), (7), 290;

19  Fed. Rules Civ. Proc., Rules 52.

20  The proposed modification to paragraph III provides Defendants with the same number of

21  days (7) to file and serve their proposed findings of fact and conclusions of law and form of

22  judgment after plaintiffs' submit theirs. Given that the time that Defendants have to respond is

23  unchanged, Defendants would not be inconvenienced.

24  Similarly, the proposed modification to paragraph IX moves the deadlines for designation

25  and counter-designation of answers to interrogatories and portions of depositions intended to be

26  offered or read into evidence for all parties by the same time. The parties were already required to

27  identify this information in their pretrial statements, Local Rule 281(b)(12).  Defendants knew or

83653.00001\41150179.1

- 6 -

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

<tbody>

1  should have known that these designations and counter-designations would be due before trial,
2  should have already identified their designations, and should be aware of plaintiffs' designations.
3  Additionally, given the time to file counter- designations is shortened by the same amount for
4  both Parties, Defendants are not prejudiced by this proposed change.

5  Finally, the proposed modification to paragraph XIV moves the deadline to object to the
6  Order for all parties to twelve days before trial or April 6, 2023. The Order does not establish any
7  deadline for a response to such objection. As a result, no party should be prejudiced by this
8  modified date and the Court should have sufficient time to consider and respond to any objections
9  or requests for modifications to the Order. If a party's request would justify further modification
10 to the Order or to the trial dates, such a modification is within the Court's discretion.

11              4.    **No Prejudice Will Result from the Requested Modifications**

12 No prejudice will result from the requested modifications to the Order. As set forth above,
13 Defendants will not be prejudiced by the modified dates because: (1) Defendants had a duty to
14 continue pressing their clients' cause, (2) Defendants knew or should have known about the
15 required submissions, (3) Defendants did not indicate any need for a trial continuance to prepare
16 these documents; and (4) Defendants have the same amount of time to respond to Plaintiffs'
17 documents as is currently provided in the Order.

18     **B.    Modification of the Pretrial Order Will Prevent Manifest Injustice.**

19 Good cause exists to modify the five identified dates in the pretrial order and manifest
20 injustice will result if the dates are not modified. The deadlines for lodging and serving the
21 proposed findings of fact and conclusions of law and form of judgment, for filing and serving a
22 designation of answers to interrogatories and portions of depositions, and for serving any
23 objections or suggested modifications to the Order had already passed – through no fault by
24 Plaintiffs – when the Order was served. Manifest injustice would occur if Plaintiffs are prevented
25 from filing, lodging, and serving these documents. On the contrary, granting this *ex parte*
26 application ensures that all the requisite filings will be made and the Parties will have time to
27 respond as required.

- 7 -

83653.00001\41150179.1

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

## V. **CONCLUSION**

For the above stated reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' ex parte application and modify paragraphs III, IX, and XIV of the Final Pretrial Order, ECF 110.

Dated: April 3, 2023                                     BEST BEST & KRIEGER LLP


By: /s/ Rebecca Andrews
    CHRISTOPHER M. PISANO
    SHAWN D. HAGERTY
    REBECCA ANDREWS
    ANYA KWAN
    Attorneys for Plaintiff
    COUNTY OF AMADOR

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

83653.00001\41150179.1

- 8 -

2:20-CV-02482-WBS-AC [CONSOLIDATED WITH 2:21-CV-00038-WBS-AC]
PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT *EX PARTE* APPLICATION TO MODIFY