CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
SHAWN D. HAGERTY, Bar No. 182435
shawn.hagerty@bbklaw.com
REBECCA ANDREWS, Bar No. 272967
rebecca.andrews@bbklaw.com
ANYA KWAN, Bar No. 333854
anya.kwan@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California 90071
Telephone: (213) 617-8100
Facsimile: (213) 617-7480

Attorneys for Plaintiff
COUNTY OF AMADOR

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendants.<br>―――――――――――――<br>COUNTY OF AMADOR, a public agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON in her official capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity of Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | Case No. 2:20-cv-02482-WBS-AC<br>[Consolidated with 2:21-cv-00038-WBS-AC]<br><br>**PLAINTIFFS COUNTY OF AMADOR AND CALIFORNIA SPORTFISHING PROTECTION ALLIANCE'S OPPOSITION TO EX PARTE APPLICATION**<br><br>*[Filed concurrently with:*<br>*1. Declaration of Christopher M. Pisano in Support of Opposition to Ex Parte Application; and*<br>*2. Declaration of Erica Maharg in Support of Opposition to Ex Parte Application.]*<br><br>Date: None set<br>Time: None set<br>Dept: 5<br>Judge: William B. Shubb<br><br>Trial Date: April 18, 2023<br>Action Filed: January 7, 2021 |

ANDREW L. PACKARD (Bar No. 168690)
andrew@packardlawoffices.com
WILLIAM N. CARLON (Bar No. 305739)
wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE


JASON FLANDERS (Bar No. 238007)
jrf@atalawgroup.com
ERICA MAHARG (Bar No. 279396)
eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Tel. (916) 202-3018

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION
ALLIANCE

BEST BEST & KRIEGER LLP

Plaintiffs County of Amador ("County") and California Sportfishing Protection Alliance ("CSPA") jointly submit this opposition to Defendants Jeffery Macomber, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Patrick Covello, in his official capacity as Warden of CDCR's Mule Creek State Prison and CDCR (collectively "Defendants") *ex parte* application to modify the Final Pretrial Order (ECF 110), and continue the April 18, 2023 trial date and all related deadlines except for the April 13, 2023 Final Settlement Conference by no less than seven weeks in the above captioned case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

Defendants' *ex parte* application to modify the Final Pretrial Order (ECF 110), and continue the April 18, 2023 trial date and all related deadlines except for the April 13, 2023 Final Settlement Conference by no less than seven weeks does not adequately consider prejudice and inconvenience to the Court and Plaintiffs. Additionally, Defendants fail to explain how known pretrial filings could come as a surprise when the Final Pretrial Order was delayed. This also contradicts Defendants' failure to indicate the need for any trial continuance to adequately prepare for trial at the pretrial conference on February 13, 2023.

### **II.   DEFENDANTS HAVE FAILED TO MEET THE REQUIREMENTS FOR EX PARTE RELIEF**

Defendants' *ex parte* application fails to establish that Defendants warrant *ex parte* relief in this instance. When considering a request to continue deadlines under Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(e), the Court considers four factors: "(1) the 'diligence' of the party seeking the continuance; (2) whether granting the continuance would serve any useful purpose; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing

party; and (4) the potential prejudice." *State Farm Fire & Cas. Co. v. Willison*, 833 F.Supp.2d 1200, 1211 (D. Haw. 2011) (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) *amended by* 764 F.2d 675 (9th Cir. 1985). Because Defendants failed to consider all four factors, *ex parte* relief should not be granted.

### A. If Defendants Were Diligently Preparing for Trial, the Trial Continuance Would Not Be Necessary

Although Defendants' *ex parte* application claims that Defendants were diligent, the circumstances surrounding this *ex parte* application indicate that Defendants were not diligently pursuing trial preparation. At the pretrial conference on February 13, 2023, Defendants did not indicate any need for a trial continuance to adequately prepare for trial scheduled to begin on April 18, 2023. Declaration of Christopher Pisano ("Pisano Decl.") ¶2. At this time, the filing requirements prior to trial were equally available to both parties through the Court's Standing Order, applicable Local Rules and Federal Rules of Civil Procedure. Hon. Shubb, Standing Order, notice 2 and § IV; Local Rules 250.2(c), 281(b)(12), 282(5), (7), 290; Fed. Rules Civ. Proc., Rules 52.

