CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
SHAWN D. HAGERTY, Bar No. 182435
shawn.hagerty@bbklaw.com
REBECCA ANDREWS, Bar No. 272967
rebecca.andrews@bbklaw.com
ANYA KWAN, Bar No. 333854
anya.kwan@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California  90071
Telephone:     (213) 617-8100
Facsimile:      (213) 617-7480

Attorneys for Plaintiff
COUNTY OF AMADOR

[Additional Counsel on p. 2]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>Defendants.<br>COUNTY OF AMADOR, a public agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MACOMBER in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; PATRICK COVELLO in his official capacity of Warden of California Department of Corrections and Rehabilitation Mule Creek State Prison; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | Case No. 2:20-cv-02482-WBS-AC<br>[Consolidated with 2:21-cv-00038-WBS-AC]<br><br>**DECLARATION OF REBECCA ANDREWS IN SUPPORT OF PLAINTIFFS' JOINT REQUEST TO MODIFY FINAL PRETRIAL ORDER, ECF 110**<br><br>Dept:            5<br>Judge:          William B. Shubb<br>Trial Date:    June 6, 2023<br>Action Filed: January 7, 2021 |

1  ANDREW L. PACKARD (Bar No. 168690)
   andrew@packardlawoffices.com
2  WILLIAM N. CARLON (Bar No. 305739)
   wncarlon@packardlawoffices.com
3  Law Offices of Andrew L. Packard
   245 Kentucky Street, Suite B3
4  Petaluma, CA 94952
   Tel: (707) 782-4060
5
   JASON FLANDERS (Bar No. 238007)
6  jrf@atalawgroup.com
   ERICA MAHARG (Bar No. 279396)
7  eam@atalawgroup.com
   AQUA TERRA AERIS LAW GROUP
8  4030 Martin Luther King Jr. Way
   Oakland, CA 94609
9  Tel. (916) 202-3018

10 Attorneys for Plaintiff
   CALIFORNIA SPORTFISHING PROTECTION
11 ALLIANCE

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

I, Rebecca Andrews, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a Partner with Best Best & Krieger LLP, attorneys of record for Plaintiff County of Amador in this action. I am familiar with the proceedings and the files maintained in my office in connection therewith. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could competently testify to all matters set forth herein.

2. On February 3, I sent an email to counsel for Defendants, which included the text for a proposed stipulation regarding "undisputed facts" and the admissibility of exhibits included in an appendix (the "exhibits"), which are the same as those included in Exhibit C to the Final Pretrial Order in this case, ECF 110 (the "Order").

3. On February 10, 2023, counsel for Defendants, William Marsh, provided a redline to the stipulation, which proposed limiting the stipulation regarding the admissibility of the exhibits to address only the authenticity of such exhibits; and reserved the right to further revise the stipulation pending Defendants' review of the exhibits.

4. On March 7, 2023, I sent a follow up email to counsel for Defendants requesting a response regarding the authenticity of the exhibits.

5. On March 24, 2023, counsel for Defendants replied, stating, "We have been reviewing the numerous documents and information included in the appendix and expect to have detailed feedback for you soon. In the meantime, we have attached our initial list of documents for your review and consideration for addition to the appendix."

6. On March 28, 2023, I responded to the March 24 email requesting a response by the end of the week.

7. On March 29, 2023, the parties received the Order, which included deadlines that had already passed and limited witnesses to those listed in the Order without a stipulation from all parties.

8. On March 31, 2023, counsel for the parties met and discussed the impact of the Order. Later that same day, in accordance with paragraph VII.(D)(1), (D)(3), I sent an email to

counsel for Defendants requesting a stipulation to include as exhibits certain documents Defendants and Plaintiffs produced after the pretrial conference in this case.

9. On April 3, 2023, counsel for Defendants indicated they will not object on the grounds of authenticity to the documents Defendants produced after the pretrial conference. This response also stated, "we are wrapping up the list of Defendants' proposed exhibits to be included in Appendix 1 of the stipulation previously circulated."

10. On April 11, 2023, after receiving no further response from Defendants regarding the authenticity of the exhibits, I sent a message to counsel for Defendants indicating that if Defendants intend to reserve the right to raise foundational objections to the exhibits Plaintiffs provided on February 3, that Defendants stipulate to adding foundational witnesses to plaintiffs' witness list. I requested a response by 10 am the following morning, at which time, Plaintiffs would proceed with seeking a modification to the Order to add these witnesses to the Order if no substantive response was received.

11. On April 11, 2023, counsel for Plaintiffs indicated that they would not have time to provide a substantive response before the deadline for seeking a modification to the Order as set forth in paragraph XIV.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of April, 2023, at Houston, Texas.

_____
Rebecca Andrews