ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
(707) 782-4060
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

[Additional Counsel on p. 2]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation,<br><br>    Defendant. | Case No. 2:20-CV-02482-WBS-AC [consolidated with 2:21-CV-00038-WBS-AC]<br><br>CONSENT DECREE<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)<br><br>Trial: June 6, 2023 |
| COUNTY OF AMADOR, a public agency of the State of California,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and PATRICK COVELLO in his official capacity as Warden of the California Department of Corrections and Rehabilitation Mule Creek State Prison,<br><br>    Defendants. | |

[PROPOSED] CONSENT DECREE                    1

JASON FLANDERS (State Bar No. 238007)
ERICA MAHARG (State Bar No. 279396)
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
(916) 202-3018
jrf@atalawgroup.com
eam@atalawgroup.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

CHRISTOPHER M. PISANO (State Bar No. 192831)
SHAWN D. HAGERTY (State Bar No. 182435)
REBECCA ANDREWS (State Bar No. 272967)
BEST BEST & KRIEGER LLP
2001 N. Main Street Suite 390
Walnut Creek, California  94596
Tel.: (925) 977-3300
christopher.pisano@bbklaw.com
shawn.hagerty@bbklaw.com
rebecca.andrews@bbklaw.com

Attorneys for Plaintiff
COUNTY OF AMADOR

JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
2150 River Plaza Drive, Suite 320
Sacramento, CA  95833
Telephone:  (916) 379-7530
Facsimile:  (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
AWooNazal@HartmanKingLaw.com

Attorneys for Defendants, JEFFREY MACOMBER,
in his official capacity as Secretary of the California Department
of Corrections and Rehabilitation; and PATRICK COVELLO,
in his official capacity as Warden of California Department of
Corrections and Rehabilitation Mule Creek State Prison

2

CONSENT DECREE

**WHEREAS**, Plaintiff California Sportfishing Protection Alliance ("CSPA") is a non-profit public benefit corporation dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of California's waters;

**WHEREAS**, Plaintiff County of Amador ("AMADOR") is a public agency of the State of California dedicated to, among other things, preserving, protecting and defending itself and its residents from adverse impacts to the waters and natural resources of Amador County;

**WHEREAS**, unless otherwise stated, CSPA and AMADOR collectively shall be referred to as "Plaintiffs;"

**WHEREAS**, Defendant JEFFREY MACOMBER is the Secretary of the California Department of Corrections and Rehabilitation ("Secretary");

**WHEREAS**, Defendant PATRICK COVELLO is the Warden of Mule Creek State Prison ("MCSP"), located at 4001 Highway 104, in the City of Ione, California ("Warden");

**WHEREAS**, California Department of Corrections and Rehabilitation ("CDCR") is the state agency that operates MCSP;

**WHEREAS**, unless otherwise stated, the Secretary and the Warden collectively shall be referred to as "Defendants;"

**WHEREAS,** Plaintiffs and Defendants collectively shall be referred to as the "Parties" or individually as a "Party;"

**WHEREAS**, the Central Valley Regional Water Quality Control Board ("Regional Water Board") is a California regulatory agency that is responsible for overseeing MCSP's storm water and wastewater systems;

**WHEREAS**, the storm water system at MCSP collects and discharges storm water from MCSP to Mule Creek, a water of the United States, and is designated by the State Water Board and Regional Water Board as a non-traditional small municipal separate storm sewer system ("MS4") and is covered under the General Permit for Waste Discharge Requirements for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems, NPDES No. CAS000004 ("Small MS4

3

Permit");

**WHEREAS**, site maps of MCSP are attached hereto as **Exhibit A** and incorporated herein by reference;

**WHEREAS**, on February 14, 2018, the Regional Water Board issued a Water Code section 13267 order ("13267 Order") to CDCR requiring it to investigate discharges from the storm water collection system at MCSP;

**WHEREAS**, in accordance with the 13267 Order, CDCR carried out a comprehensive multi-million dollar investigation of its storm water and wastewater collection systems, the results of which are documented in a report entitled Revised Stormwater Collection System Investigation Report of Findings, originally completed in 2018 and last updated on June 19, 2020 ("Collection System Investigation Report");

**WHEREAS**, the Collection System Investigation Report recommended repairs to CDCR's storm water and wastewater collection systems as set forth in Appendix 23 of the Collection System Investigation Report;