Now, Defendants have asserted that they were unaware of the pretrial filing requirements. ECF 111, 6:21 – 7:7. By claiming that Defendants were unaware of these pretrial requirements, Defendants implicate that they were not diligent as they were unaware of the pretrial requirements described in resources available to all parties. This also contradicts Defendants' February 13, 2023 indication that no trial continuances were needed to adequately prepare for trial.

In addition, Defendants have not been diligent in attempting to resolve the issues related to this Final Pretrial Order. On March 29, 2023, the day that the Final Pretrial Order was received, Plaintiffs coordinated to come up with an agreeable solution and reached out to Defendants proposing a condensed timeline for the Pretrial Order. Pisano Decl. ¶¶ 5-7. Defendants did not respond to this

proposal until 6:11 pm on Friday, March 31, 2023, indicating that they would not agree to simply modifying the timeline and would, instead, request a continuance. Pisano Decl. ¶ 8.

### B.     Delaying the Trial for Settlement Discussions Is Unwarranted

To the extent Defendants seek a trial continuance to allow for settlement discussions, this should not be granted because Defendants have not diligently engaged in settlement discussions with Plaintiffs.  Plaintiffs have repeatedly sought to engage Defendants in meaningful discussions throughout this litigation.  See Maharg Decl., ¶¶ 2-3.  Despite this, Defendants have stated they could not attend a settlement conference until the eve of trial and failed to respond until recently. Maharg Decl., ¶¶ 3-4. While Plaintiffs intend to engage meaningfully in settlement discussions over the next couple weeks, delaying the trial in order to do so is unwarranted because the lack of time to hold settlement discussions is a result of Defendants' failure to respond.

### C.     Defendants Failed to Consider How The Trial Continuance Would Prejudice Plaintiffs and Inconvenience the Court

Defendants also did not consider the impact of the trial continuance on either the Court or Plaintiffs.  Moving the trial needlessly disrupts the Court's calendar especially considering that Plaintiffs have proposed modifications to the Pretrial Order that would not impact the Court's trial calendar or prejudice Defendants and Defendants' counsel already indicated that they would be ready for trial.

Additionally, Plaintiffs would be prejudiced by the proposed trial continuance.  First, Plaintiffs have already begun preparing expert witnesses and moving the trial would require Plaintiffs to incur unnecessary costs re-preparing the same witnesses.  Pisano Decl. ¶ 9.  Second, trial counsel for the County is unavailable from May 15th through the end of September and would not be able to move trial as suggested by Defendants.  Pisano Decl. ¶ 10; see also Declaration of

BEST BEST & KRIEGER LLP

1  Erica Maharg ("Maharg Decl.") ¶ 5 (CSPA's counsel testifying to additional
2  conflicts). Third, the purpose of this lawsuit is to prevent continued violations of
3  the Clean Water Act and delaying the trial allows continued violations and harm to
4  County residents. Fourth, it is unreasonable to move the trial six months for a party
5  who indicated that no trial continuance was necessary.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court to deny Defendant's *ex parte* application.

Dated: April 4, 2023                         BEST BEST & KRIEGER LLP


By: /s/ Anya Kwan
    CHRISTOPHER M. PISANO
    SHAWN D. HAGERTY
    REBECCA ANDREWS
    ANYA KWAN
    Attorneys for Plaintiff
    COUNTY OF AMADOR

Dated: April 4, 2023                         AQUA TERRA AERIS LAW GROUP


By: /s/ Erica A. Maharg
    ERICA A. MAHARG
    Attorneys for Plaintiff
    CALIFORNIA SPORTFISHING
    PROTECTION ALLIANCE