**WHEREAS**, on or about May 15, 2020, AMADOR provided notice to CDCR of alleged violations of the Clean Water Act ("AMADOR Notice Letter"), and of its intention to file suit against CDCR, and also provided notice to: the Administrator of the United States Environmental Protection Agency ("U.S. EPA"); the Administrator of U.S. EPA, Region IX; the U.S. Attorney General; the Executive Director of the State Water Board; and the Executive Officer of the Regional Water Board as required by the Act, 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of the AMADOR Notice Letter is attached hereto as **Exhibit B** and incorporated herein by reference;

**WHEREAS**, on or about October 2, 2020, AMADOR provided supplemental notice to CDCR of alleged violations of the Clean Water Act ("AMADOR Supplemental Notice Letter") and stated its intention to file suit against CDCR. The AMADOR Supplemental Notice Letter also provided notice to: the Administrator of the U.S. EPA; the Administrator of U.S. EPA, Region IX; the U.S. Attorney General; the Executive Director of the State Water Board; and the Executive Officer of the Regional

Water Board as required by the Act, 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of the AMADOR Supplemental Notice Letter is attached hereto as **Exhibit C** and incorporated herein by reference;

WHEREAS, on or about October 14, 2020, CSPA provided notice of alleged violations of the Clean Water Act ("CSPA Notice Letter"), and of its intention to file suit against the then-Secretary of CDCR, Kathleen Allison, and the Warden. The CSPA Notice Letter also provided notice to: the Administrator of the U.S. EPA; the Administrator of U.S. EPA, Region IX; the U.S. Attorney General; the Executive Director of the State Water Board; and the Executive Officer of the Regional Water Board as required by the Act, 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of the CSPA Notice Letter is attached hereto as **Exhibit D** and incorporated herein by reference;

WHEREAS, on December 15, 2020, CSPA filed a complaint for declaratory and injunctive relief against the then-Secretary of CDCR in the United States District Court, Eastern District of California (the "Court"), designated Case No. 2:20-CV-02482-WBS-AC (this matter is hereinafter referred to as "the CSPA Action");

WHEREAS, on January 7, 2021, AMADOR filed a complaint for declaratory and injunctive relief against the then-Secretary of CDCR, the Warden, and CDCR in the Court, designated Case No. 2:21-CV-00038-WBS-AC (this matter is hereinafter referred to as "the AMADOR Action");

WHEREAS, on March 11, 2021, CDCR entered into a Settlement Agreement and Stipulation for Entry of Administrative Civil Liability Order, Order No. R5-2021-0001, with the Regional Water Board ("Stipulated Order") to resolve alleged violations at MCSP of the Clean Water Act and related regulatory requirements;

WHEREAS, on June 7, 2021, the parties at the time submitted a Joint Status Report regarding consolidation as directed by the Court in the CSPA Action and in the AMADOR Action (ECF No. 17 in the AMADOR Action; ECF No. 15 in the CSPA Action);

WHEREAS, the Regional Water Board rescinded the 13267 Order on June 14, 2021;

WHEREAS, after a hearing on June 14, 2021, the Court ordered the CSPA Action and the

CONSENT DECREE

AMADOR Action consolidated, designating the CSPA Action as the "master file" and administratively closing the AMADOR Action (ECF No. 19 in the AMADOR Action; ECF No. 18 in the CSPA Action);

**WHEREAS**, the consolidated CSPA Action and AMADOR Action shall be hereinafter referred to as "the Actions;"

**WHEREAS**, Defendants deny the occurrence of the violations alleged in the AMADOR Notice Letter and Supplemental Notice Letter, the CSPA Notice Letter, and the Actions, deny that the AMADOR Notice Letter and Supplemental Notice Letter and CSPA Notice Letter are legally sufficient, and maintain that they have complied at all times with the provisions of the Clean Water Act, the Small MS4 Permit and all related orders, directives, and related requirements;

**AND WHEREAS**, the Parties agree that it is in their mutual interest to resolve the Actions without further litigation and enter into this Consent Decree.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES, AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

Solely for the purposes of entering into and enforcing this Consent Decree, the Parties agree that:

(a)   the Court has jurisdiction over the subject matter of the Actions pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), to the extent they seek prospective injunctive relief against the Secretary and the Warden as permitted by the Eleventh Amendment to the United States Constitution;

(b)   venue is appropriate in the Court pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because MCSP is within the Eastern District;

(c)   the Actions state claims upon which the Court has the authority to provide prospective injunctive relief against the Secretary and the Warden pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365;

(d)   Plaintiffs have standing to bring the Actions;

(e)    the Secretary's and the Warden's consent to jurisdiction as stated in this Consent Decree does not constitute a waiver of their sovereign immunity under the Eleventh Amendment to the United States Constitution or of the jurisprudential limitation on the Court's remedial jurisdiction to provide relief; and

(f)    the Court shall retain jurisdiction over the Actions solely for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

**I.    COMMITMENTS OF DEFENDANTS.**

Pursuant to this Consent Decree, Defendants shall do all of the following:

**1.    Compliance with the Small MS4 Permit.** Throughout the term of this Consent Decree, Defendants shall comply with the Small MS4 Permit, subject to any available defenses. This paragraph is not intended to modify any deadlines set forth in this Consent Decree.

**2.    Repairs To MCSP Wastewater System.**

**A.    Wastewater System Repairs.** Defendants shall complete all repairs to the MCSP wastewater system identified in Appendix 23 of the Collection System Investigation Report (**Exhibit E**) no later than **July 1, 2030**.

**3.    Repairs To MCSP MS4.**

**A.    MS4 Repairs.** Defendants shall complete all repairs to the MCSP MS4 identified in Appendix 23 of the Collection System Investigation Report (**Exhibit E**) no later than **July 1, 2030**.

**B.    Redirection of Flows in the MS4 to the Wastewater Treatment Plant**. Within **fifteen (15) days** after the Effective Date, Defendants shall undertake any required actions necessary to direct all flows up to 0.1 inches per hour and up to 0.3 inches in any 24-hour storm event from flowing through the MS4 at locations MCSP5 and MCSP6 to the wastewater treatment plant for treatment. Within **six (6) months** of the Effective Date, Defendants shall visually monitor the MS4

and install cameras in the proximity of MCSP2 and MCSP3 that can be monitored remotely and triggered by motion.

///

**C.     MS4 Storm Water Pollution Prevention Plan.**   On or before **October 1, 2023**, Defendants shall implement a Storm Water Pollution Prevention Plan ("MS4 SWPPP") satisfying all requirements of Provision F.5.f of the Small MS4 Permit, and shall initiate all associated inspections, visual monitoring, and remedial actions required under Provision F.5.f.5 by the same date.

**D.     Training Programs Regarding Illicit Discharge, Illegal Connections and Good Housekeeping.**   On or before **October 1, 2023**, Defendants shall modify the MCSP MS4 SWPPP to identify the persons responsible for implementing pollution prevention and good housekeeping practices at MCSP, and to require quarterly scheduled employee training sessions satisfying all of the Small MS4 Permit's Provisions for training, including F.5.b.3 (for staff coming into contact with, or observing an illicit discharge or illegal connection to the storm drain system), and F.5.b.4 (for all employees involved in implementing pollution prevention and good housekeeping practices in the Pollution Prevention/Good Housekeeping for the Operations sections of the Small MS4 Permit).  All training sessions shall be logged to record the date and time of the training session, the name of the trainer, an attendance log (which may be redacted to address any applicable privacy requirements), and a summary of all topics covered in the training session.  All such logs shall be incorporated in the SWPPP.  Defendants shall certify that all persons responsible for implementing pollution prevention, good housekeeping, and operation of the wastewater treatment plant at MCSP have the required certifications, if any.  Defendants shall certify to Plaintiffs that all persons required to take the training have done so, within **fourteen** (**14**) **days** of receiving a request for such certification from either Plaintiff.

**E.     Grease Trap Inspection and Maintenance.** Within **ninety (90) calendar days** after the Effective Date of this Consent Decree, the Secretary and the Warden shall cause the Sewer

System Management Plan for MCSP ("SSMP") to be revised so that it: 1) accurately shows the current locations of all grease traps and interceptors at MCSP on the SSMP map; and 2) requires inspections of all grease traps and interceptors every two (2) months, with such inspections logged in the SSMP to record the name of the inspector(s), the date and time of the inspection, and any observations or corrective actions taken in response to the inspection.  Defendants shall provide such logs to Plaintiffs within **fourteen** (**14**) **days** of receiving a request by either Plaintiff.

   **F.** **Best Management Practices.** The Secretary and the Warden shall cause the following BMPs to be implemented as soon as practicable after the Effective Date of this Consent Decree, but no later than **October 1, 2023**, except for the vegetated bioswales improvements described in Paragraph I.3.F.iii below, which shall be implemented according to the timing described therein. Defendants shall continue to maintain the BMPs (where applicable) through the Termination Date, as defined below.

    i. <u>Bird Mitigation.</u> MCSP will perform avian nest control in accordance with the Migratory Bird Treaty Act. The feeding of birds at MCSP will be prohibited. In addition, other reasonable measures will be explored to reduce impacts of birds on water quality.

    ii. <u>Waddles.</u> Storm drains outside of the secure perimeter (which are not accessible to inmates) will be protected by waddles.

    iii. <u>Vegetated Bioswales.</u> The vegetated bioswales between MCSP5 and MCSP2 and between MCSP6 and MCSP3 shall be re-designed, rebuilt, and maintained to improve pollutant removal and infiltration no later than **July 1, 2028**. The vegetated bioswales shall be redesigned to meet the design criteria identified in EPA, Storm Water Technology Fact Sheet, Vegetated Swales, No. 832-F-99-006, September 1999 ("EPA Fact Sheet"). The vegetated bioswales shall be maintained in accordance with the EPA Fact Sheet and California Stormwater Quality Association, California Stormwater BMP Handbook, Vegetated Swale, TC-30, January 2003. The design and maintenance requirements shall be incorporated into the MS4 SWPPP.

    iv. <u>Identification of Storm Drains.</u> All storm drains outside of the secure

9

perimeter will be identified with stenciling or signs indicating that nothing should be deposited into the storm drain.

v.    <u>Sweeping of Paved Surfaces.</u> Paved roadways and parking lots will be swept every six (6) months.

vi.    <u>Cooperation and Coordination with AMADOR.</u> CDCR staff and AMADOR staff will meet quarterly to coordinate on their respective compliance with the Small MS4 Permit and any other common issues related to storm water.

vii.    <u>Wet Season Inspections.</u> Regular inspections will be performed within MCSP to ensure no equipment or materials related to industrial activities that are subject to the National Pollutant Discharge Elimination System General Permit for Storm Water Discharges Associated With Industrial Activities Order 2014-0057-DWQ as amended in 2016 and 2018 ("IGP"), are exposed to storm water. Appropriate steps will be taken to remove or cover equipment or materials that are subject to the IGP and exposed to storm water.

viii.    <u>Inspections of Dumpsters.</u> Dumpsters within MCSP will be inspected for leaks on a quarterly basis. If a leak is identified at any time, appropriate repairs will be made as soon as is feasible.

ix.    <u>Inspections for Trash.</u> Inspections for trash in areas exposed to storm water within MCSP will be performed quarterly. All trash identified will be collected and properly disposed. Hot spots for trash, such as waste storage areas and parking lots, will be identified.

**4.    <u>Inspections By Plaintiffs During The Term Of This Consent Decree.</u>** In addition to any site inspections conducted as part of the dispute resolution process, Defendants shall permit representatives of Plaintiffs to perform one (1) physical inspection of the MCSP per year during the term of this Consent Decree. These inspections shall be performed by Plaintiffs' counsel and consultants in accordance with the Court's February 8, 2022 "Order Re: Terms for Inspection of Property" ("Order"),  ECF No. 38, except as specified herein. Pursuant to the Court's Order (ECF No. 38), Plaintiffs shall provide at least **ten (10) calendar days'** advance notice of the proposed inspection

date. Defendants shall have the right to deny access if circumstances would make the inspection unduly burdensome and pose significant interference with business operations or any party/attorney, or the safety of individuals. In such case, Defendants shall specify at least three (3) dates within the **two (2) weeks** thereafter upon which a physical inspection by Plaintiffs may proceed and, upon Plaintiffs' request, when a rain event occurs. Defendants shall not make any alterations to Facility conditions during the period between receiving Plaintiffs' initial **ten (10) calendar days'** advance notice and the start of Plaintiffs' inspection that Defendants would not otherwise have made but for receiving notice of Plaintiffs' request to conduct a physical inspection of the Facility, excepting any actions taken in compliance with any applicable laws or regulations.

5.      **Communications To/From The Regional Water Board And The State Water Board.** During the term of this Consent Decree, Defendants shall provide Plaintiffs with courtesy copies of all documents submitted or uploaded to, or received from, the Regional Water Board or the State Water Board concerning MCSP's compliance with the Small MS4 Permit, including, but not limited to, all documents and reports submitted or uploaded to the Regional Water Board and/or State Water Board.  Such documents and reports shall be provided to Plaintiffs via email or other file sharing method, pursuant to the Notice provisions set forth below within **five (5) business days** of Defendants' submission(s) or uploads(s) to, or, receipt from, such agencies.

6.      **Consistency With Permits, State Water Board Requirements, And Regional Water Board Requirements.** Defendants shall not be required by this Consent Decree to take, or not take, any action which would be inconsistent with any requirement set forth in the Permits or in any directive issued by the State Water Board or the Regional Water Board.

7.      **Monitoring and Reporting.** This Consent Decree incorporates the monitoring, sampling, and reporting requirements in the November 29, 2021 Revised Water Code Section 13383 Order to Monitor Discharges to Surface Water ("Nov. 2021 13383 Order") (**Exhibit F**). Defendants shall continue to conduct the monitoring, sampling, and reporting activities in the Nov. 2021 13383 Order until the Termination Date, defined below.

**8.**     **Consent Decree Reporting.**

    **A.**     **Compliance Reports.** No later than ten (10) days after each deadline applicable to Defendants identified in Paragraphs I.2, I.3, and I.7, unless already provided under Paragraph I.5, in this Consent Decree, Defendants shall provide an email certifying that they have completed the required action(s).

    **B.**     **Annual Reports.** Beginning on **July 1, 2024** and continuing on the same date each year this Consent Decree is in effect, Defendants shall submit to Plaintiffs a report of the previous year's activities undertaken pursuant to Paragraphs I.2 through I.3 of this Consent Decree. The annual report shall summarize the progress completed to date for each item and sub-item included within the Consent Decree with sufficient specificity and information such that the Plaintiffs can adequately review the status of Defendants' compliance with the Consent Decree.

**II.**     **COMPLIANCE MONITORING FUNDING.**

    To defray Plaintiffs' reasonable investigative, expert, consultant and attorneys' fees and costs associated with monitoring Defendants' compliance with this Consent Decree, within thirty (30) days of the Effective Date and on July 1 annually thereafter beginning on July 1, 2024, Plaintiffs shall submit an annual invoice to Defendants in the following amounts based upon the year of the Consent Decree, which shall be deposited into to a compliance monitoring fund maintained by Plaintiffs' counsel:

    Year 1 - $17,500

    Year 2 – $17,500

    Year 3 - $25,000

    Year 4 - $25,000

    Year 5 - $30,000

    Year 6 - $30,000

    Year 7 - $30,000

If, for any reason, the Consent Decree extends beyond Year 7, Defendants shall pay $25,000 each year thereafter.

Within sixty (60) days of receipt of Plaintiffs' annual invoice, Defendants will issue payment to the "Law Offices of Andrew L. Packard Attorney-Client Trust Account" and remit the same to Plaintiffs' counsel at 245 Kentucky Street, Suite B3, Petaluma, CA 94952. Compliance monitoring activities may include, but shall not be limited to, site inspections, review of water quality sampling reports, and discussions with Defendants regarding the compliance requirements of this Consent Decree.

On June 30, 2024, and each year thereafter, Plaintiffs shall submit an annual statement to Defendants summarizing their hours spent on compliance monitoring activities and costs. Plaintiffs shall only withdraw from the compliance monitoring fund an amount for the time and costs that Plaintiffs actually incurred pursuant to this Consent Decree. If there is a balance remaining after the annual withdrawal, Plaintiffs shall so indicate on the annual statement and shall remit such unused balance to Defendants.

**III.    REIMBURSEMENT OF FEES & COSTS.**  Defendants agree to reimburse Plaintiffs in the total amount of $ 1,700,000 (one million seven hundred thousand dollars) to defray Plaintiffs' reasonable investigative, expert, consultant, and attorneys' fees and costs, and all other costs incurred as a result of investigating the activities at MCSP, bringing the Actions, and negotiating a resolution of this action in the public interest.  Payment to CSPA shall be made payable in the amount of $ 880,000 (eight hundred eighty thousand dollars) to the "Law Offices of Andrew L. Packard Attorney-Client Trust Account" and remitted to CSPA's counsel at the Notice address provided herein within ninety (90) days of the Effective Date. Payment to AMADOR shall be made payable in the amount of $ 820,000 (eight hundred twenty thousand dollars) to "Best Best & Krieger LLP" and include reference number "83653.00001" on the check and remitted to AMADOR's counsel within ninety (90) days of the Effective Date  at either: (1) the Notice address provided herein or (2) by ACH or wire transfer to:

Bank of America Corporate Center | 100 North Tryon Street, Charlotte, NC 28255
ACH Routing #: 121000358

Wire Routing # 026009593
Swift Code: BOFAUS3N
BBK Account # 14961-50991
Reference No. 83653.00001

///

///

///

## IV.     FORCE MAJEURE, DISPUTE RESOLUTION, ENFORCEMENT, WAIVER AND RELEASE OF CLAIMS.

1.     **Force Majeure.**  Neither the Secretary nor the Warden will be considered to be in breach of this Consent Decree when failure to implement any requirements set forth in this Consent Decree is due to a Force Majeure event. A Force Majeure event is any circumstance beyond the control of Defendants which makes it infeasible to implement a requirement set forth herein, including, but not limited to: restraint by order of a Court, regulatory agency, or other public authority; natural disaster such as an earthquake, fire, flood, windstorm; war, civil disobedience, riots, or terrorism; sabotage or vandalism; pending approvals or litigation under the California Environmental Quality Act; the inability to obtain labor or materials necessary. A Force Majeure event does not include normal inclement weather, such as anything less than a 30 year/24-hour storm event.

2.     **Cure Period.**  A material breach of or default under this Consent Decree capable of being cured shall be deemed cured if, within **thirty (30) calendar days** of first receiving notice of the alleged material breach of default, or within such other period approved in writing by the Party alleging the material breach, which approval will not be unreasonably withheld (the "Cure Period"), the Party allegedly in breach or default has completed such cure or, if the breach or default can be cured but is not capable of being cured within the Cure Period, has commenced and is diligently pursuing completion of the cure. The Cure Period shall be extended in case of any condition or circumstance described in Paragraph IV.1 of this Consent Decree and if the approval of any regulatory authority is needed, has been requested, and has not been received. Each Party is limited to one (1) opportunity to cure per calendar year.

**3.**      **Dispute Resolution And Enforcement Of Consent Decree.**  If a dispute arises under this Consent Decree, or any Party believes that a breach of this Consent Decree has occurred, the Parties agree to engage in dispute resolution. The Parties shall meet and confer within **thirty (30) calendar days** of receiving written notification from any Party of a request for a telephonic meeting to determine whether a breach has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute.  If the dispute has not been resolved within **sixty (60) calendar days** of a written notification by a Party requesting dispute resolution, each Party shall be entitled to all rights and remedies under the law, including filing a motion with the District Court of California, Eastern District, which shall retain jurisdiction over the Actions until the Termination Date for the limited purposes of enforcement of the terms of this Consent Decree.  The Parties shall be entitled to seek fees and costs incurred in any such motion, and such fees and costs shall be awarded, pursuant to the provisions set forth in the then-applicable federal Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure, and applicable case law interpreting such provision. The Secretary's and Warden's consent to jurisdiction as stated in this Consent Decree does not constitute a waiver of their sovereign immunity under the Eleventh Amendment to the United States Constitution or the jurisprudential limitation on this Court's remedial jurisdiction to provide prospective relief.

**4.**      **Plaintiffs' Waiver And Release Of Covered Claims.**  Upon the Court's entry of this Consent Decree, Plaintiffs, on their own behalf and on behalf of their respective subsidiaries, successors, assigns, directors, officers, agents, attorneys, representatives, boards, departments, subdivisions, and employees, release Defendants and each of their agents, attorneys, consultants, and other representatives from, and waive all claims arising from or pertaining to their Notice Letters and the Actions, including, without limitation, all claims for declaratory relief, damages, specific performance, penalties, injunctive relief, fines, sanctions, or mitigation or any other sum incurred or claimed or which could have been claimed in the Actions, for the alleged failure of Defendants to comply with the Small MS4 Permit, the Clean Water Act, or the Porter Cologne Water Quality Control Act at or related to MCSP, up to the Effective Date ("Covered Claims"). Plaintiffs

acknowledge that they are aware of California Civil Code section 1542 and they expressly waive all rights thereunder in connection with the releases given under this Consent Decree.

**5.**    **Plaintiffs' Reserved Claims.** The Parties agree that all statutes of limitation related to civil claims for relief that are not Covered Claims in Paragraph IV.4 of this Consent Decree and that may be brought against Defendants for alleged violations of the Small MS4 Permit at MCSP ("Reserved Claims") shall be tolled from the Effective Date until the Termination Date, as defined below, of the Consent Decree ("Tolling Period"). Plaintiffs shall not directly or indirectly initiate any litigation of any kind against Defendants,  or any employee, contractor, or agent of Defendants involving, relating to, or arising from any of the Reserved Claims during the Tolling Period. Nothing in this paragraph shall be read to limit Plaintiffs' right to inform its members, constituents, or the public with non-confidential information or to advocate to any public agency on issues related to MCSP.

**6.**    **Defendants' Waiver And Release.** Defendants, on their own behalf, release Plaintiffs and their respective officers, directors, employees, parents, subsidiaries, and affiliates, and each of their successors and assigns from, and waive, all claims which arise from or pertain to the Actions, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to the Actions. Defendants acknowledge that they are aware of California Civil Code section 1542 and they expressly waive all rights thereunder in connection with the releases given under this Consent Decree.

**7.**    **Federal Agency Review.** Within **five** (**5**) **business days** of the full execution of this Consent Decree, Plaintiffs will submit this Consent Decree to the United States Department of Justice ("U.S. DOJ") and U.S. EPA for the required statutory agency review period set forth in 33 U.S.C. §1365(c) ("Agency Review Period") and submit a Notice of Settlement to the Court. At the time the Consent Decree is submitted to the U.S. DOJ, Plaintiffs shall file a Notice of Settlement to notify the Court of the expected date of the expiration of Agency Review Period.

**8**.     **Dismissal Of Plaintiffs' Claims.** Within **five** (**5**) **business days** of the expiration of the Agency Review Period, if DOJ approves or does not object to the Consent Decree, Plaintiffs will prepare a draft Stipulation and Proposed Order for Defendants' review and approval that will request the Court to sign and enter the Consent Decree and dismiss the Actions with prejudice pursuant to Federal Rule of Civil Procedure, Rule 41(a)(2). Defendants will have **five** (**5**) **business days** after receipt to provide any edits or comments on the Stipulation and Proposed Order. Plaintiffs will accept all edits provided by Defendants that are consistent with the Consent Decree and the Federal Rules of Civil Procedure and will obtain Defendants' consent before filing a final Stipulation and Proposed Order.

**9**.     **Notice To Regional Water Board.** Within **ten (10) calendar days** of the Effective Date, as defined below, Plaintiffs shall provide a copy of the fully-executed Consent Decree to the Regional Water Board.

## V.     MISCELLANEOUS PROVISIONS.

**1**.     **No Admission Of Liability.**  The Parties enter into this Consent Decree for the purpose of avoiding continued litigation of the Actions. Nothing in this Consent Decree shall be construed as, and Defendants expressly do not intend to state or imply an admission as to any fact, finding, conclusion, issue of law, or violation of law, nor shall compliance with this Consent Decree constitute or be construed as an admission by Defendants of any fact, finding, conclusion, issue of law, or violation of law. This provision shall not diminish or otherwise affect the obligations, responsibilities, and duties of the Parties under this Consent Decree.

**2**.     **Effective Date.** The effective date ("Effective Date") of this Consent Decree shall be the date of the Court's entry of this Consent Decree.

**3**.     **Termination Date.** Unless one or both Plaintiffs invoke Dispute Resolution in accordance with Paragraph IV.3, this Consent Decree shall terminate ("Termination Date") ninety (90) days after Defendants' submission of a certification to Plaintiffs that they have completed the repairs and improvements to MCSP identified in Paragraphs I.2 though I.3 of this Consent Decree.  If one of

the Parties has invoked Dispute Resolution in accordance with Paragraph IV.3, above, and such Dispute Resolution has not yet concluded when the Consent Decree would otherwise terminate, then the Consent Decree shall not terminate until one of the following occurs: i) written notice is provided by the Party that invoked Dispute Resolution that the dispute has been fully resolved, which shall be issued promptly by such Party upon the resolution of the dispute; or ii) an order of the Court resolving the dispute is entered.

4.     **Counterparts.** This Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Consent Decree shall be valid as an original. Signatures of the Parties transmitted by email shall be deemed binding.

5.     **Severability.**  In the event that any one of the provisions of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

6.     **Construction.**  The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning. This Consent Decree shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Party on the ground that any such Party drafted it. Any terms not defined by the Consent Decree shall have any relevant meaning set forth in the Small MS4 Permit, the Clean Water Act, or the California Water Code and associated regulations.

7.     **Choice Of Law.**  This Consent Decree shall be construed pursuant to the law of the United Sates, without regard to choice of law principles.

8.     **Authorization.**  The undersigned are authorized to execute this Consent Decree on behalf of their respective Party and the Parties have read, understood, and agreed to be bound by all of the terms and conditions of this Consent Decree.

9.     **Integration.**  All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are

contained herein. This Consent Decree and its attachments are made for the sole benefit of the Parties, and no other person or entity shall have any rights or remedies under or by reason of this Consent Decree, unless otherwise expressly provided for therein.

      **10.**    **Notices.**  Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Plaintiffs pursuant to this Consent Decree shall be sent by electronic mail transmission to the email addresses listed below:

///

///

///

      Chris Shutes, Executive Director: blancapaloma@msn.com

          With copies sent to:

      Andrew L. Packard, Law Offices of Andrew L. Packard: andrew@packardlawoffices.com

      William N. Carlon, Law Offices of Andrew L. Packard: wncarlon@packardlawoffices.com

      Greg Gillot, County Counsel: ggillott@amadorgov.org

          With copies sent to:

      Shawn Hagerty, Best Best & Krieger LLP: shawn.hagerty@bbklaw.com

      Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Defendants pursuant to this Consent Decree shall be sent by electronic mail transmission to the email addresses listed below:

      Eric Papathakis, CDCR: Eric.Papathakis@cdcr.ca.gov

          With copies sent to:

      Jennifer Hartman King, Hartman King PC: JHartmanKing@HartmanKingLaw.com

      Alanna Lungren, Hartman King PC: ALungren@HartmanKingLaw.com

      Each Party shall promptly notify the other of any change in the above-listed contact information.

**11.    Signatures Of The Parties.** Signatures of the Parties transmitted by facsimile or email shall be deemed binding.

**12.    Disapproval By The Court or DOJ.** If for any reason the Court, or DOJ during the Agency Review Period, should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within **thirty (30) calendar days** so that it is acceptable to the Court and/or DOJ. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner, this Consent Decree shall become null and void.

**13.    Modification.** This Consent Decree may be amended or modified only by a writing signed by the Parties or their authorized representatives or by the Court.

The Parties hereto enter into this Consent Decree and respectfully submit it to the Court for its entry.

Dated: May 22, 2023          PLAINTIFF CALIFORNIA SPORTFISHING
                             PROTECTION ALLIANCE

                             By:    /s/ Chris Shutes_____
                                    Chris Shutes, Executive Director

Dated: May 19, 2023          PLAINTIFF COUNTY OF AMADOR

                             By:    /s/ Jeffrey L. Brown_____
                             Name:__Jeffrey L. Brown_____
                             Title:   Amador County Supervisor, District III_____

Dated: May 18, 2023          DEFENDANT SECRETARY JEFFREY MACOMBER

                             By:    /s/ Jeffrey Macomber_____
                                    Jeffrey Macomber, in his official capacity as Secretary of
                                    the California Department of Corrections and
                                    Rehabilitation

Dated: May 18, 2023          DEFENDANT WARDEN PATRICK COVELLO

20

By:     /s/ Patrick Covello_____
        Warden Patrick Covello, in his official capacity as
        Warden of California Department of Corrections and
        Rehabilitation, Mule Creek State Prison

APPROVED AS TO FORM:

Dated:  May 22, 2023          LAW OFFICES OF ANDREW L. PACKARD


                     By:     /s/ Andrew L. Packard_____
                             Andrew L. Packard
                             Attorney for Plaintiff
                             CALIFORNIA SPORTFISHING PROTECTION
                             ALLIANCE


Dated:  May 19, 2023          BEST BEST & KRIEGER


                     By:     /s/ Chrisopher Pisano_____
                             Christopher Pisano
                             Attorney for Plaintiff
                             COUNTY OF AMADOR

Dated:  May 18, 2023          HARTMAN KING PC


                     By:     /s/ Jennifer Hartman King_____
                             Jennifer Hartman King
                             Attorney for Defendants
                             JEFFREY MACOMBER, in his official capacity as
                             Secretary of the California Department of Corrections
                             and Rehabilitation; PATRICK COVELLO, in his
                             official capacity as Warden of California Department
                             of Corrections and Rehabilitation Mule Creek State
                             Prison

Good cause appearing, **IT IS SO ORDERED.**

Dated:  August 1, 2023

                             WILLIAM B. SHUBB
                             UNITED STATES DISTRICT JUDGE

                                    21

1

2

3

4

**EXHIBIT A – MCSP Site Maps**

**EXHIBIT B – AMADOR Notice Letter**

**EXHIBIT C – AMADOR Supplemental Notice Letter**

**EXHIBIT D – CSPA Notice Letter**

**EXHIBIT E – Report (Appendix 23)**

**EXHIBIT F – November 29, 2021 Section 13383 Order**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A – MCSP Site Maps**

CONSENT DECREE                                    Consolidated Cases:
                                          No. 2:20-CV-02482-WBS-AC
                                          and No. 2:21-CV-00038-WBS-AC

**EXHIBIT B – AMADOR Notice Letter**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT C – AMADOR Supplemental Notice Letter**

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                   **EXHIBIT D – CSPA Notice Letter**
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT E – Report (Appendix 23)**

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT F –  November 29, 2021 Section 13383 Order**

26
27
28